UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 2023-cv-22276-BB

PATRICK MULLER, an individual, and MOUNA BOUZID, an individual,

       Plaintiffs,

vs.

ITEB ZAIBET a/k/a "Swagg Man", an individual, LOLITA C. REBULARD, an individual, LUXURY PROPERTIES INC., a Delaware corporation, BEACH PROPERTIES RENTAL, INC., a Delaware corporation, LUXURY PROPERTIES TRUST u/a/d March 2, 2018, AAA PLUS FINANCIAL GROUP INC., a Florida corporation, YVETTE TENORD, an individual, JOHNNY PREVILUS, an individual, RES INVESTMENT INTER, INC., a Florida corporation, INFINITE RES INVESTMENT, LLC, a Nevada limited liability company, NEW MIAMI REALTY, CORP., a Florida corporation, and GUZMAN305 TRUST, a Florida trust,

       Defendants.


_____/

## MOTION TO DISSOLVE LIS PENDENS

Defendant, LUXURY PROPERTIES TRUST dated March 2, 2018 ("Luxury Trust"), by and through undersigned counsel, and pursuant to Fla. Stat. §48.23(3), hereby moves to dissolve two of the lis pendens (DE13 and DE14) filed in this action, and states:

### PROCEDURAL HISTORY

On February 15, 2022, Plaintiffs brought suit against some of the Defendants in Broward County Circuit Court, alleging the same fraud based upon the same facts and circumstances and seeking recovery of the same funds as this case herein (Broward Case No. 2022-CACE-002421)

(the "Broward Case"). Then, on June 27, 2022 while the Broward Case was still pending, Plaintiffs brought suit against some of the Defendants in Miami-Dade Circuit Court, alleging the same fraud based upon the same facts and circumstances and seeking recovery of the same funds as this case herein (Miami-Dade Case No. 2022-011832-CA-01) (the "Miami-Dade Case"). In the Broward Case, prior to service of process upon any party, the Plaintiffs improperly caused that court to enter an *ex parte* Temporary Restraining Order against the defendants therein and Wells Fargo. Plaintiffs also improperly issued a Third-Party Subpoena to Wells Fargo without notice to any party in that action or opportunity to object. Pursuant to that *ex parte* Temporary Restraining Order and the Third-Party Subpoena in the Broward Case, the Plaintiffs improperly obtained the "evidence" which they now attach as Exhibit 3 to their Verified Complaint in this action. The Plaintiffs have voluntarily dismissed the Broward Case as to all parties, but the Miami-Dade Case remains pending.

Defendant Luxury Trust is the sole owner of 888 Biscayne Blvd., Apt. 2501, Miami, FL 33132 ("Apt. 2501") and 1100 Biscayne Blvd., Unit 4401, Miami, FL 33132 ("Unit 4401"). Defendant Luxury Trust was previously the sole owner of 888 Biscayne Blvd., Apt. 4601, Miami, FL 33132 ("Apt. 4601"). In the Miami-Dade Case, Plaintiffs filed Notices of Lis Pendens against all three of the foregoing properties. Defendant Luxury Trust became aware of the Miami-Dade Case when its sale of Apt. 4601 was interrupted by the lis pendens. In that case, Luxury Trust filed an Emergency Motion to Dissolve the Notices of Lis Pendens, on the basis that Plaintiff's claim for equitable lien was not founded on a duly recorded instrument, that there was no nexus between Plaintiff's allegations and subject properties, and that a sale was pending. Following an emergency hearing, the court in the Miami-Dade Case granted Luxury Trust's Motion to Dissolve on August 17, 2022 only as to Apt. 4601 thereby allowing the sale of Apt. 4601 to go forward. A copy of that

2

REINER & REINER, P.A.
ONE DATRAN CENTER ♦ 9100 SOUTH DADELAND BLVD ♦ SUITE 901 ♦ MIAMI ♦ FLORIDA ♦ 33156 ♦ TEL: 305 670-8282 ♦ FAX: 305 670-8989

August 17, 2022 Order is attached hereto as Exhibit "A." On November 2, 2022, following a continued hearing on Luxury Trust's Motion to Dissolve, the court in the Miami-Dade Case dissolved the remaining two lis pendens against Apt. 2501 and Unit 4401 finding, *inter alia*, that Plaintiff's claim was for money damages and that there was no "nexus to the properties sufficient to otherwise maintain the lis pendens." A copy of that November 2, 2022 Order is attached hereto as Exhibit "B." ***The very next day, on November 3, 2022, Plaintiffs re-filed all three Notices of Lis Pendens in the Miami-Dade Case without any additional basis whatsoever and in violation of that court's Order.*** Defendant Luxury Trust has again moved to dissolve Plaintiffs' newly-filed Notices of Lis Pendens in the Miami-Dade Case, and that hearing is currently scheduled for August 11, 2023.

Plaintiffs have now filed this ***third*** lawsuit, alleging the same fraud based upon the same facts and circumstances and seeking recovery of the same funds as in the still-pending Miami-Dade Case. As discussed below, the Notices of Lis Pendens filed against Apt. 2501 and Unit 4401[1] must be dissolved.

### MEMORANDUM

**A.   THIS COURT SHOULD DISSOLVE THE LIS PENDENS BECAUSE IT IS NOT BASED ON A DULY RECORDED INSTRUMENT OR CONSTRUCTION LIEN AND THERE IS NOT A SUFFICIENT NEXUS BETWEEN THE SUBJECT PROPERTY AND THE DISPUTE EMBODIED IN THE LAWSUIT**

In Florida, the creation and maintenance of a lis pendens in either a state or federal law suit

---

[1] Plaintiffs are fully aware that Apt. 4601 is no longer owned by Defendant Luxury Trust or *any* of the named Defendants in this action (*Verified Complaint*, ¶38), but have nevertheless filed (recorded) that Notice of Lis Pendens in bad faith. The lis pendens regarding Apt. 4601 also suffers from the same deficiencies as the others discussed herein but, as Defendant Luxury Trust no longer owns that property, it has no standing to move to dissolve the lis pendens as to Apt. 4601 (DE 15). However, Luxury Trust maintains that DE 15 is also improper and its inclusion exemplifies the pattern of frivolous litigation tactics.

3

REINER & REINER, P.A.
ONE DATRAN CENTER ⬧ 9100 SOUTH DADELAND BLVD ⬧ SUITE 901 ⬧ MIAMI ⬧ FLORIDA ⬧ 33156 ⬧ TEL: 305 670-8282 ⬧ FAX: 305 670-8989

is governed by Section 48.23(3), Florida Statutes, which requires that a lis pendens be based on a duly recorded instrument or construction lien. Specifically, Section 48.23(3), Fla. Stat. provides that:

> When the pending pleading does not show that the action is founded [1] on a duly recorded instrument or [2] on a lien claimed under part I of chapter 713 or [3] when the action no longer affects the subject property, the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions.

Under Florida law, "the proponent of a notice of lis pendens has the burden of proof to show a fair nexus between the property and the dispute." *Bedasee v. Franklin*, 2017 WL 519095 (M.D. Fla. February 8, 2017) (citing *Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc.*, 675 So.2d 915, 917 (Fla. 1996)). "The proponent must show that the lawsuit specifically and directly affects the subject property. In doing so, the proponent must show ***a good faith, viable claim***." *Axos Clearing, LLC v. Reynolds*, 2019 WL 2082551 (S.D. Fla. May 9, 2019) (emphasis added); *Blue Star Palms, LLC v. LED Trust, LLC*, 128 So.3d 36 (Fla. 3d DCA 2012) (stating "[a] 'fair nexus' requires a 'good faith, viable claim.'").

"A lis pendens is not an appropriate instrument for use in promoting recoveries in actions for money judgments." *Salas v. Wellington Equin Associates*, 2015 WL 410526 (S.D. Fla. 2015). "An action for money only, ***even if it relates to specific real property***, will not support a lis pendens." *In re Cameron*, 359 B.R. 823 (M.D. Fla. 2006) (emphasis added); see also *DeGuzman v. Balsini*, 930 So.2d 752, 755 (Fla. 5th DCA 2006) ("When the primary purpose of a lawsuit is to recover money damages and the action does not directly affect the ***title to or the right of possession*** of real property, the filing of a notice of lis pendens is ***not authorized***.") (emphasis added). Further, "a lien which may result after a judgment provides no basis for the filing of a lis pendens notice." *DeGuzman*, 930 So.2d at 755; see also *In re Cameron*, 359 B.R. 823 (M.D. Fla. 2006) (referring to a prejudgment notice of lis pendens as "the extraordinary imposition of a prejudgment

4

remedy").²

### B. IF THE LIS PENDENS IS NOT DISSOLVED, PLAINTIFFS SHOULD BE REQUIRED TO POST A SUBSTANTIAL BOND

In the event that this Court does not order the Lis Pendens be dissolved, Luxury Trust would request that this Court require Plaintiffs to post a bond in order to maintain the Lis Pendens. The reason for requiring a bond is simple:

> [T]he protection which a notice of lis pendens affords is counterbalanced by the constraining effects the notice has on the property-holder defendant. The notice will often prevent the property holder from selling or mortgaging the property.... Since the wrongful filing of a notice of lis pendens can be damaging, courts have interpreted the statutory reference to injunctions in section 48.23(3), Florida Statutes, to mean that a bond may be required.

*Medical Facilities Dev., Inc. v. Little Arch Creek Props., Inc.*, 675 So. 2d 915, 917 (Fla. 1996).

*Medical Facilities* sets forth the standard for imposing a bond:

> [W]e hold that the trial judge has broad discretion to require the proponent of a notice of lis pendens to post a bond when the notice is not based on a duly recorded instrument or construction lien in cases in which the property-holder defendant can show damage or injury will likely be suffered by that defendant in the event the notice was unjustified.

*Id.* at 918. In addition to *Medical Facilities*, courts in numerous other cases have required parties to post bonds in order to maintain a lis pendens. *E.g., Acapulco Constr., Inc. v. Redavo Estates, Inc.*, 645 So. 2d 1 82 (Fla. 3d DCA 1994) (remanding the cause to the trial court with directions to reinstate the plaintiffs' lis pendens on the property subject to the posting of a reasonable bond); *Florida Communities Hutchinson Island v. Arabia*, 452 So. 2d 1131, 1132 (Fla. 4th DCA 1984) ("irreparable harm would result if the respondents were allowed to maintain the lis pendens without

---

² Plaintiffs are attempting to essentially establish a garnishment – *prejudgment.* A prejudgment writ of garnishment is authorized by Florida Statutes §77.031. The Statute sets forth a procedure which includes a bond for at least twice the amount of the property garnished.

5

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

posting a bond because the petitioners may be unable to sell the property after final judgment enters."). Here, Luxury Trust is likely to suffer damages if the Lis Pendens remains on the Property because it effectively prevents a sale, refinancing or the application of any permits.

The Florida Supreme Court in *Medical Facilities Development, Inc. v. Little Arch Creek Properties, Inc.*, stated, "[t]he amount of a lis pendens bond in these circumstances is likewise within the discretion of the trial court." *Id.* at 918 n.2. "The amount should bear a reasonable relationship to the amount of damages which the property-holder defendant demonstrates will likely result if it is later determined that the notice of lis pendens was unjustified." *Id.* The Florida Supreme Court has also held "a trial court may include attorney's fees that may foreseeably be incurred in obtaining a discharge of a lis pendens in a lis pendens bond." *S & T Builders v. Globe Props., Inc.*, 944 So. 2d 302, 305 n.3 (Fla. 2006) (where lis pendens not founded on duly recorded instrument or lien claimed under part I of chapter 713, Florida Statutes, trial court authorized to include attorney's fees that foreseeably may be incurred in discharging lis pendens in lis pendens bond). See also *Haisfield v. ACP Florida Holdings, Inc.*, 629 So.2d 963 (Fla. 4th DCA 1993) (discussing computation of consequential damages due to a wrongful lis pendens, and affirming award of "attorney's fees incurred in removing the lis pendens and clearing title, which is a recoverable element of damages.")

## **ARGUMENT**

Plaintiffs' Notices of Lis Pendens against Apt. 2501 and Unit 4401 should be dissolved because (1) the primary purpose of this suit is to recover money damages and the allegations of the Verified Complaint do not establish a fair nexus with the properties sufficient to maintain a lis pendens over them, and (2) Apt. 2501, in particular, was purchased pursuant to a Deed dated March 27, 2018, over two years before the allegations of the Verified Complaint.

6

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

### C.  AN ACTION FOR MONEY DAMAGES DOES NOT SUPPORT A LIS PENDENS

Plaintiffs' Verified Complaint alleges that Plaintiffs invested approximately 1.6 million euros in a fraudulent investment scheme. Plaintiffs allege that another Defendant used some of those funds to make payments on behalf of Defendant Luxury Trust's acquisition of Apt. 4601 and Unit 4401, and to make tax payments on Apt. 2501 which Defendant Luxury Trust has owned for years prior to the alleged fraud. However, there is no evidence of these allegations in the exhibits attached to the Verified Complaint, and Plaintiffs have no personal knowledge of any actions allegedly taken by Defendant Luxury Trust.

The Verified Complaint brings fourteen (14) claims against various combinations of the Defendants. Thirteen (13) of those claims request money damages and one (1) claim, Count XII, requests the imposition of an equitable lien on several real properties and a vehicle. Plaintiffs are clearly seeking money damages in this case, and are attempting to lien Luxury Trusts' real properties in an attempt to promote the recovery of their supposed investment. As cited more fully above, this is improper. *Salas v. Wellington Equin Associates*, 2015 WL 410526 (S.D. Fla. 2015) ("A lis pendens is not an appropriate instrument for use in promoting recoveries in actions for money judgments."); *In re Cameron*, 359 B.R. 823 (M.D. Fla. 2006) ("An action for money only, even if it relates to specific real property, will not support a lis pendens.").

Based upon Plaintiffs' other claims, they have adequate remedies at law and therefore, in any event, imposing even an equitable lien would not be warranted. *In re Collman & Karsky Architects, Inc.*, 460 B.R. 810 (M.D. Fla. 2011) ("Equitable liens are available to remedy those situations where there are no lien rights *or other adequate remedy at law*."). There are no allegations of veil piercing or fraudulent transfer as to Luxury Trust, and Plaintiffs have no claim to the <u>title or possession</u> of Luxury Trusts' real property.

### D. LUXURY TRUST HAS OWNED APT 2501 FOR YEARS PRIOR TO THE ALLEGED FRAUD

Luxury Trust purchased Apt. 2501 pursuant to a Deed dated March 27, 2018. A copy of that Deed is attached hereto as Exhibit "C." Two years later, Plaintiffs were allegedly approached for the investment in April 2020. Therefore, the purchase of Apt. 2501 is wholly unrelated to Plaintiffs' claim. Plaintiffs have no interest in Apt. 2501 and their continued[3] filing of Notices of Lis Pendens is bad faith – even slanderous.

Regarding Apt. 2501, Plaintiffs' Verified Complaint alleges that in November 2021 an "unknown sum of money" was allegedly used "to pay the 2021 Miami-Dade County Real Estate Taxes and maintenance costs" for Apt. 2501. *Verified Complaint*, ¶34. However, even though Plaintiffs' acquired twelve months of Wells Fargo bank statements (*by dubious means as stated above*) including for the month of November 2021, Plaintiffs' did not attach the bank statement for that month to the Verified Complaint. Plaintiffs are aware that their lien claim to Apt. 2501, in particular, is absolutely fraudulent. *Verified Complaint*, ¶34.

### E. ALTERNATIVELY, THE COURT SHOULD ORDER THAT PLAINTIFFS POST A BOND

Luxury Trust respectfully requests that the Court order Plaintiffs to post a bond, after hearing evidence regarding an appropriate bond amount. Fla. Stat. §48.23(3) ("…the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions."). The Florida Supreme Court has "…interpreted the statutory reference to injunctions in section 48.23(3) of the Florida Statutes to authorize a trial court to require the posting of a bond because a notice of lis pendens 'will often prevent the property holder from selling or mortgaging the property.'" *S and T Builders v. Globe Properties, Inc.*, 944 So.2d 302 (Fla. 2006). In the present

---

[3] This is the ***third*** such filing based upon the same allegations and the same insufficient evidence.

8

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

case, a reasonable bond should include two times the assessed value of the Luxury Trust's properties: $640,000 (Unit 4401) and $713,200 (Unit 2501),[4] or **$2,706,400**, and include damages and reasonable attorneys' fees.

If this Motion is granted, Luxury Trust respectfully requests that, given Plaintiffs' history of simply refiling lis pendens after they have been properly dissolved, the Court order that any further lis pendens filed in this action against Apt. 2501 and Unit 4401 shall require Plaintiffs to post a bond. If this Motion is denied, Luxury Trust respectfully requests that the Court order a bond posted regarding the currently-filed lis pendens against Apt. 2501 and Unit 4401.

**RULE 7.1 CERTIFICATION:** Undersigned counsel consulted with counsel for the Plaintiffs on June 29, 2023 is authorized to represent that plaintiffs **OPPOSE** the relief sought in this Motion.

**WHEREFORE**, Defendant, LUXURY PROPERTIES TRUST dated March 2, 2018, respectfully requests that the Court grant this Motion, order that the Notices of Lis Pendens against Apt. 2501 and Unit 4401 be dissolved, and otherwise order the posting of a bond as requested above, together with any statutory attorney fees and costs and all further relief the Court deems just and proper.

                Respectfully submitted,

                */s/ David P. Reiner, II*
                **DAVID P. REINER, II**; FBN 416400
                **REINER & REINER, P.A.**
                *Counsel for LUXURY PROPERTIES TRUST*
                    *dated March 2, 2018*
                9100 So. Dadeland Boulevard, Suite 901
                Miami, Florida  33156-7815
                Tel: (305) 670-8282; Fax: (305) 670-8989
                *dpr@reinerslaw.com; eservice@reinerslaw.com*

---

[4] Zillow "Zestimates."; https://www.zillow.com

9

REINER & REINER, P.A.
ONE DATRAN CENTER ⬧ 9100 SOUTH DADELAND BLVD ⬧ SUITE 901 ⬧ MIAMI ⬧ FLORIDA ⬧ 33156 ⬧ TEL: 305 670-8282 ⬧ FAX: 305 670-8989

**CERTIFICATE OF SERVICE**

*I HEREBY CERTIFY* that on ***June 30, 2023***, *I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.*

**DAVID P. REINER, II**; FBN 416400