IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2022-011832-CA-01
SECTION: CA08
JUDGE: Lourdes Simon

**Muller, Patrick**

Plaintiff(s)

vs.

**Zaibet, Iteb**

Defendant(s)

_____/

## ORDER DISSOLVING LIS PENDENS

This matter having come before the Court for continued hearing on November 1, 2022, *via zoom*, upon Luxury Properties Trust's ("Trust") Emergency Motion to Dissolve Fraudulent Notices of Lis Pendens ("Motion"), and the Court, having heard argument of counsel for the Defendant, Luxury Properties Trust (*Plaintiffs' counsel failing to appear*), having reviewed the Motion, the Amended Complaint and the record, the Court hereby, ORDERS AND ADJUDGES:

On August 17, 2022, this Court held an emergency hearing on Luxury Properties Trust's Emergency Motion to Dissolve Fraudulent Notices of Lis Pendens seeking to dissolve three lis pendens on properties owned by the Trust. The Court, upon a review of the record, finding that there were no written instruments to support the filing of a lis pendens and the Complaint and attachments thereto failed to establish a nexus to the property sufficient to otherwise maintain a lis pendens, entered an order dissolving the lis pendens as to one of the three properties - 888 Biscayne Blvd., Apt. 4601, Miami, FL 33132 (Folio #01-3231-068-0340) (citing *Bluestar Palms v LED Trust*, 128 So3d 36, (Fla 3d DCA 2012) - and reserved as to the other two properties after further hearing. The Court granted Plaintiff's *Ore Tenus* motion for leave to amend complaint, which they did on August 29, 2022.

Reviewing the Amended Verified Complaint, which is not in fact verified, the Court notes that the same deficiencies which did not support the maintaining of lis pendens under the original complaint, still exist.

> (3) When the pending pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part I of chapter 713 or when the action no longer affects the subject property, the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions.
>
> Section 48.23(3), Fla. Stat.

The allegations, claims and attachments in the Amended Verified Complaint do not indicate that the remaining lis pendens are founded on written instruments nor do the allegations and relief establish a nexus to the properties sufficient to otherwise maintain the lis pendens - **all counts still request only damages or monetary relief**.  See, *Lake Placid Holding Co. v. Paparone,* 414 So.2d 564, 566 (Fla. 2d DCA 1982). "A cause of action for equitable relief such as a lis pendens does not arise simply because a promise to pay is subsequently broken." *Id.* "When the primary purpose of a lawsuit is to recover money damages and the action does not directly affect ***the title to or the right of possession of*** real property, the filing of a notice of lis pendens is not authorized." *DeGuzman v. Balsini*, 930 So.2d 752, 755 (Fla. 5th DCA 2006)(emphasis added).

In addition, the Amended Complaint alleges that the Plaintiffs began transferring money to the individual Defendants (not the Trust) in May 2020 (See ¶15) yet Exhibit "2" to the Amended Complaint – the deed to one of the properties owned by the Trust – shows it was purchased *by the Trust* nearly two (2) years before Plaintiffs and the individual Defendants allegedly met. And finally, the lis pendens themselves incorrectly state that the lawsuit seeks to "set aside deed transferring real property by fraud…" when the Amended Complaint seeks no such relief.

For these reasons the Court, with respect to the lis pendens filed on June 29, 2022 which was recorded at Book 33265, Page 3523, relating to the real property located at 888 Biscayne

Blvd., Apt. 2501, Miami, Florida 33132 (Folio #01-3231-068-0130) and the lis pendens filed on July 7, 2022 which was recorded at Book 33274, Page 4851, relating to the real property located at 1100 Biscayne Blvd., Unit 4401, Miami, Florida 33132 (Folio #01-3231-070-0310), these two lis pendens are hereby DISSOLVED.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 2nd day of November, 2022.

2022-011832-CA-01 11-02-2022 9:01 AM
Hon. Lourdes Simon

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
David H Haft, service@dhaftlaw.com
David H Haft, david@dhaftlaw.com
David H Haft, marci@dhaftlaw.com
David P Reiner II, eservice@reinerslaw.com
David P Reiner II, efile@reinerslaw.com
Renee M Smith, rms@reneemsmithesq.com
Renee M Smith, barbi@reneemsmithesq.com
Renee M Smith, thomas@reneemsmithesq.com

**Physically Served:**