UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

PATRICK MULLER, an individual, and MOUNA BOUZID, an individual,

    *Plaintiffs,*

v.

ITEB ZAIBET a/k/a "Swagg Man", an individual, LOLITA C. REBULARD, an individual, LUXURY PROPERTIES INC., a Delaware corporation, BEACH PROPERTIES RENTAL, INC., a Delaware corporation, LUXURY PROPERTIES TRUST u/a/d March 2, 2018, AAA PLUS FINANCIAL GROUP INC., a Florida corporation, YVETTE TENORD, an individual, JOHNNY PREVILUS, an individual, RES INVESTMENT INTER, INC., a Florida corporation, INFINITE RES INVESTMENT, LLC, a Nevada limited liability company, NEW MIAMI REALTY, CORP., a Florida corporation, and GUZMAN305 TRUST, a Florida trust,

    *Defendants.*

_____/

CASE NO.: 23-cv-22276-BB

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION
TO DISSOLVE LIS PENDENS**

Plaintiffs, Patrick Muller ("Muller") and Mouna Bouzid ("Bouzid") (collectively, the "Plaintiffs"), by and through the undersigned counsel, hereby file this Response in Opposition (the

"Response") to the Motion to Dissolve Lis Pendens (the "Motion") [D.E. 21][1] filed by Defendant Luxury Properties Trust u/a/d March 2, 2018 (the "Trust" or "Defendant")[2], stating as follows:

## INTRODUCTION

This is an action that stems out of a massive international investment and real estate fraud led by Defendant Iteb Zaibet ("Zaibet"), whom, with the assistance of his co-conspirators, and through a network of shell-companies, including the Trust, misappropriated millions of dollars solicited from foreign investors, such as Plaintiffs here, intended for investment into a fund purportedly run by Zaibet in the United States for investment in various real estate projects throughout the South Florida area. However, contrary to the representations and assurances made by Zaibet and his cohorts,[3] there never was any fund run by Zaibet, nor was Plaintiffs' money ever

---

[1] The Motion seeks, in part, to dissolve the Lis Pendens filed by Plaintiffs against the real property located at 888 Biscayne Boulevard, Unit 2501, Miami, FL 33132 (the "2501 Property") [D.E. 13] and 1100 Biscayne Boulevard, Unit 4401, Miami, FL 33132 (the "4401 Property") [D.E. 14], respectively, purportedly owned by the Trust.

[2] The Trust directly is a named party defendant and indispensable party to the underlying litigation only by virtue of the fact that it is the current record title holder of both the 2501 Property and 4401 Property, according to the official records of Miami-Dade County, Florida. Notwithstanding, Plaintiffs do not otherwise believe that the Trust is an independent and distinct legal entity that has standing herein to challenge Plaintiffs' Lis Pendens in the absence of its trustee. *See Demircan v. Mikhaylov*, No. 3D18-1684, 306 So. 3d 142, 2020 Fla. App. LEXIS 6856, 2020 WL 2550067, at *4 (Fla. 3rd DCA May 20, 2020) (stating that The Florida Trust Code was first enacted in 2007 and applies to "all judicial proceedings concerning trusts commenced on or after July 1, 2007"); *see also* Fla. Stat. § 736.0102 (stating that "[t]his chapter may be cited as 'The Florida Trust Code'"); *SEC v. Mut. Benefits Corp.*, No. 04-60573-CIV-MORE, 2020 U.S. Dist. LEXIS 210024, at *7 n.4 (S.D. Fla. Nov. 10, 2020); *see also Alliant Tax Credit 31 v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019) ("that under Florida law, a trust was not a 'distinct juridical entit[y]' and thus was 'incapable of being hauled into court except through [its] trustee[ ]'"); *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 730-311 (2d Cir. 2017) (applying Florida law, trustee is legal entity who may initiate claims on behalf of trust and may be sued when action is brought against the trust); *First Union Nat'l Bank v. Jones*, 768 So. 2d 1213, 1215 (Fla. 5th DCA 2000). As such, Plaintiffs reserve the right to supplement their Response to further address the Trust's standing with respect to the filing of the instant Motion or the relief sought therein, as may be deemed appropriate by this Court.

[3] As more fully detailed in the Complaint [D.E. 1], Plaintiffs were pitched by the Defendants to participate in the first acquisition made by Zaibet's U.S. fund of the luxury real estate property

used for its promised or intended purposes. Rather, once Plaintiffs were "on-the-line" and began transferring money at the direction of Zaibet, almost immediately upon receipt, Plaintiffs' monies were quickly diverted by the Defendants for their personal own use and benefit including, but not limited to, the purchase of real estate unrelated to the First Property or otherwise known to the Plaintiffs including the acquisition of the 4401 Property in the name of the Trust,[4] and payment of outstanding property taxes, maintenance costs and other assessments associated with the 2501 Property, a property already owned by the Trust, and that was actively being rented and generating revenues for the benefit of the Trust.[5] Thus, because Plaintiffs have sufficiently pled allegations in the Complaint that support its claims and entitlement to a constructive trust and imposition of an equitable lien against, without limitation, the 2501 Property and 4401 Property, and established a fair nexus between its claims and the apparent legal or equitable ownership of such properties and the dispute embodied in the instant lawsuit against Defendants, Plaintiffs have met their burden for supporting and maintaining their notices of Lis Pendens against both the 2501 Property and 4401 Property. As such, the Motion fails and must be denied as a matter of law.

## ARGUMENT

    **A.**    **Legal Authority.**

---

located at 5421 Bayview Drive, Fort Lauderdale 33308 (the "First Property"), a property later discovered to having been never actually for sale or otherwise available to Zaibet. *See* DE 1 at ¶¶ 23, 25, 27-29, 31-32.

[4] As further described by the Complaint, the Plaintiffs' monies were also used to acquire the real property located at 1100 Biscayne Blvd, Unit 4601, Miami, FL 33132 (the "4601 Property") in the name of the Trust, and which property was quickly sold by the Trust for a profit prior to the filing of the instant action by Plaintiffs. *See* DE 1 at ¶¶ 34, 38-39, Exs. 4-5 thereto.

[5] Plaintiffs' monies were also unlawfully diverted by Defendants to purchase high-end jewelry and luxury cars. *Id.* at ¶¶ 34, 44.

Florida law governs the discharge of a notice of lis pendens. *See* Fla. Stat. § 48.23; *see also Pierre v. Charles,* No. 14-61337-CIV, 2014 U.S. Dist. LEXIS 149257 (S.D. Fla. Oct. 20, 2014). § 48.23(3) provides, in pertinent part, that:

> When the pending pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part I of chapter 713 or when the action no longer affects the subject property, the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions.

However, a lis pendens **cannot** be dissolved if the proponent of the lis pendens "can establish a fair nexus between the apparent legal or equitable ownership of the subject property and the dispute embodied in the lawsuit." *Chiusolo v. Kennedy*, 614 So. 2d 491, 492 (Fla. 1993); *see also Martell v. Dubner*, 885 So. 2d 469, 471 (Fla. 4th DCA 2004); *HPC US Fund v. Wood,* No. 13-61825-CIV, 2014 U.S. Dist. LEXIS 196889 (S.D. Fla. June 6, 2014). A "fair nexus" requires a "good faith, viable claim." *See,* e.g., *Blue Star Palms, LLC v. LED Trust, LLC,* 128 So. 3d 36, 38 (Fla. 3d DCA 2012); *India America Trading Co., Inc. v. White,* 896 So. 2d 859, 860 (Fla. 3d DCA 2005). "A complaint which will not support a claim against the specific property at issue cannot provide a basis for tying it up by a filing of notice of lis pendens." *Lake Placid Holding Co. v. Paparone*, 414 So. 2d 564, 566 (Fla. 2d DCA 1982); *see also Ness Racquet Club, LLC v. Renzi Holdings, Inc.,* 959 So. 2d 758, 761 (Fla. 3d DCA 2007) ("It is well settled that in the absence of a duly recorded instrument, when there is no 'direct claim cognizable under the law against or upon the . . . property burdened by the lis pendens,' 'no lis pendens may be asserted under any conditions against the realty . . . .'") (internal citations omitted).

  **B. Plaintiffs have met their burden and established a fair nexus between the 2501 Property and 4401 Property and Plaintiffs' claims in the Complaint.**

Here, the Plaintiffs unequivocally allege in the Complaint that they were outright defrauded by the Defendants including, but not limited to, Zaibet, who made false statements of material fact

to Plaintiffs regarding the investment to be made in the First Property despite knowing that the First Property was not for sale. *See* D.E. 1 at ¶¶ 32-33, 44, 49, 53-54, 62, 64-66, 70-72, 76-77, 80-83, 86-88, 101-103, and 106-107. Plaintiffs further allege in the Complaint that not only were the statements of material fact made by Defendants regarding the investment and purchase of the First Property and the use of Plaintiffs' funds therein false, such false statements were intended by the Defendants to induce Plaintiffs into transferring their money, directly and indirectly, to Defendants for their own personal use and benefit to the detriment of the Plaintiffs including, but not limited to, payment of the property taxes and maintenance on the 2501 Property, and acquisition of the 4401 Property (in addition to the 4601 Property). *Id.* at ¶¶ 25, 27-28 29-30, 32-34, 43-45, 49, 59-62 64-67, 70-73, 76-78, 80-83, 86-88, 90-92, 101, and 106-107. As a result of the fraudulent conduct and other bad acts committed by the Defendants, Plaintiffs assert claims in the Complaint relating to the 2501 Property and 4401 Property for, *inter alia,* unjust enrichment (Count IV), fraudulent misrepresentation (Count V), negligent misrepresentation (Count VI), breach of fiduciary duty (Count VII), constructive trust (Count VIII), and imposition of equitable lien (Count XIII). Accordingly, because it is clear from the well pled and unambiguous allegations of the Complaint that Plaintiffs have met their burden to establish a fair nexus between their claims and the "apparent legal or equitable ownership" of both the 2501 Property and 4401 Property and the dispute embodied in the underlying lawsuit, denial of the instant Motion is required as a matter of law. *See Chiusolo,* 614 So. 2d at 492; *see also Blue Star Palms,* 128 So. 3d at 39.

Moreover, as a matter of equity, denial of the Motion is also required and the lis pendens on both the 2501 Property and 4401 Property undisturbed because "a court of equity will raise a constructive trust and compel restoration where one, through actual fraud, abuse of confidence reposed and accepted, or through other questionable means, such as those employed by Defendants

here, gains something for himself which in equity and good conscience he should not be permitted to hold." *Quinn v. Phipps*, 93 Fla. 805, 113 So. 419, 422 (Fla. 1927); *see also Saporta v. Saporta*, 766 So. 2d 379, 381-82 (Fla. 3d DCA 2000) (same).

**C.  The Trust has failed to meet its burden to require the posting of a bond by Plaintiffs.**

"[T]he decision of whether a lis-pendens bond should be posted rests within the discretion of the trial judge." *Med. Facilities Dev., Inc. v. Little Arch Creek Properties, Inc.*, 675 So. 2d 915, 917 (Fla. 1996).  To have a bond set, the bond proponent must show that damages may result from the lis pendens.  *Id.* at 917-18; *see also Gadhia v. Winter Park Hosp.,* No. 6:18-cv-2222-Orl-78LRH, 2020 U.S. Dist. LEXIS 255197 (M.D. Fla. Mar. 3, 2020) ("[A] property holder's right to a bond for a notice of lis pendens is conditioned upon her or his demonstration of a potential loss or damage she or he will likely incur if the notice of lis pendens is unjustified") (internal citations omitted).  Generally, this will require an evidentiary hearing where the bond's proponent may present evidence on the issue of damages.  *See Licea v. Anllo,* 691 So. 2d 29 (Fla. 3d DCA 1997); *see also Levin v. Lang*, 994 So. 2d 445, 446 (Fla. 3d DCA 2008) ("To have a bond set, the bond proponent must show that damages may result from the lis pendens").

Here, the Trust conclusory claims that it is "likely to suffer damages in the Lis Pendens remains on the [Properties] because it effectively prevents a sale, refinancing or the application of any permits."  *See* Motion at pg. 6.  However, notwithstanding the Trust's conclusory and speculative assertion, the Trust has failed to provide any evidence or argument that it has or is likely to suffer damages as a result of the lis pendens in this case.  Critically, the Trust has failed provide any evidence or argument that it has been unable to sell or mortgage either the 2501 Property or 4401 Property, that either the 2501 Property or 4401 Property has decreased in value, or the amount of additional interest and/or operating costs the Trust will incur in connection with

either of the subject properties as a result of the Lis Pendens thereon. As a result of such failures, the Trust has failed to establish its enlistment to a bond for either of the Lis Pendens on the 2501 Property or 4401 Property and, as such, the Motion must be denied. *See Levin,* 994 So. 2d at 446.

## CONCLUSION

For the foregoing reasons, this Court should deny Defendant Luxury Properties Trust u/a/d March 2, 2018's Motion to Dissolve Lis Pendens, in addition to Defendant's request for a bond.

WHEREFORE, Plaintiffs respectfully request the Court enter an Order (i) denying Defendant Luxury Properties Trust u/a/d March 2, 2018's Motion to Dissolve Lis Pendens; (ii) denying Defendant Luxury Properties Trust u/a/d March 2, 2018's request for a bond; and (iii) granting any other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Counsel for Plaintiffs*
110 Southeast Sixth Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: (954) 728-1280
Facsimile: (954) 678-4090
E-Service: ftlemaildesig@lewisbrisbois.com

By: */s/ David H. Haft*
David H. Haft
Florida Bar No. 68992
david.haft@lewisbrisbois.com
aviva.pasternak@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of July, 2023, a true and correct copy of the foregoing was filed via the CM/ECF system, which will serve a true and correct copy of the same to all attorneys of record.

*/s/David H. Haft*
David H. Haft