UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

CASE NO.: 1:23-CV-22276-BB

PATRICK MULLER, an individual, and
MOUNA BOUZID, an individual,

      Plaintiffs,

v.

ITEB ZAIBET a/k/a/ "Swagg Man", an individual,
LOLITA C. REBULARD, an individual, LUXURY
PROPERTIES INC., a Delaware corporation,
BEACH PROPERTIES RENTAL, INC., a
Delaware corporation, LUXURY PROPERTIES
TRUST u/a/d/ March 2, 2018, AAA PLUS
FINANCIAL GROUP INC., a Florida corporation,
YVETTE TENORD, an individual, JOHNNY
PREVILUS, an individual, RES INVESTMENT
INTER, INC., a Florida corporation, INFINITE
RES INVESTMENT, LLC, a Nevada limited
liability company, MIAMI REALTY, CORP., a
Florida corporation, and GUZMAN305 TRUST, a
Florida trust,

      Defendants.

_____/

**DEFENDANTS', JOHNNY PREVILUS AND YVETTE TENORD'S,
<u>MOTION TO DISMISS COMPLAINT</u>**

Defendants, Johnny Previlus ("Previlus") and Yvette Tenord ("Tenord"), pursuant to Fed. R. Civ. P. 12(b) and Local Rule 7.1, moves to dismiss Plaintiffs', Patrick Muller ("Muller") and Mouna Bouzid ("Bouzid") (hereinafter Muller and Bouzid are collectively referred to as "Plaintiffs"), Complaint and state as follows:

**I. INTRODUCTION**

Defendants Previlus and Tenord are legally married. Defendant Previlus is a licensed mortgage loan originator; Defendant Tenord is a licensed real estate agent. Defendants Previlus

1

and Tenord are sued by Plaintiffs as a result of their use of co-Defendant AAA's bank account in which money was transferred into and out of for the purposes of buying and selling real property in Florida. As alleged, this bank account was used both for AAA business and for the purpose of transferring funds for real estate transactions at the direction of Defendant Zaibet.

Plaintiffs' claims against Defendants Previlus and Tenord are for violations of Wire Fraud under 18 U.S.C. § 1343 ("Count 1"), Mail Fraud under 18 U.S.C. § 1341 ("Count 2"), and the Civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964 ("Count 3"), as well as a claim for unjust enrichment ("Count 4").

## II. STATEMENT OF FACTS

Plaintiffs allege, in summary, the following facts to support these claims against Defendants Previlus and Tenord:

Previlus and Tenord are citizens of the State of Florida and residents of Broward County. *See* D.E. 1, ¶ 13, 14. They are the sole members, owners, operators, and/or "alter egos" of Defendants AAA Plus Financial Group, Inc. ("AAA"), Res Investment Inter, Inc. ("Res Investment"), and Infinite Res Investment, LLC ("Infinite Res"). *See* D.E. 1, ¶ 12, 15, 16.

Plaintiffs entered into a business transaction with Defendant Iteb Zaibet ("Zaibet") to invest in South Florida real estate. *See* D.E. 1, ¶ 23. Plaintiffs intended to invest in a property located at 5421 Bayview Dr., Fort Lauderdale, FL 33308, and were instructed to wire €1,525,000.00 to Defendant Florida Luxury Realty Corp. ("Florida Luxury") as the seller of the property. *See* D.E. 1, ¶ 28. The wiring instructions were provided on Florida Luxury letterhead and directed Plaintiffs to wire the funds to a Wells Fargo bank account held by AAA. *Id.* AAA was merely acting as the escrow agent of these funds. *See* D.E. 1, ¶ 29. Between November 10, 2021, and January 7, 2022, Plaintiffs wired a total of €1,602,583.00 to AAA's Wells Fargo account. *See* D.E. 1, ¶ 30.

Plaintiffs allege AAA disbursed the funds to various entities to make payments for purchases of real estate other than the property described as 5421 Bayview Dr., Fort Lauderdale, FL 33308. *See* D.E. 1, ¶ 33, 34. One of these entities was Res Investment. *See* D.E. 1, ¶ 34. Between November 2021, and May 2022, AAA allegedly disbursed nearly $1,890,000.00 to Miami-Dade County, Windmill Title Real Estate, New Miami Realty Corp., Space Coast Credit Union, South Florida Title Union, and VA Leasing for the purchase of real property and other assets. *Id*. Several of these disbursements from AAA went toward the purchase of real property in Port St. Lucie, Florida on behalf of Res Investment. *Id*. Within six months of acquiring the Port St. Lucie property, Res Investment sold the Port St. Lucie property at a profit of $300,000.00. *See* D.E. 1, ¶ 35. "Upon information and belief," Plaintiffs allege that Tenord and Previlus formed Infinite Res to hold the proceeds of the sale of the Port St. Lucie property as a means to hinder or thwart their creditors. *See* D.E. 1, ¶ 36, 37.

### III.  LEGAL STANDARDS

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); Fed. R. Civ. P. 12(b)(6). The factual allegations must be enough to raise a right to relief above the speculative level. *Id*. at 555, 127 S.Ct. at 1965.

### IV.  ARGUMENT

The Complaint fails to allege even the most basic facts to show that Tenord or Previlus were affirmatively aware of, much less architects of or in any way participated in, culpable conduct related to Zaibet's real estate investment scheme as it related to Plaintiffs. Plaintiffs' Complaint merely describes a series of events where businesses operated by Tenord and Previlus were retained by Defendant Zaibet in the normal course of business to provide financial services, and

3

otherwise conducted unrelated transactions and disbursements perfectly appropriate for the normal course of the field of business in which they operated. Further casting doubt as to the relatedness of the identified transactions as being part of the "scheme" alleged on the part of Defendant Zaibet is the fact that the amount of the series of these transactions identified *does not even match* the amount claimed as being purloined from the Plaintiffs. In fact, the amount claimed as being disbursed and "hidden" from the Plaintiffs is well in excess of the amount they claim was stolen. Plaintiffs' theory of the situation, at best, only describes a situation in which Previlus and Tenord were "duped" by Defendant Zaibet just as much as the Plaintiffs themselves. Plaintiffs' Complaint is utterly lacking in factual support – running afoul off *Twombly* - and instead relies upon innuendo, suggestion, and impermissible stacking of inferences as it pertains to the claims against Previlus and Tenord.

RICO predicate acts sounding in fraud must be pled with the heightened level of specificity required by Federal Rule of Civil Procedure 9(b) for fraud claims generally. *Liquidation Comm'n of Banco Intercontinental v. Renta*, 530 F.3d 1339, 1355 (11th Cir. 2008) (finding that fraud-based predicate acts must be pleaded with specificity, but non-fraud predicate acts need only meet Rule 8 pleading standard).

Essentially, a plaintiff must allege: (1) the precise statements, documents, or misrepresentations made, (2) the time, place, and person responsible for the statement, (3) the content and manner in which these statements misled the plaintiffs, and (4) what the defendants gained by the alleged fraud. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997).

Plaintiffs cannot lump together all "defendants" in an allegation of fraud. *Brooks*, 116 F.3d at 1381 (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777–788 (7th Cir. 1994)). The complaint must reasonably notify each defendant of the specific nature of his or her alleged participation in the fraud. *Brooks*, 116 F.3d at 1381. In sum, the Plaintiff must set forth in the complaint as to each defendant the "who, what, when, where and how" about the fraud that took place. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006).

### A. Plaintiffs Fail to Allege with Any Particularity Acts of Wire Fraud Supposedly Committed by Defendants Previlus and Tenord (Count 1).

Wire Fraud occurs when a person (1) intentionally participates in a scheme to defraud another of money or property, and (2) uses the wires in furtherance of that scheme. *Am. Dental Ass'n*, 605 F.3d at 1290. If a plaintiff bases its RICO claim on a predicate act of Wire Fraud (18 U.S.C. § 1343), the plaintiff must plausibly and particularly allege facts showing related instances of wire fraud. *Id.* at 1291.

Plaintiffs make various vague overtures and suggestive implications regarding the business operations of the entities affiliated or operated by Previlus and Tenord involved in the alleged transactions that are the subject of this lawsuit. However, Plaintiffs' attempts to establish Previlus and Tenord's purported liability for Wire Fraud are predicated solely upon tenuous, blanket assertions, and recitations of the elements of Wire Fraud to prove their case. For example, Plaintiffs assert *generally* that Previlus and Tenord "knowingly devised and participated in a scheme to defraud Plaintiffs by making representations that they were making investments in real estate" *see* D.E. 1, ¶ 43; and that Previlus and Tenord "participating willingly in the scheme with the intent to defraud the Plaintiffs out of their money," *see* D.E. 1, ¶ 44.

However, Plaintiffs fail to assert what specific knowledge that Previlus and Tenord had with respect to a scheme to defraud, how they devised such a scheme, or what their particular

5

respective individual roles were in such a scheme. Further, while Plaintiffs make numerous factual allegations as to the alleged wrongful conduct of other defendants (specifically, Zaibet and Rebulard), Plaintiffs fail to articulate any such specific allegations of wrongdoing as against Previlus *or* Tenord. Plaintiffs do not allege, or identify, any specific representations made by Previlus and Tenord to the Plaintiffs that misled Plaintiffs to believe they were making investments in real estate. The only specific allegations in Count 1 with respect to Previlus and Tenord is that they owned and operated a bank account and that money was transferred into and out of that bank account. *See* D.E. 1, ¶ 44-45. Without more specific allegations of fraudulent intent or any indication that there was a "meeting of the minds" between Previlus and Tenord and the other Defendants, mere ownership of a bank account and acts taken to transfer funds out of a bank account are not unlawful or otherwise actionable.

Accordingly, Plaintiffs' Count 1 for Wire Fraud pursuant to 18 U.S.C. § 1343 must be dismissed for lack of particularity with respect to Defendants Previlus and Tenord.

### B. Plaintiffs Fail to Allege with Any Particularity any Acts Constituting Mail Fraud Supposedly Committed by Defendants Previlus and Tenord (Count 2).

Mail Fraud occurs when a person (1) intentionally participates in a scheme to defraud another of money or property, and (2) uses the mail system in furtherance of that scheme. *Am. Dental Ass'n.*, 605 F.3d at 1290. If a plaintiff bases its RICO claim on a predicate act of Mail Fraud (18 U.S.C. § 1341), the plaintiff must plausibly and particularly allege facts showing related instances of mail fraud. *Id.* at 1291.

Like Count 1, Plaintiffs make bare-bone allegations of Mail Fraud against Previlus and Tenord. Plaintiffs assert that Previlus and Tenord were involved "in a scheme to defraud Plaintiffs of their money by orchestrating an investment scheme" and taking Plaintiffs' investments for their

6

own use. *See* D.E. 1, ¶ 49. In support, Plaintiffs claim that Previlus and Tenord "used the interstate mails in furtherance of their scheme." *See* D.E. 1, ¶ 50.

However, as with their count for Wire Fraud, Plaintiffs do not assert *a single factual allegation* against Previlus and Tenord, or any Defendants for that matter, of any actions taken through the U.S. mail system. Plaintiffs do not allege that any documents or communications were sent through the mail system, when or where any documents or communications were sent, the content of any documents or statements sent through the mail system, or what Previlus and Tenord gained by conducting alleged mail fraud.

Count 2, as alleged, is merely a legal conclusion in search of facts. Plaintiffs fail to allege a single instance of Mail Fraud committed by Defendants Previlus and Tenord which is fatal to their claim. Therefore, Count 2 should be dismissed.

### C. Plaintiffs Fail to Allege the Necessary Two Predicate Acts on the Part of Defendants Previlus and Tenord that Would Give Rise to a RICO Claim (Count 3).

Where a plaintiff's RICO claim is based on an alleged pattern of racketeering consisting entirely of the predicate acts of Mail and Wire fraud, their substantive RICO allegations have to comply not only with the plausibility criteria articulated by the Supreme Court in *Twombly* and *Iqbal*, but also with the heightened pleading standard of the rule requiring that all allegations of fraud be stated with particularity. *Am. Dental Ass'n*, 605 F.3d at 1291.

A plaintiff suing under the civil provisions of RICO must plausibly allege six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff. *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1348 (11th Cir. 2016).

"Racketeering activity," is defined as violation of any of a number of statutes listed in section 1961(1). 18 U.S.C. § 1961(1). These include the federal statutes prohibiting mail fraud and wire fraud. *Id*. In order to state a claim under § 1962, therefore, "a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts." *Republic of Panama v. BCCI Holdings, (Luxembourg) S.A.*, 119 F.3d 935, 948 (11th Cir.1997).

In this case, the alleged predicate acts include violations of the federal Mail and Wire Fraud statutes. 18 U.S.C. §§ 1341, 1343. As discussed more fully above, Plaintiffs fail to adequately and particularly allege a cause of action for Wire Fraud, and likewise fail to allege a *single instance* of Mail Fraud on behalf of any of the Defendants. For that reason, Plaintiffs cannot meet the requirement of "at least two racketeering predicates." Count 3 should be dismissed on this basis alone.

Notwithstanding, Plaintiffs fail to adequately allege a pattern of racketeering. In order to prove a pattern of racketeering, a plaintiff must show at least two racketeering predicates that are related, and that they amount to or pose a threat of continued criminal activity. *Am. Dental Ass'n*, 605 F.3d at 1291. RICO targets ongoing activity, rather than sporadic, isolated acts. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1264 (11th Cir. 2004).

As alleged, the Complaint fails to satisfy the continuity element of a pattern of racketeering. Plaintiffs' Complaint states that Defendants Previlus and Tenord, along with Defendants Zaibet and Rebulard, allegedly engaged in unlawful Wire and Mail Fraud over a closed period of a month, specifically between December 3, 2021, and January 7, 2022. *See* D.E. 1, ¶ 53. While Plaintiffs state that "no less than five predicate acts of wire and/or mail fraud have been committed by Zaibet, Rebulard, Tenord and Previlus, within the last ten years," Plaintiffs' Complaint is completely and utterly devoid of any factual support for such an allegation. *See* D.E. 1, ¶ 55. In fact, Plaintiffs'

general allegations, giving a background of the alleged sequence of events, begins with a statement that the subject sequence of events began in *April of 2020,* and yet Plaintiffs' Complaint goes on to describe activities that only took place over a one-month period ending in January of 2022 as noted above. *See* D.E. 1, ¶ 22. Plaintiffs do not even claim that there is a threat of the alleged fraud continuing into the future.

The overwhelming consensus of case authority suggests that one month is not an adequately substantial period of time to meet the continuity element of a pattern of racketeering, and further authority notes that even *two years* is not sufficient. See, e.g., *Efron v. Embassy Suites (P. R.), Inc.*, 223 F.3d 12 (1st Cir. 2000) (finding no closed-ended continuity where predicate acts occurred over 21–month period); *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 242 (2d Cir. 1999) (stating that the Second Circuit "has never held a period of less than two years to constitute a 'substantial period of time' "); *GICC Capital Corp. v. Tech. Fin. Group, Inc.*, 67 F.3d 463, 467–68 (2d Cir. 1995) (finding that courts of appeals have consistently considered eleven months to be insufficiently "substantial"); *Hughes v. Consol–Pennsylvania Coal Co.*, 945 F.2d 594, 611 (3d Cir. 1991) ("[T]welve months is not a substantial period of time."); *Menasco v. Wasserman*, 886 F.2d 681, 684 (4th Cir. 1989) (finding no continuity when predicate acts with a single goal occurred over a one-year period); *Vemco, Inc. v. Camardella*, 23 F.3d 129, 134 (6th Cir. 1994) (finding seventeen month period insufficient to show continuity); *J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 935 F.2d 815, 821 (7th Cir. 1991) (concluding that thirteen months is not a substantial period of time); *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 407 (8th Cir. 1999) (holding that ten-month period is "too short" to constitute substantial period for purposes of closed-ended continuity); *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 366–67

(9th Cir. 1992) ("We have found no case in which a court [of appeals] has held the [continuity] requirement to be satisfied by a pattern of activity lasting less than a year.").

In *Jackson v. BellSouth Telecomms., Inc.*, this Court dismissed a RICO claim because the plaintiffs failed to meet the continuity requirement of a pattern of racketeering by alleging a scheme that lasted over a period of about five months. *See* 181 F.Supp.2d 1345, 1359 (S.D. Fla. 2001) (Because the plaintiffs' Third Amended Complaint fails sufficiently to allege the "continuity" element of the state and federal RICO laws, these claims shall be dismissed against all defendants), *aff'd*, 372 F.3d 1250 (11th Cir. 2004).

Here, Plaintiffs fail to adequately allege two requisite elements of a RICO violation: (1) a pattern of (2) two predicate acts of racketeering activity. Therefore, Count 3 must be dismissed.

### D. Plaintiffs' Claim for Unjust Enrichment is Duplicative and Superfluous (Count 4).

A claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained the benefit; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof. *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012).

Unjust enrichment is an equitable cause of action that is unavailable where the underlying wrongs are properly addressed by a legal remedy. *Licul v. Volkswagen Grp. of Am., Inc.*, 2013 WL 6328734, at *7 (S.D. Fla. December 5, 2013), citing *Bowleg v. Bowe*, 502 So.2d 71, 72 (Fla. 3d DCA 1987). Where a claim for unjust enrichment relies on the same factual predicates as a plaintiff's legal causes of action, it is duplicative of those causes of actions and warrants dismissal. *Koski v. Carrier Corp.*, 347 F.Supp.3d 1185 (S.D. Fla. 2017); *Licul*, 2013 WL 6328734, at *7 (dismissing unjust enrichment claim because it relied on the same wrongdoing address by the plaintiffs' FDUTPA claim).

Here, Plaintiffs' unjust enrichment claim relies on the same factual allegations as all of their other claims. The factual predicate common to Plaintiffs' claims alleges an agreement between Plaintiffs and Defendants Zaibet and Rebulard to invest in Florida real estate. As alleged in the Complaint, there are other legal remedies available to Plaintiffs. Claim 4 is not pled as an alternative theory of relief. Because Plaintiffs' unjust enrichment claim is duplicative and merely restates their other causes of action, Count 4 fails as a matter of law.

### E. Plaintiffs' Complaint Relies on Impermissible Inferences Grounded in Conjecture and Speculation.

Speaking generally, Florida law has an explicit, well-founded prohibition against the stacking of inferences "'unless it can be found that the original, basic inference was established to the exclusion of all other reasonable inferences.'" *Stanley v. Marceaux*, 991 So. 2d 938, 940 (Fla. 4th DCA 2008) (quoting *Nielsen v. City of Sarasota*, 117 So. 2d 731, 733 (Fla. 1960); *Cohen v. Arvin*, 878 So. 2d 403, 405 (Fla. 4th DCA 2004) (same); accord *Food Fair Stores v. Trusell*, 131 So. 2d 730, 733 (Fla. 1961) (stating that a party may not "indulg[e] in the prohibited mental gymnastics of constructing one inference upon another inference in a situation where . . . the initial inference was not justified to the exclusion of all other reasonable inferences").

While no such explicit traditional prohibition exists under the Federal Rules, inferences are still improper "if based merely upon conjecture or speculation." *Muller v. U.S. Postal Serv.*, 811 F. Supp. 325, 327 (N.D. Ohio 1992), *see also St. v. Nat'l Broad. Co.*, 512 F.Supp. 398, 409 (E.D. Tenn. 1977*); Cecil Corley Motor Co., Inc. v. Gen. Motors Corp.,* 380 F.Supp. 819, 827 (M.D. Tenn. 1974).

As against Previlus and Tenord, Plaintiffs' Complaint relies almost exclusively on conjecture, innuendo, suggestions, speculation, and inferences based thereon; to the exclusion of straightforward or specific factual allegations. In short, Plaintiffs suggest that because Previlus and

11

Tenord's companies received money in the ordinary course of business, and also disbursed funds at the same time, (1) the funds were those received through Zaibet for an improper purpose, and (2) that Previlus and Tenord are culpable for the same entire scope of the scheme described in detail against Zaibet (but not in such detail as against Previlus and Tenord).

Notably absent from Plaintiffs' Complaint, are specific factual allegations (1) outlining any specific actions taken by Previlus or Tenord that suggest even one affirmative step showing participation in, planning for, or knowledge of Zaibet's alleged schemes, (2) facts tending to *disprove* the reasonable inference that Previlus or Tenord were simply operating under the normal course of business and were duped by Zaibet's sophisticated criminal artifice, or (3) factual allegations against these Previlus or Tenord mirroring those alleged against Zaibet that are probative as to the above-described factors.

## CONCLUSION

Plaintiffs have failed to plausibly and particularly allege that Defendants Previlus and Tenord committed acts of Wire Fraud with the knowledge of or intent to deprive Plaintiffs of their investment funds. The Complaint is devoid of any factual allegation of Mail Fraud committed by Previlus and Tenord. Plaintiffs' RICO causes of action fail for want of sufficiently pled predicate acts, and because the "pattern" of alleged activity is insufficient under that statute. Lastly, Plaintiffs' claim for unjust enrichment is duplicative as it is based on the same factual predicate as the rest of Plaintiffs' claims and Plaintiffs have other legal remedies available to them. Finally, Plaintiffs' Complaint, on all counts against Previlus and Tenord, relies upon impermissible and unreasonable inferences in lieu of facts, and should be dismissed on that basis at a minimum. Therefore, Defendants Previlus and Tenord respectfully request that Counts 1, 2, 3, and 4 be dismissed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of August, 2023 a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

Respectfully submitted,

**CONRAD & SCHERER, LLP**
633 S. Federal Hwy., Suite 800
Fort Lauderdale, Florida 33316
Telephone: (954) 462-5500
Facsimile: (954) 463-9244
Email: SOsber@conradscherer.com
JAdamsky@conradscherer.com
AThomas@conradscherer.com

By: */s/ Steven H. Osber*
Steven H. Osber
Florida Bar No. 86088
Jason Adamsky
Florida Bar No. 111326
