UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22276-BLOOM/Otazo-Reyes

PATRICK MULLER and
MOUNA BOUZID,

    Plaintiffs,

v.

ITEB ZAIBET, *et al.*,

    Defendants.
_____/

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

**THIS CAUSE** is before the Court upon the Motion for Default Final Judgment, ECF No. [66] ("Motion"), filed by Plaintiffs Patrick Muller and Mouna Bouzid on August 21, 2023. The Court has carefully considered the Motion, the record as a whole, the applicable law, and is otherwise fully advised. For the reasons explained below, the Motion is denied without prejudice.

On June 20, 2023, Plaintiffs initiated this case against Iteb Zaibet ("Zaibet"), Lolita Rebulard ("Rebulard"), Luxury Properties Inc. ("Luxury Properties"), Beach Properties Rental Inc. ("Beach Properties"), Luxury Properties Trust, AAA Plus Financial Group Inc., Yvette Tenord, Johnny Previlus, Res Investment Inter, Inc., Infinite Res Investment, LLC, New Miami Realty, Corp., and Guzman305 Trust. ECF No. [1]. Plaintiffs allege that Defendants Zaibet and Rebulard engaged in a fraudulent scheme to deprive Plaintiffs of their property, in violation of 18 U.S.C. § 1964 ("RICO").

On July 26, 2023, the Clerk entered Default as to Beach Properties and Luxury Properties. ECF Nos. [43], [44]. On July 27, 2023, the Court ordered Plaintiffs to file one of two filings: (1) a Motion for Default Final Judgment, or (2) a Notice of Joint Liability. ECF No. [46]. The Court

explained that a Motion for Default Final Judgment would be appropriate if "there is only one Defendant, or where there are multiple Defendants, but no allegations of joint and several liability, and no possibility of inconsistent liability between Defendants[.]" *Id*. at 1. The Court ordered that, "[i]f there are multiple Defendants, Plaintiff must state in the *Motion for Default Final Judgment* that there are no allegations of joint and several liability, and set forth the basis why there is no possibility of inconsistent liability." *Id*. at 1 n.1.

Plaintiffs' Motion does not comply with the Court's instructions. There are twelve Defendants in this case. Only two are currently in default. Therefore, Plaintiffs' Motion should have "set forth the basis why there is no possibility of inconsistent liability." *Id*. Plaintiffs' Motion fails to do so. *See generally* ECF No. [66].

Moreover, the Motion is premature because there is an obvious possibility of inconsistent liability. According to Plaintiffs, Beach Properties and Luxury Properties (the "Defaulted Defendants") are the alter egos of Zaibet and Rebulard. ECF No. [66] at 8. Plaintiffs do not allege that the Defaulted Defendants committed any illegal acts of their own accord. Rather, the liability of the Defaulted Defendants is premised on the liability of Zaibet and Rebulard. There is an obvious possibility of inconsistent liability that would result from granting default judgment against the Defaulted Defendants prior to resolving the liability of Zaibet and Rebulard. *See Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc*., 740 F.2d 1499, 1512 (11th Cir. 1984) (explaining why, when multiple defendants are accused of the same conduct, "judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." (citations omitted)).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion, **ECF No. [66]**, is **DENIED WITHOUT PREJUDICE**. Plaintiffs may renew their Motion after the resolution of Zaibet and Rebulard's liability.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 23, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record