# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO. 2023-cv-22276-BB

PATRICK MULLER, an individual, and MOUNA BOUZID, an individual,

      Plaintiffs,

vs.                                                                                     **MAGISTRATE REFERRAL**

ITEB ZAIBET a/k/a "Swagg Man", an individual, LOLITA C. REBULARD, an individual, LUXURY PROPERTIES INC., a Delaware corporation, BEACH PROPERTIES RENTAL, INC., a Delaware corporation, LUXURY PROPERTIES TRUST u/a/d March 2, 2018, AAA PLUS FINANCIAL GROUP INC., a Florida corporation, YVETTE TENORD, an individual, JOHNNY PREVILUS, an individual, RES INVESTMENT INTER, INC., a Florida corporation, INFINITE RES INVESTMENT, LLC, a Nevada limited liability company, NEW MIAMI REALTY, CORP., a Florida corporation, and GUZMAN305 TRUST, a Florida trust,

      Defendants.
_____/

## NOTICE OF SUPPLEMENTAL FILING - RE: DE 21
## SUPPLEMENT REGARDING LIS PENDENS BOND

Defendant, LUXURY PROPERTIES TRUST dated March 2, 2018 (the "Trust"), pursuant to Magistrate Judge Alicia Otazo-Reyes's instruction (see DE 76) after hearing on September 6, 2023, hereby submits the following regarding the requirement Plaintiffs' post a lis pendens bond should the Court decide not to dissolve (DE 13 (as amended DE 47) and DE 14).[1]

---

[1] For the record, the Trust still maintains that the Plaintiffs' statutory lis pendens on its properties are improper. See Fla Stat. 48.23(3). "When the pending pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part I of chapter 713 or when the action no longer affects the subject property, the court shall control and discharge the recorded

The Florida Supreme Court has "…interpreted the statutory reference to injunctions in section 48.23(3) of the Florida Statutes to authorize a trial court to require the posting of a bond because a notice of lis pendens 'will often prevent the property holder from selling or mortgaging the property.'" *S and T Builders v. Globe Properties, Inc.*, 944 So.2d 302 (Fla. 2006). In the present case, a reasonable bond should include two times the assessed value of the Luxury Trust's properties: $1,650,000 (Unit 4401) and $713,200 (Unit 2501),[2] or **$4,726,000.00**, and include damages and reasonable attorneys' fees. Alternatively, since the Trust has been unable to sell either property, and, as a result, **Unit 4401 is now in actual foreclosure** (*Park Lending LLC vs Luxury Properties Trust Dated March 2, 2018 et al*: Miami Dade Circuit Court Case No. 2023-020187-CA-01) filed July 25, 2023 and in danger of wasting and being lost, the bond for that lis pendens alone, at a minimum, should be the current default interest payoff amount plus an additional year of default interest (based on the one year statutory life of a lis pendens) or **$311,454.55.**  See Purchase Contract attached as Exhibit "A."  The mortgage payoff calculation is as follows:

| | |
|---|---|
| Unpaid Principal Balance: | $940,000.00 |
| Interest Rate: | 24.000% |
| Next Due: | 05/01/2023 |
| Accrued Interest @ 9%: | $7,050.00 |
| Accrued Default Interest @ 24%: | $82,720.00 |
| Admin Fee: | $1,200.00 |
| SAT Fee: | $1,000.00 |
| Legal Fee: | $8,000.00 |
| Escrow Balance: | ($6,063.76) |
| Per Diem: | $626.67 |
| **Payoff as of 9/10/23:** | **$1,033,906.24** |

In addition, ***the Plaintiffs have valued their interest in the property a $1,400,000.00.***  See payoff

---

notice of lis pendens as the court would grant and dissolve injunctions." See also, *In re Cameron*, 359 B.R. 823 (M.D. Fla. 2006) ("An action for money only, even if it relates to specific real property, will not support a lis pendens.")

[2]  Zillow "Zestimates."; https://www.zillow.com

demand from *Plaintiff's counsel* attached as Exhibit "B."  (Plaintiffs have shown this Court no $1,400,000.00 nexus to the property and again this simply confirms they are only seeking money damages).

If the Motion to dissolve is denied in its entirety or in part, the Trust requests, given the damages incurred and ongoing, a reasonable cash bond – especially since the Plaintiffs are not U.S. residents and have no property in the United Sates sufficient make the Trust whole after the Trust prevails in this case.

Respectfully submitted,

**DAVID P. REINER, II**; FBN 416400
**REINER & REINER, P.A.**
*Counsel for Luxury Properties Trust*
9100 So. Dadeland Boulevard, Suite 901
Miami, Florida  33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
*dpr@reinerslaw.com; eservice@reinerslaw.com*

3

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

**CERTIFICATE OF SERVICE**

*I HEREBY CERTIFY that on **September 8, 2023**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.*

**DAVID P. REINER, II**; FBN 416400
**REINER & REINER, P.A.**
*Counsel for Luxury Properties Trust*
9100 So. Dadeland Boulevard, Suite 901
Miami, Florida  33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
*dpr@reinerslaw.com; eservice@reinerslaw.com*