**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-cv-22276-BLOOM/OTAZO-REYES**

PATRICK MULLER, an individual, and
MOUNA BOUZID, an individual,

      Plaintiffs,

v.

ITEB ZAIBET a/k/a "Swagg Man", an individual,
LOLITA C. REBULARD, an individual,
LUXURY PROPERTIES INC., a Delaware corporation,
BEACH PROPERTIES RENTAL, INC., a Delaware corporation,
LUXURY PROPERTIES TRUST u/a/d March 2, 2018,
AAA PLUS FINANCIAL GROUP INC., a Florida corporation,
YVETTE TENORD, an individual,
JOHNNY PREVILUS, an individual,
RES INVESTMENT INTER, INC., a Florida corporation,
INFINITE RES INVESTMENT, LLC, a Nevada limited liability company,
NEW MIAMI REALTY, CORP., a Florida corporation, and
GUZMAN305 TRUST, a Florida trust,

      Defendants.

_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Defendant Luxury Properties Trust's ("Trust")

Motion to Dissolve Lis Pendens ("Motion") [D.E. 21].  This matter was referred to the undersigned

by the Honorable Beth Bloom, United States District Judge [D.E. 68].  The undersigned held a

hearing on this matter on September 6, 2023 ("Hearing") [D.E. 76].  For the reasons stated below,

the undersigned respectfully recommends that the Trust's Motion be GRANTED.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiffs Patrick Muller ("Muller") and Mouna Bouzid ("Bouzid") (together, "Plaintiffs")

commenced this action on June 20, 2023, with the filing of a Verified Complaint asserting various

claims against the above-listed Defendants.  Plaintiffs generally allege that they are victims of an

international investment and real estate fraud perpetrated by Defendants, and, in particular, by Defendant Iteb Zaibet ("Zaibet") and Defendant Lolita C. Rebulard ("Rebulard") (together, "Principal Defendants").  In Count XIII of the Verified Complaint, Plaintiffs seek the imposition of an equitable lien over various properties and a vehicle, which they claim "were purchased with the Plaintiffs' funds (due to fraud) – with the knowledge of the Defendants."  See Compl. [D.E. 1 at 25].

Plaintiffs filed Notices of Lis Pendens [D.E. 13, 14], which are expressly predicated on their claim for imposition of equitable liens over two of the properties referenced in Count XIII, namely Unit 2501 located at 888 Biscayne Boulevard, Miami, Florida (hereafter, "the 2501 Property") and Unit 4401 located at 1100 Biscayne Boulevard, Miami, Florida (hereafter "the 4401 Property").  See Compl. [D.E. 1 at 11-12, 25].[1]  Plaintiffs subsequently filed an Amended Notice of Lis Pendens [D.E. 47] to correct an error in the legal description for the 2501 Property.

The Trust, as "sole owner" of the 2501 Property and the 4401 Property, seeks to dissolve the lis pendens that Plaintiffs have recorded against those properties.  See Motion [D.E. 21 at 2-3].  In a prior state court proceeding, which Plaintiffs have since dismissed in favor of the instant case, Plaintiffs had recorded respective lis pendens against the 2501 Property and the 4401 Property, but they were dissolved.  See Order Dissolving Lis Pendens [D.E. 21-2].  Although the Trust argued at the Hearing that the state court's Order is applicable to its Motion, the undersigned conducts her own independent analysis to conclude that these successive lis pendens should also be dissolved.

---

[1]  There is a reference at the top of page 11 of the Verified Complaint to "Unit 4601" in connection with the 4401 Property, which is an obvious scrivener's error.  A separate property, referred to as the 4601 Property, is also the subject of this action but is not implicated in the Motion.

## STANDARD OF REVIEW

Section 48.23, Florida Statutes governs lis pendens.  Fla. Stat. § 48.23.  The particular statutory subsection that is relevant to the Motion provides that "the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions." Fla. Stat. § 48.23(3).  Thus, to avoid dissolution of the lis pendens, Plaintiffs must "show a fair nexus between the property and the dispute." Med. Facilities Develop, Inc. v. Little Arch Creek Props., Inc., 675 So. 2d 915, 917 (Fla. 1996).  Establishing this fair nexus requires a "good faith, viable claim". Blue Star Palms, LLC v. LED Trust, LLC, 128 So. 3d 36, 38 (Fla. 3d DCA 2012). As previously noted, Plaintiffs rely on their equitable lien claim to support the lis pendens recorded against the 2501 Property and the 4401 Property.  As more fully discussed below, however, the undersigned finds that Plaintiffs have not met the requisite burden as to either of the two properties.

## THE 2501 PROPERTY

It is undisputed that the Trust purchased the 2501 Property in 2018, well before Plaintiffs' alleged relationship with the Principal Defendants began in 2020.  See Warranty Deed, dated March 18, 2018 [D.E. 21-3]; Compl. [D.E. 1 ¶¶ 22-23] (alleging that the Principal Defendants first approached Plaintiffs with an opportunity to invest in South Florida real estate in April 2020). Therefore, Plaintiffs cannot support their allegation in Count XIII of the Verified Complaint that their funds were used to purchase the 2501 Property.

Plaintiffs also make the following allegation with respect to the 2501 Property:

Upon information and belief, in or around November, 2021, an unknown sum of money was sent and/or withdrawn from the AAA account by, or for the benefit of, Defendants Zaibet, Rebulard, and/or the Trust, to pay the 2021 Miami-Dade County Real Estate Taxes and maintenance costs associated with the real property located at 888 Biscayne Boulevard, Unit 2501, Miami, FL 33132 (the "2501 Property"), which real property was owned by and held by the Trust at all relevant times hereto[.]

See Compl. [D.E. 1 at 11].  In support of this contention, Plaintiffs submitted a certified translation

of an email sent by Rebulard on April 29, 2020, that talks about borrowing money from Plaintiffs

to pay some taxes.  See Plaintiffs Notice of Filing [D.E. 78 at 7-8].  However, there is no indication

that any money was actually paid by Plaintiffs, which renders this proffer too vague to establish

the requisite fair nexus between the 2501 Property and the dispute at issue in this case.  As a result,

Plaintiffs have not shown that they have a good faith viable claim for the imposition of an equitable

lien on the 2501 Property, as alleged in Count XIII of the Verified Complaint.  Therefore, the lis

pendens on the 2501 Property should be dissolved pursuant to Fla. Stat. § 48.23(3).  See also Med.

Facilities, 675 So. 2d at 917.

## THE 4401 PROPERTY

Plaintiffs allege that the Trust used their funds to purchase the 4401 Property, which entitles

them to the imposition of an equitable lien over that property.  See Compl. [D.E. 1 at 25].  In

support of this claim, Plaintiffs proffered a sales contract for the 4401 Property, dated December

9, 2021, showing the Trust as buyer [D.E. 1-5].  Plaintiffs also proffered bank account statements

for Defendant AAA Plus Financial Group Inc. ("AAA") (hereafter, "AAA Statements") showing

the following wire transfers from Muller:

| Date | Amount ($) |
|---|---|
| 12/7/21 | 100,000.00 |
| 12/28/21 | 636,985.36 |

See AAA Statements [D.E. 1-4 at 3, 4].  After the Hearing, Plaintiffs attempted to trace these funds

to the purchase of the 4401 Property by submitting the following Wire Transfers:

| From | Date | To | Amount ($) | Originator to Beneficiary Information (OBI) |
|---|---|---|---|---|
| Martha L. Mendez, P.A. | 3/14/22 | Windmill Title Company | 465,681.79 | Cash to Close for Luxury Properties Trust |
| Martha L. Mendez, P.A. | 3/11/22 | Windmill Title Company | 140,000.00 | Deposit for Luxury Property Trust |

See Plaintiffs' Notice of Filing [D.E. 78 at 5-6].

However, Plaintiffs have failed in their tracing efforts because: (1) funds have not been traced from AAA to the originator of the Wire Transfers, Martha L. Mendez, P.A.; (2) the amounts shown on the Wire Transfers do not match the amounts shown on the AAA Statements (3) the 4401 Property is not mentioned on the Wire Transfers.  Thus, Plaintiffs' proffer is too vague to establish the requisite fair nexus between the 4401 Property and the dispute at issue in this case.[2] As a result, Plaintiffs have not shown that they have a good faith viable claim for the imposition of an equitable lien on the 4401 Property, as alleged in Count XIII of the Verified Complaint. Therefore, the lis pendens on the 4401 Property should be dissolved pursuant to Fla. Stat. § 48.23(3).  See also Med. Facilities, 675 So. 2d at 917.[3]

## CONCLUSION

Based on the foregoing considerations, it is RESPECTFULLY RECOMMENDED that Defendant Luxury Properties Trust's Motion to Dissolve Lis Pendens [D.E. 21] be GRANTED.

---

[2]  In an apparent attempt to further support their claim with respect to the 4401 Property by correlating it to the purchase of the 2501 Property, Plaintiffs submitted wire transfer notifications related to the 2501 Property, dated "1/18", in the amounts of $140,000 and $466,396.79, respectively, which reference the Trust, AAA and Windmill Title Company.  See Plaintiffs' Notice of Filing [D.E. 78 at 3-4].  As previously noted, the Trust's purchase of the 2501 Property occurred in 2018, prior to Plaintiffs' alleged relationship with the Principal Defendants.  However, this additional submission suffers from the same vagueness problems.

[3]  In the alternative to dissolution of the lis pendens, the Trust argues that Plaintiffs should be required to post a bond in the amount of $4,726,400.00 (representing double the total assessed value of the 2501 Property and the 4401 Property) plus damages and attorney's fees; or in the amount of $311,454.55 (representing one year of default interest for the 4401 Property.  See Trust's Notice of Supplemental Authority [D.E. 77 at 1-2].  Should the Court conclude that dissolution of the lis pendens is not appropriate, then the undersigned recommends that Plaintiffs be required to post a bond in the lesser of the two amounts.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom, United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

**RESPECTFULLY SUBMITTED** this 19th day of September, 2023.


_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE


cc:     United States District Judge Beth Bloom
        Counsel of Record