**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

PATRICK MULLER, an individual, and
MOUNA BOUZID, an individual,

CASE NO.: 1:23-cv-22276-BB

    *Plaintiffs,*

v.

ITEB ZAIBET a/k/a "Swagg Man", an
individual, LOLITA C. REBULARD, an
individual, LUXURY PROPERTIES INC., a
Delaware corporation, BEACH PROPERTIES
RENTAL, INC., a Delaware corporation,
LUXURY PROPERTIES TRUST u/a/d March
2, 2018, AAA PLUS FINANCIAL GROUP
INC., a Florida corporation, YVETTE
TENORD, an individual, JOHNNY PREVILUS,
an individual, RES INVESTMENT INTER,
INC., a Florida corporation, INFINITE RES
INVESTMENT, LLC, a Nevada limited liability
company, NEW MIAMI REALTY, CORP., a
Florida corporation, and GUZMAN305 TRUST,
a Florida trust,

    *Defendants.*

_____/

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE AND MOTION FOR**
**EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT OR RESPOND TO**
**DEFENDANTS' MOTIONS TO DISMISS**

       Plaintiffs, Patrick Muller ("Muller") and Mouna Bouzid ("Bouzid") (collectively, the

"Plaintiffs"), by and through the undersigned counsel, hereby file this Response to the Order to

Show Cause (the "Order to Show Cause") [DE 90] and Motion for Extension of Time to File an

Amended Complaint or Respond to the respective Motions to Dismiss (collectively, the

"Motions") filed by Defendants' Johnny Previlus and Yvette Tenord [DE 63] and AAA Plus

Financial Group, Inc., Infinite Res Investment, LLC, and Res Investment Inter, Inc. [DE 64] (collectively, the "Defendants"), and state:

1.      On or about June 20, 2023, Plaintiffs commenced the instant action by filing the Complaint (the "Complaint") [DE 1] against, *inter alia,* the Defendants, for, without limitation, Civil RICO and Conspiracy.

2.      On or about August 18, 2023, Defendants' Johnny Previlus and Yvette Tenord filed their Motion to Dismiss the Complaint or, in the alternative to stay the instant proceeding [DE 63].

3.      Separately, also on or about August 18, 2023, Defendants' AAA Plus Financial Group, Inc., Infinite Res Investment, LLC and Res Investment Inter, Inc., filed their Motion to Dismiss the Complaint filed their Motion to Dismiss the Complaint [DE 64].

4.      The Motions were subsequently referred to the Honorable Magistrate Judge Alicia M. Otazo-Reyes pursuant to 28 U.S.C. § 636.  *See* DE 68.

5.      On or about September 22, 2023, Plaintiffs filed their Motion  for  Extension  of Time  to  file  an Amended Complaint and/or to Respond to the respective Motions to Dismiss, and to Continue the September 26, 2023 Hearing on same (the "Motion for Extension") [DE 85].[1]

6.      On or about September 22, 2023, the Honorable Magistrate Judge Alicia M. Otazo-Reyes entered an Order (the "Order") [DE 86] granting Plaintiffs' Motion for Extension and providing, in pertinent part, that Plaintiffs either respond to Defendants' respective Motions to Dismiss or file an Amended Complaint by September 29, 2023.  *See* DE 86.

7.      However, notwithstanding the filing of the foregoing Motion for Extension, the entry of the Order and the corresponding response deadline set forth therein, due to the excusable

---

[1]Notably, the filing of the Motion for Extension was necessitated by the fact that the undersigned's wife had just given birth and was in the hospital (along with baby and the undersigned) recovering.

neglect of the undersigned counsel, the appropriate response deadline was not calendared in the undersigned's calendar or correctly noted in the undersigned's case/document filing management system, as is the normal and ordinary practice of Plaintiffs' counsel and his office.

8.      More specifically, upon service of any document, it is the general practice of the undersigned's office to have the legal assistant for the attorney of record in the subject case, to properly save the subject filing in the Firm's case/document management filing system and save the corresponding deadline in the Firm's calendaring system, in addition to sending a calendar invitation to the subject attorney of record.  In the instant circumstance, notwithstanding the following of Firm protocol by the undersigned's legal assistant, including sending the undersigned a calendar invite email regarding the above deadline, because the undersigned had already set his email account to "Out of Office" status with automatic replies to all senders regarding the undersigned's lack of availability and limited telephone and email access following the birth of his son and subsequent paternity leave, the undersigned failed to see the CM/ECF system email regarding entry of the Order and setting of the September 29, 2023 response deadline or the calendar invitation email sent by his legal assistant regarding the above deadline and failing to accept same for inclusion on the undersigned's personal Firm calendar, as is its general and normal practice.  Likewise, the undersigned's legal assistant was unaware that the undersigned had failed to see and accept her calendar invitation email and added the response deadline to his personal Firm calendar, resulting in the undersigned lacking any notice or knowledge regarding the Order or its corresponding response deadline.

9.      Independently, while on paternity leave, the undersigned failed to confirm or inquire with his legal assistant regarding whether the Motion for Extension had been granted, the Order had been entered, or a response deadline had been set by the Court nor, because of his limited

access, was able to or did the undersigned counsel routinely check his email account and/or calendar activity.

10.     Due to the excusable neglect and inadvertence of the undersigned counsel, including his failure to closely monitor his email account and Firm calendar or independently access the Firm's case/document management filing system during his paternity leave, the undersigned mistakenly failed to accept his legal assistant's calendar invitation email, thereby causing the September 29th response deadline set forth by the Order never to be added to the undersigned's personal Firm calendar or to trigger automatic event email reminders, as is the normal and ordinary practice of Plaintiffs' counsel and his office.

11.     Thereafter, following the undersigned's failure to respond by the Court's September 29th deadline imposed by the Order, on or about October 10, 2023, Magistrate Otazo-Reyes entered the Order to Show Cause relating to Plaintiffs' failure to timely respond to the Motions on or before the September 29, 2023 deadline and requiring Plaintiffs to show cause on or before October 20, 2023 [DE 90].

12.     However, as described above, Plaintiffs' failure to timely respond to the Motions or otherwise comply with the Order was due to the excusable neglect of the undersigned counsel and not for any willful reason whatsoever.  Indeed, the reasons outlined herein relating to the mistakes committed by the undersigned are consistent with those findings made and accepted by Courts throughout this district as constituting excusable neglect.

13.     In deciding whether a party's failure to timely act or file, such as here, the Supreme Court has held that the term "excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.  *See Pioneer Investment Services Co. v. Brunswick Associates, Ltd.,* 507 U.S. 380, 113 S. Ct. 1489. 1498 (1993) (excusable neglect can include "inadvertent or negligent omission").   When an act must be done within a

specified time, such as here, the district court may extend the time for good cause, "if the part failed to act because of excusable neglect."   Fed. R. Civ. P. 6(b)(1)(B).

14.      In analyzing excusable neglect, a court should look at: (1) the danger of prejudice to the non-movant; (2) the length of the delay of its possible impact on the judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.   *See Cheney v. Anchor Glass Container Corp.,* 71 F. 3d 848, 849-50 (11th Cir. 1996); *see also Advanced Estimating Sys, Inc. v. Riney,* 130 F. 3d. 996, 997-98 (11th Cir. 1997).

15.      Moreover, in instances such as here, when counsel for a party has failed to timely file an answer by the appropriate court deadline, where there has not been a claim of prejudice by the non-moving party, the delay in responding itself was short and had no apparent impact on the proceeds, or the subject filing was made intentionally or with a lack of good faith, it is not an abuse of discretion by the district court to allow for such late filing.   *See Kirkland v. Guardian Life Ins. Co. of Am.,* 352 F. App'x 293, 297 (11th Cir. 2009).

16.      Here, similar to *Kirkland,* Plaintiffs' delay in responding to the Motions or compliance with the Order will be short lived and has no apparent impact on the proceedings, nor is any party prejudiced by Plaintiffs' delay in filing its amended complaint (and mooting the Motions to Dismiss) as Plaintiffs have previously asserted their position and anticipated changes under their amendment complaint.  Finally, like the reasons identified in *Kirkland,* the grounds described above by Plaintiffs for failing to timely respond to the Motions or otherwise satisfy the Order were caused as a direct result of the inadvertence and excusable neglect of its counsel and not done in bad faith or for purposes of delay.  Accordingly, for the foregoing reasons, Plaintiffs have demonstrated that sufficient cause exists for their failure to timely respond to the Motions or comply with the Order and as such, the Motions should not be granted by default by this Court.

17.     As such, based on the foregoing, Plaintiffs respectfully request that this Honorable

Court grant Plaintiffs an enlargement of time through and including October 31, 2023[2] within

which to file its Response to the Motions or file its Amendment Complaint.

WHEREFORE, for the reasons set forth herein, Plaintiffs, Patrick Muller and Mouna

Bouzid, respectfully request that this Honorable Court enter an Order: i) finding that Plaintiffs

have demonstrated that sufficient cause exists; ii) finding that Defendants' Motions should not be

granted; iii) granting Plaintiffs an extension of time through and including October 31, 2023 within

which to file its Response to the Motions or file its Amendment Complaint; and iv) granting such

other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Counsel for Plaintiffs*
110 Southeast Sixth Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: (954) 728-1280
Facsimile: (954) 678-4090
E-Service: ftlemaildesig@lewisbrisbois.com

By: *s/David H. Haft*
     David H. Haft, Esq.
     Florida Bar No.: 68992
     david.haft@lewisbrisbois.com
     aviva.pasternak@lewisbrisbois.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2023, a true and correct copy of the

foregoing was filed via the CM/ECF system, which will serve a true and correct copy of the same

to all attorneys of record.

---

[2]On or about October 16, 2023, the undersigned was advised by Plaintiffs that they were
terminating legal representation by the undersigned's firm in this matter, effective immediately.
As such, the undersigned will separately be filing a Motion to Withdraw as counsel of record for
the Plaintiffs in this matter.

_s/David H. Haft_
David H. Haft