IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 23-cv-22276-BLOOM/Otazo-Reyes

PATRICK MULLER, an individual, and
MOUNA BOUZID, an individual,

    Plaintiffs,

vs.

ITEB ZAIBET a/k/a "Swagg Man", an individual; LOLITA C. REBULARD, an individual; LUXURY PROPERTIES, INC., a Delaware corporation; BEACH PROPERTIES RENTAL, INC., a Delaware corporation; LUXURY PROPERTIES TRUST u/a/d March 2, 2018; AAA PLUS FINANCIAL GROUP, INC., a Florida corporation; YVETTE TENORD, an individual; JOHNNY PREVILUS, an individual; RES INVESTMENT INTER, INC., a Florida corporation; INFINITE RES INVESTMENT, LLC., a Nevada limited liability company; NEW MIAMI REALTY, CORP. a Florida Corporation; and GUZMAN305 TRUST, a Florida trust,

    Defendants.
_____/

**PLAINTIFFS' PATRICK MULLER AND MOUNA BOUZID'S
RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR
EXTENSION OF TIME TO RESPOND TO DISCOVERY AND
<u>FOR LEAVE OF COURT TO RESCHEDULE MEDIATION</u>**

    Plaintiffs' Patrick Muller and Mouna Bouzid (together, the "Plaintiffs") oppose the January 12, 2024 Motion (Doc. 106) (the "Motion") filed untimely by Defendant AAA Plus Financial Group Inc. ("AAA") which seeks to further delay AAA's already past-due Responses to (and documents sought by) Plaintiffs' December 11, 2023 Request for Production. Likewise, Plaintiffs oppose Defendants Johnny Previlus ("Previlus"), Yvette Tenord ("Tenrod"), Res Investment Inter ("Res Investment"), and Infinite Res Investment ("Infinite Res") attempts in the Motion to delay

providing their Responses and documents responsive to Plaintiffs' December 20, 2023 Requests for Production. Further, Plaintiffs oppose these Defendants attempts in the Motion to reschedule the Court's long scheduled January 29, 2024 mediation.[1] These Defendants' collective efforts to impede and delay this lawsuit should not be permitted.

In support of this opposition, Plaintiffs state as follows:

**Pertinent Deadlines**

1. As the Defendants' Motion acknowledges, Plaintiffs' pending "Complaint against Defendants alleg[es] [an] international investment and real estate fraud" which Complaint (Doc. 1) includes multiple federal statutory claims as well as an unjust enrichment claim. Defendants' Motion, ¶1. *See also* Complaint, Counts I through IV and XIII.

2. Mediation for this lawsuit is set for January 29, 2024, pursuant to this Court's August 21, 2023 Order Scheduling Mediation (Doc. 65).

3. The discovery cut-off deadline is set for April 16, 2024 and trial is currently scheduled for August 12, 2024 through August 23, 2024 term. *See* Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge (Doc. 40).

**Requested Document Production**

4. On December 11, 2023, Plaintiffs served Defendant AAA with a Request for Production of documents to which AAA's response was due on January 11, 2024. Plaintiffs' Requests for Production to AAA is attached as Composite Exhibit 1.

---

[1] The Defendants making the Motion for Extension of time have also ignored Plaintiffs' requests for available deposition dates for each of these Defendants.

5. AAA has not provided a Response to this Request for Production and that Response was past-due before AAA filed its current Motion.

6. On December 20, 2023, Plaintiffs also served very similar Requests for Production on Defendants' Previlus, Tenord, Res Investment, and Infinite Res and each of these Defendant's Responses were due on January 19, 2024. Plaintiffs' Requests for Production to each of these four Defendants are attached as Composite Exhibit 2.

7. Defendants Previlus, Tenord, Res Investment, and Infinite Res have not provided a Response to this Request for Production and those Responses are past-due.

8. On January 9, 2024, at 3:32 pm. counsel for Defendant AAA (who is also counsel for Previlus, Tenord, Res Investment, and Infinite Res) emailed Plaintiffs' counsel:

> request[ing] a 30-day extension for the responses to the Requests for Production served upon my clients (Johnny Previlus, Yvette Tenord, AAA Plus Financial Group, Res Investment Inter, and Infinite Res Investment) so as to make responses due on February 9th, 2024 (for AAA) and February 20th, 2024 (for the other Defendants), with all objections preserved….

*See* email exchange attached as Exhibit 3 (the "Discovery Email Exchange").

9. In response, Plaintiffs' counsel:

   a. reminded Defendant AAA's counsel of the "mediation coming up at the end of the month... [and] "need" for "responses in order to prepare for the mediation….";

   b. reminded Defendant AAA's counsel, who is also counsel for Defendants' Previlus, Tenrod, Res Investment, and Infinite Res, of the previous request for available deposition dates for Defendants "Mr. Previlus, Ms. Tenord and corporate reps for you[r] corporate defendants…."; and

    c. offered Defendant AAA a brief extension so that the response would be received "10 days" before the January 29, 2024 Mediation – the offered extension would have made AAA's discovery response due on January 18, 2024; but

    d. did not offer an extension to Defendants' Previlus, Tenrod, Res Investment, and Infinite Res since the Responses from each of these four Defendants was already due on January 19, 2024.

*See* Discovery Email Exchange.

10. However, Defendant AAA's counsel did not accept Plaintiffs' offered extension, but instead sought a follow-up phone call, which occurred on January 11, 2024.

11. Unfortunately, during Plaintiffs' counsel's January 11, 2024 call to the attorney for Defendants AAA, Previlus, Tenrod, Res Investment, and Infinite Res (the "Five Defendants") sought an approximate 60-day delay for all discovery, as well as to reschedule mediation.

12. It became clear during the January 11, 2024, call that the Five Defendants were attempting to (a) avoid responding to any written discovery, (b) avoid providing requested deposition dates, and (c) avoid participating in mediation.

13. On January 12, 2024, Plaintiffs' counsel confirmed that Plaintiffs were unwilling to agree to such delays. *See* the Discovery Email Exchange.

14. Counsel for the Five Defendants did not respond to the January 12, 2024 email from Plaintiffs' counsel.

### **Defendant AAA's Untimely Excuse For Delaying Discovery**

15. Instead, late in the afternoon on January 12, 2024, the Five Defendants filed their Motion seeking to delay AAA's then past-due discovery responses and document production, and also to delay *all* document discovery until February 19, 2024 (less than 60 days before the

discovery deadline) and delay the January 29, 2024 mediation, as well as continue to ignore Plaintiffs' deposition requests.

16. Stated more bluntly, the Five Defendants want to bring this lawsuit to a *de facto* halt for at least 1 ½ months, despite the impending case management deadlines, which would leave less than 1 ½ months to complete discovery.

17. Preliminarily, the Five Defendants' Motion seeking an untimely extension does not absolve AAA of its obligation to file a timely Response to Plaintiffs' Request for Production and provide the documents responsive to the Request for Production.

18. To the contrary, AAA's failure to timely (e.g., on or before January 11th) serve its Response to Plaintiffs' Request for Production *has already* resulted in AAA waiving any objections it may have had to Plaintiffs' Request for Production of documents. *See Landfall 2, Inc. v. Datascore-Ai, LLC*, 22-CV-80801, 2022 WL 17342200, at *2 (S.D. Fla. Nov. 30, 2022) ("When a party fails to timely object to…production requests, or other discovery efforts, the objections are deemed waived. A party may waive any general privileges in this manner.") *quoting Romacorp, Inc. v. Prescient, Inc.*, No. 10-22872-Civ, 2011 WL 2312563, at *2 (S.D. Fla. June 8, 2011). *See also Treminio v. Crowley Mar. Corp.*, 322CV00174CRKPDB, 2023 WL 8615135, at *3 (M.D. Fla. Dec. 13, 2023) ("If there was no request for an extension of time or good cause for a failure to file, a party has waived any further objections."); *Primm v. Aerofil Tech., Inc.*, 610CV1708ORL22GJK, 2012 WL 13102523, at *3 (M.D. Fla. Mar. 13, 2012) ("…courts have found that a failure to timely object to…requests for production constitute[s] a waiver of any such objections asserted at a later time."); *Pitts v. Francis*, 2008 WL 2229524, *2 (N.D.Fla. May 28, 2008) (noting that the Advisory Committee Notes to Rule 34, Fed.R.Civ.P., explain that Rule 34's requirement that objections be made timely and stated with reasons "is essentially the same as that

in Rule 33" that provides that " '[a]ny ground [for an objection to an interrogatory] not stated in a timely objection [i.e., thirty days] is waived unless the court, for good cause, excuses the failure.'").

19. Thus, the documents Plaintiffs have sought from AAA via Plaintiffs' Request for Production are past due and must be provided without objection.

20. Yet even if AAA had timely served objections or filed its Motion before the due date had passed, the requested delay of discovery would still be unfeasible given the impending case management deadlines.

21. Moreover, AAA's Motion does not provide good cause for its failure to file its response timely to avoid waiver. *See Treminio v. Crowley Mar. Corp.*, 322CV00174CRKPDB, 2023 WL 8615135, at *4 (M.D. Fla. Dec. 13, 2023*) (citation omitted)*; *Reliance Ins. Co. v. Core Carriers, Inc.*, 3:06-CV-585-J-20MCR, 2008 WL 2414041, at *2 (M.D. Fla. June 11, 2008) (holding that the Plaintiff "waived any objections to the discovery requests" where Plaintiff "provided the Court with no reasons (much less *good* cause) for its failure to file timely objections to Defendant's discovery requests."). AAA attempts to excuse its refusal to provide responsive documents by arguing:

    a. it previously filed a Motion to Dismiss; and

    b. Defendant Johnny Previlus is an apparent linchpin because he is President or a Managing Member of Defendant AAA, Defendant Res Investment, and Defendant Infinite Res, but that he has a heretofore undisclosed and still unidentified "significant health concerns" that require delaying both discovery responses and mediation.

22. Plaintiffs lack any means of addressing Defendant Previlus' just raised and unidentified "health concerns", but it seems unlikely that such health concerns and AAA's

purported resulting difficulties have just become known to AAA or any other Defendants to whom Defendant Previlus appear to control.

23. It appears more likely that regardless of Mr. Previlus' health, the Five Defendants just want to prevent any progress in this lawsuit with the hope of running out the discovery clock.

24. Simply put, belatedly disclosed yet unidentified "health concerns" do not support AAA's untimely request for an extension of time to respond to discovery much less halt this lawsuit for 1 ½ months.

### Defendants' Johnny Previlus, Yvette Tenrod, Res Investment Inter, and Infinite Res Excuse For Delaying Discovery

25. Although Defendants Johnny Previlus, Yvette Tenrod, Res Investment, and Infinite Res (collective, the "Additional Defendants") have requested an extension before expiration of their January 19, 2024 deadline to serve a Responses and produce documents sought from each of them, their attempt to delay discovery should also be denied.

26. Just as with AAA's discovery responses, the Additional Defendants' Motion does not relieve them of their obligation to timely file their respective Responses to the Requests for Production served on each of them.

27. However, the Additional Defendants have not filed their respective Responses or produced any documents before the January 19, 2024 deadline.

28. Therefore, just like Defendant AAA, the Additional Defendants have waived their objections to Plaintiffs' Requests for Production served on each of them.

29. Further, just as with AAA's effort to delay discovery, the Additional Defendants' request for an extension should be denied given their clear intent to delay the lawsuit.

30. If AAA and the Additional Defendants' do not provide Responses to Plaintiffs' Request for Production until February 19, 2024 (less than 60 days before the discovery deadline),

and concurrently continue to ignore Plaintiffs' requests for their depositions, the parties will be substantially hindered in substantive discovery.

**A Stay of Discovery Has Not Been Requested And Would Not Be Appropriate**

31.  Despite the Five Defendants' refusal to provide any past-due discovery responses to date, the Five Defendants have not requested a stay of discovery pending resolution of their Motions to Dismiss.

32.  Yet, even if the Five Defendants had requested a stay of discovery pending resolution of their Motions to Dismiss, such a request would not have tolled their discovery obligations absent a Court Order – much less absolved AAA of a discovery obligation for which the due date had already passed. *See Mad Room, LLC v. City of Miami*, 21-23485-CV, 2021 WL 10395434, at *1 (S.D. Fla. Dec. 14, 2021); *see also Romacorp, Inc. v. Prescient, Inc.*, No. 10-22872-CIV, 2011 WL 2312563, at *2 (S.D. Fla. June 8, 2011) ("Nowhere in *Chudasama* does the Eleventh Circuit state that a party may stop complying with its discovery obligations when it files a motion to stay [discovery]. Indeed, the [movant] cites no case law that suggests that a party may simply ignore its discovery obligations while a motion to stay [discovery] is pending, nor have I found any.").

33.  Further, even if Defendants had requested such "a motion to stay discovery... [such relief] is rarely appropriate unless resolution of the motion [to dismiss] will dispose of the entire case." *Cuhaci v. Kouri Group, LP*, 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021) *citing Bocciolone v. Solowsky*, 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (explaining that "a movant must show that 'good cause and reasonableness' support a [discovery] stay" …[and] "Absent a 'specific showing of prejudice or burdensomeness' by the movant, Appendix A to our

Local Rules recommends that "unilateral motion[s] to stay discovery pending a ruling on [a] dispositive motion" should be denied.") (internal citation omitted).

34. In determining whether to stay discovery pending a motion, Courts are permitted "take a preliminary peak" at the merits of the motion to assess, on its face, the likelihood that the motion will be granted. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (internal citations omitted).

35. While a Court need not "decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652–53; *see also Cabrera v. Progressive Behavioral Sci., Inc.*, 331 F.R.D. 185, 186 (S.D. Fla. 2019) ("To evaluate whether there is a strong likelihood 'the motion [to dismiss] will be granted and entirely eliminate the need for such discovery,' the district court must take a 'preliminary peek' at the merits of the motion.") *quoting Feldman*, 176 F.R.D. at 652.

36. Again even if it is improperly assumed the Five Defendants had requested a stay of discovery – which they have not – here, a preliminary peek of the face of Defendants' Motions to Dismiss (Doc. 63 and Doc. 64) and Plaintiffs' Responses in Opposition (Doc. 95 and Doc. 96) would show that the Motions to Dismiss are not "clearly meritorious", but rather that the Complaint sufficiently alleges the causes of action against the Defendants, which include Wire Fraud (Count I as to Tenord and Previlus), Mail Fraud (Count II as to Tenord and Previlus), Civil Rico (Count III as to Tenord and Previlus), Unjust Enrichment (Count IV as to Tenord, Previlus, AAA, Res Investment and Infinite Res), and Equitable Lien (Count XIII as to Res Investment).

37. Yet, the preliminary peek need only show that there is a likelihood that the Motions to Dismiss will not be granted as to a single count for the case not to be "truly dispositive", as required for a stay to be granted.

38. For instance, here the Complaint's Count IV for Unjust Enrichment as to AAA, Tenord, Prevlius, Res Investment and Infinite Res as Plaintiffs sufficiently alleged the claim's elements: "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Carriuolo v. Gen. Motors LLC*, 72 F. Supp. 3d 1323, 1326 (S.D. Fla. 2014) (internal citations omitted).

39. Specifically, the Complaint alleges that "Plaintiffs conferred a benefit on Defendants…by transferring to Zaibet, Rebulard, and AAA a total of $1,602,583 euros on December 3, 2021, December 8, 2021, December 23, 2021, and January 7, 2022, which funds were then distributed and used by the Defendants for unlawful purposes to the detriment of Plaintiffs." Complaint, ¶ 59.

40. Further, Tenord, Prevlius, AAA, Res Investment, and Infinite Res "received and accepted" and "had knowledge of the benefit conferred on them by Plaintiffs." *Id*. at ¶¶ 60-61.

41. Lastly, due to the circumstances "it would be inequitable to allow [Defendants] to retain the benefits conferred on them. [Defendants] did not use the funds provided by Plaintiffs for Plaintiffs' intended investment in the First Property (which was not even for sale), but instead used the funds for [Defendants'] personal use and exclusive benefit." *Id*. at ¶ 62.

42. These allegations set forth each of the elements of the unjust enrichment cause of action under Florida law.

43. In short, the Five Defendants' Motion does not seek as relief a stay of discovery, but even if it did (1) such a Motion would not toll Defendants' discovery obligations arising before it was ruled upon, and (2) such a stay would not be appropriate because a preliminary peek would show that the Motions to Dismiss are not clearly meritorious and truly dispositive of the case as, at a minimum, Plaintiffs have sufficiently alleged a claim for Unjust Enrichment against Defendants.

### **Defendant AAA & Additional Defendants' Attempt To Delay Mediation**

44. As mentioned above, mediation is set for January 29, 2024, pursuant to the Court Order and agreement of the parties.

45. Now Defendants seek to continue the mediation for sixty days.

46. Defendants' efforts to continue mediation, in addition to Defendants' attempts to delay its discovery obligations, are merely an attempt to delay this litigation.

47. Defendants again cite to Mr. Previlus' unidentified "health concerns" as Defendants purpose for seeking to continue mediation for sixty days.

48. Yet, like Defendant's efforts to delay their discovery obligations, unidentified health concerns do not support a sixty-day continuation for an already ordered, already agreed to, mediation.

WHEREFORE, for all the reasons stated above, Plaintiffs' request the Court issue an order finding that (1) Defendant AAA waived any objections that might have existed to Plaintiffs' December 11, 2023 Request for Production served on Defendant AAA because such objections were not asserted timely; (2) that Defendant AAA must produce all documents responsive to Plaintiffs' December 11, 2023 Request for Production on or before January 24, 2024; (3) that Defendants Johnny Previlus, Yvette Tenrod, Res Investment, and Infinite Res waived any

objections that might have existed to Plaintiffs' December 20, 2023 Requests for Production served on each of them respectively because such objections were not asserted timely; (4) that Defendants Johnny Previlus, Yvette Tenrod, Res Investment, and Infinite Res must produce all documents responsive to Plaintiffs' December 20, 2023 Request for Production on or before January 24, 2024; (5) denying Defendants AAA, Johnny Previlus, Yvette Tenrod, Res Investment, and Infinite Res' requests for an extension of time to respond to Plaintiffs' previously served December 11, 2023 Request for Production and December 20, 2023 Request for Production; and (6) denying Defendants AAA, Johnny Previlus, Yvette Tenrod, Res Investment, and Infinite Res' requests to reschedule the January 29, 2024 mediation, as well as such other relief as is deemed just and proper, including Plaintiffs' reasonable attorneys' fees incurred in responding to Defendants' Motion.

**TAYLOR, DAY, GRIMM & BOYD**

*/s/ John D. Osgathopre*
John D. Osgathorpe, Esquire
Florida Bar No. 147620
Kenneth A. Tomchin, Esquire
Florida Bar No. 0724955
50 North Laura Street, Suite 3500
Jacksonville, Florida 32202
Telephone:  904-356-0700
Facsimile: 904-356-3224
jdo@taylordaylaw.com
ktomchin@taylordaylaw.com
amelton@taylordaylaw.com
lad@taylordaylaw.com
hmaxwell@taylordaylaw.com
*Attorneys for Plaintiffs Patrick Muller and Mouna Bouzid*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 22nd day of January 2024, I electronically filed the foregoing document with the United States District Court for the Southern District of Florida by using the CM/ECF system which will send notification of such filing to all counsel of record registered in the CM/ECF System.

/s/ John D. Osgathorpe
Attorney