**EXHIBIT 2**

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 23-cv-22276-BLOOM/Otazo-Reyes

PATRICK MULLER, an individual, and
MOUNA BOUZID, an individual,

      Plaintiffs,

vs.

ITEB ZAIBET a/k/a "Swagg Man", an
individual; LOLITA C. REBULARD, an
individual; LUXURY PROPERTIES, INC., a
Delaware corporation; BEACH PROPERTIES
RENTAL, INC., a Delaware corporation;
LUXURY PROPERTIES TRUST u/a/d March
2, 2018; AAA PLUS FINANCIAL GROUP,
INC., a Florida corporation; YVETTE
TENORD, an individual; JOHNNY
PREVILUS, an individual; RES
INVESTMENT INTER, INC., a Florida
corporation; INFINITE RES INVESTMENT,
LLC., a Nevada limited liability company;
NEW MIAMI REALTY, CORP. a Florida
Corporation; and GUZMAN305 TRUST, a
Florida trust,

      Defendants.

_____/

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT, JOHNNY PREVILUS

      Pursuant to Fed. R. Civ. P. 34, Plaintiffs, PATRICK MULLER and MOUNA BOUZID

("Plaintiffs") requests that Defendant JOHNNY PREVILUS. ("Defendant" or "Previlus")

produce for inspection and copying the documents referenced below at the offices of Taylor,

Day, Grimm & Boyd, 50 N. Laura Street, Suite 3500, Jacksonville, FL  32202 within thirty (30)

days of service hereof, or at such other time and place as may be agreed upon in advance by

counsel or so ordered by the Court. **Please contact the undersigned in advance of incurring**

**any copy charges if you reasonably believe such charges shall exceed $100.00.**

## I.     DEFINITIONS

(a)      The words "you", "yours", "yourselves", "Defendant" or "Previlus" mean Defendant JOHNNY PREVILUS. and any directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on behalf of the Defendant.

(b)      The singular shall include the plural and vice versa; the terms "and" or "or" shall be conjunctive and disjunctive; and the term "including" means "including without limitation".

(c)      "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

(d)      The word "document" shall be defined in its broadest sense and shall mean any writing, recording or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to:  correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, electronic mail, texts, computer printouts, electronic mail printouts or communications, microfilms, video tapes, surveys, property records, property drawings, property descriptions, blueprints, plots, plans, sketches, inspection reports or tape recordings.

(e)      "Agent" shall mean:  any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

(f)      "Person" shall mean any individual, business, corporation, proprietorship, partnership, trust, association or any other entity.

(g)      The words "pertain to" or "pertaining to" mean:  relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

(h)      The terms "third party" or "third parties" refer to individuals or entities that are not a party to this action.

(i)      The term "Action" shall mean the above captioned case.

(j)      The word "identify", when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e., correspondence, memorandum, facsimile etc.);  (2) the general subject matter of the document;  (3) the date of the document;  (4) the author of the document;  (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.  The word "identify", when used in reference to a person, means and includes the full name of the person, and the person's last known address and telephone number.

## II.   INSTRUCTIONS

If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

(1)      the nature of the privilege claimed (including work product);

(2)      if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being evoked;

(3)      the date of the document or oral communication;

(4)     if a document:  its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, addressee and, if not apparent, the relationship between the author and addressee;

(5)     if an oral communication:  the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(6)     the general subject matter of the document or oral communication.

III.    **DOCUMENTS TO BE PRODUCED**

1.     Copies of all documents received or sent to Iteb Zaibet, Lolita Rebulard, Luxury Properties, Inc. Luxury Properties Trust (whenever established), Guzman305 Trust or any of their agents, companies, or trusts concerning the matters raised in the Complaint in this matter.

2.     Copies of any monies, checks, funds or assets received by Previlus from Iteb Zaibet, Lolita Rebulard, Luxury Properties, Inc. Luxury Properties Trust (whenever established), Guzman305 Trust or any of their agents, companies, or trusts over the last five years.

3.     Copies of all closing documents, correspondence, due diligence, research, and all other documents in the file concerning the property located at 5421 Bayview Drive, Fort Lauderdale, Florida.

4.     Copies of any closing documents, correspondence, due diligence, research, and all other documents in the file concerning any other properties you have ever worked on for Iteb Zaibet, Lolita Rebulard, Luxury Properties, Inc. Luxury Properties Trust (whenever established), Guzman305 Trust or any of their agents, companies, or trusts.

5.      Copies of any documents that would show any monies ever received from Iteb Zaibet, Lolita Rebulard, Luxury Properties, Inc. Luxury Properties Trust (whenever established), Guzman305 Trust or any of their agents, companies, or trusts.

6.      A list of any projects, matters, or jobs ever worked on for Iteb Zaibet, Lolita Rebulard, Luxury Properties, Inc. Luxury Properties Trust (whenever established), Guzman305 Trust or any of their agents, companies, or trusts.

7.      Copies of any documents that would disclose monies received from Patrick Muller or any related entities of Patrick Muller (see Exhibit 3 to the Complaint).

8.      Copies of any instructions as to monies received from Patrick Muller or any related entities of Patrick Muller (see Exhibit 3 to the Complaint).

9.      Copies of any documents that disclose what was done with monies received from Patrick Muller or any related entities of Patrick Muller (see Exhibit 3 to the Complaint).

10.     Copies of any documents dealing with the payment of taxes or any other costs or expenses dealing with 888 Biscayne Boulevard, Unit 2501, Miami, Florida 33132 (see paragraph 34 of the Complaint).

11.     Copies of any documents dealing with the purchase or sale of the property located at 1100 Biscayne Blvd, Unit 4401, Miami, Florida 33132 (see paragraph 34 of the Complaint).

12.     Copies of any documents dealing with the purchase or sale of the property located at 888 Biscayne Blvd., Unit 4601, Miami, Florida 33132 (see paragraph 34 of the Complaint).

13.     Copies of any documents dealing with the purchase or sale of the property located at 8356 Calumet Court, Port Saint Lucie, Florida 34986 (see paragraph 34 of the Complaint).

14.     Copies of any documents dealing with purchase or sale of the 2017 Lamborghini Huracan LP 580-2 Convertible (see paragraph 34 of the Complaint).

15.     Copies of all banking records and documents dealing with the purchase and/or sale of all the properties listed in the Complaint.

16.     Copies of all documents concerning the formation of Infinite Res (see paragraph 36 of the Complaint).

17.     Copies of all banking records and documents concerning Infinite Res and the purchase or sale of property in which any monies of Patrick Muller were used to help buy the same.

18.     Copies of all documents that would disclose what has happened to the monies received for the sale of the Port St. Lucie Property and where those monies are currently located (see paragraphs 34-37 of the Complaint).


**TAYLOR, DAY, GRIMM & BOYD**

*/s/ Kenneth A. Tomchin*
John D. Osgathorpe, Esquire
Florida Bar No. 147620
Kenneth A. Tomchin, Esquire
Florida Bar No. 0724955
50 North Laura Street, Suite 3500
Jacksonville, Florida 32202
Telephone:  904-356-0700
Facsimile: 904-356-3224
jdo@taylordaylaw.com
ktomchin@taylordaylaw.com
amelton@taylordaylaw.com
lad@taylordaylaw.com
hmaxwell@taylordaylaw.com
*Attorneys for Plaintiffs Patrick Muller and*
*Mouna Bouzid*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on the 20th day of December 2023, I served the following

discovery requests via electronic mail upon the following:

| | |
|---|---|
| Steven H. Osber<br>Fla. Bar No. 86088<br>Jason Adamsky<br>Fla. Bar No. 111326<br>CONRAD & SHERER, LLP<br>633 S. Federal Hwy., Suite 800<br>Fort Lauderdale, FL 33316<br>Telephone (954) 462-5500<br>Facsimile (954) 463-9244<br>SOsber@conradsherer.com<br>JAdamsky@conradsherer.com<br>AThomas@conradsherer.com<br>*Counsel for Defendants Johnny Previlus, Yvette Tenord, AAA Plus Financial Group, Inc., Res Investment Inter, Inc., Infinite Res Investment, LLC* | David P. Reiner, II<br>Fla. Bar No. 416400<br>REINER & REINER, P.A.<br>9100 So. Dadeland Boulevard, Suite 901<br>Miami, FL 33156-7815<br>Telephone (305) 670-8282<br>Facsimile (305) 670-8989<br>dpr@reinerslaw.com<br>eservice@reinerslaw.com<br>*Counsel for Luxury Properties Trust dated March 2, 2018* |
| Cody German<br>Fla. Bar No. 58654<br>Bernadette M. Gomez<br>Fla. Bar No. 1031423<br>COLE, SCOTT & KISSANE, P.A.<br>9150 South Dadeland Boulevard, Suite 1400<br>PO Box 569015<br>Miami, FL 33256<br>Telephone (786) 268-6415<br>Facsimile (305) 373-2294<br>cody.german@csklegal.com<br>bernadette.gomez@csklegal.com<br>*Counsel for New Miami Realty Corp.* | |

/s/ Kenneth A. Tomchin
Attorney

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 23-cv-22276-BLOOM/Otazo-Reyes

PATRICK MULLER, an individual, and
MOUNA BOUZID, an individual,

      Plaintiffs,

vs.

ITEB ZAIBET a/k/a "Swagg Man", an
individual; LOLITA C. REBULARD, an
individual; LUXURY PROPERTIES, INC., a
Delaware corporation; BEACH PROPERTIES
RENTAL, INC., a Delaware corporation;
LUXURY PROPERTIES TRUST u/a/d March
2, 2018; AAA PLUS FINANCIAL GROUP,
INC., a Florida corporation; YVETTE
TENORD, an individual; JOHNNY
PREVILUS, an individual; RES
INVESTMENT INTER, INC., a Florida
corporation; INFINITE RES INVESTMENT,
LLC., a Nevada limited liability company;
NEW MIAMI REALTY, CORP. a Florida
Corporation; and GUZMAN305 TRUST, a
Florida trust,

      Defendants.

_____/

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
TO DEFENDANT, YVETTE TENORD.**

      Pursuant to Fed. R. Civ. P. 34, Plaintiffs, PATRICK MULLER and MOUNA BOUZID

("Plaintiffs") requests that Defendant YVETTE TENORD. ("Defendant" or "Tenord") produce

for inspection and copying the documents referenced below at the offices of Taylor, Day, Grimm

& Boyd, 50 N. Laura Street, Suite 3500, Jacksonville, FL 32202 within thirty (30) days of

service hereof, or at such other time and place as may be agreed upon in advance by counsel or

so ordered by the Court. **Please contact the undersigned in advance of incurring any copy**

**charges if you reasonably believe such charges shall exceed $100.00.**

## I.     DEFINITIONS

(a)     The words "you", "yours", "yourselves", "Defendant" or "Tenord" mean Defendant YVETTE TENORD. and any directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on behalf of the Defendant.

(b)     The singular shall include the plural and vice versa; the terms "and" or "or" shall be conjunctive and disjunctive; and the term "including" means "including without limitation".

(c)     "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

(d)     The word "document" shall be defined in its broadest sense and shall mean any writing, recording or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to:  correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, electronic mail, texts, computer printouts, electronic mail printouts or communications, microfilms, video tapes, surveys, property records, property drawings, property descriptions, blueprints, plots, plans, sketches, inspection reports or tape recordings.

(e)     "Agent" shall mean:  any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

(f)     "Person" shall mean any individual, business, corporation, proprietorship, partnership, trust, association or any other entity.

(g)      The words "pertain to" or "pertaining to" mean:  relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

(h)      The terms "third party" or "third parties" refer to individuals or entities that are not a party to this action.

(i)      The term "Action" shall mean the above captioned case.

(j)      The word "identify", when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e., correspondence, memorandum, facsimile etc.);  (2) the general subject matter of the document;  (3) the date of the document;  (4) the author of the document;  (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.  The word "identify", when used in reference to a person, means and includes the full name of the person, and the person's last known address and telephone number.

## II.    INSTRUCTIONS

If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

(1)      the nature of the privilege claimed (including work product);

(2)      if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being evoked;

(3)      the date of the document or oral communication;

(4)     if a document:  its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, addressee and, if not apparent, the relationship between the author and addressee;

(5)     if an oral communication:  the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(6)     the general subject matter of the document or oral communication.

III.    **DOCUMENTS TO BE PRODUCED**

1.     Copies of all documents received or sent to Iteb Zaibet, Lolita Rebulard, Luxury Properties, Inc. Luxury Properties Trust (whenever established), Guzman305 Trust or any of their agents, companies, or trusts concerning the matters raised in the Complaint in this matter.

2.     Copies of any monies, checks, funds or assets received by Tenord from Iteb Zaibet, Lolita Rebulard, Luxury Properties, Inc. Luxury Properties Trust (whenever established), Guzman305 Trust or any of their agents, companies, or trusts over the last five years.

3.     Copies of all closing documents, correspondence, due diligence, research, and all other documents in the file concerning the property located at 5421 Bayview Drive, Fort Lauderdale, Florida.

4.     Copies of any closing documents, correspondence, due diligence, research, and all other documents in the file concerning any other properties you have ever worked on for Iteb Zaibet, Lolita Rebulard, Luxury Properties, Inc. Luxury Properties Trust (whenever established), Guzman305 Trust or any of their agents, companies, or trusts.

5.      Copies of any documents that would show any monies ever received from Iteb Zaibet, Lolita Rebulard, Luxury Properties, Inc. Luxury Properties Trust (whenever established), Guzman305 Trust or any of their agents, companies, or trusts.

6.      A list of any projects, matters, or jobs ever worked on for Iteb Zaibet, Lolita Rebulard, Luxury Properties, Inc. Luxury Properties Trust (whenever established), Guzman305 Trust or any of their agents, companies, or trusts.

7.      Copies of any documents that would disclose monies received from Patrick Muller or any related entities of Patrick Muller (see Exhibit 3 to the Complaint).

8.      Copies of any instructions as to monies received from Patrick Muller or any related entities of Patrick Muller (see Exhibit 3 to the Complaint).

9.      Copies of any documents that disclose what was done with monies received from Patrick Muller or any related entities of Patrick Muller (see Exhibit 3 to the Complaint).

10.     Copies of any documents dealing with the payment of taxes or any other costs or expenses dealing with 888 Biscayne Boulevard, Unit 2501, Miami, Florida 33132 (see paragraph 34 of the Complaint).

11.     Copies of any documents dealing with the purchase or sale of the property located at 1100 Biscayne Blvd, Unit 4401, Miami, Florida 33132 (see paragraph 34 of the Complaint).

12.     Copies of any documents dealing with the purchase or sale of the property located at 888 Biscayne Blvd., Unit 4601, Miami, Florida 33132 (see paragraph 34 of the Complaint).

13.     Copies of any documents dealing with the purchase or sale of the property located at 8356 Calumet Court, Port Saint Lucie, Florida 34986 (see paragraph 34 of the Complaint).

14.     Copies of any documents dealing with purchase or sale of the 2017 Lamborghini Huracan LP 580-2 Convertible (see paragraph 34 of the Complaint).

15.      Copies of all banking records and documents dealing with the purchase and/or sale of all the properties listed in the Complaint.

16.      Copies of all documents concerning the formation of Infinite Res (see paragraph 36 of the Complaint).

17.      Copies of all banking records and documents concerning Infinite Res and the purchase or sale of property in which any monies of Patrick Muller were used to help buy the same.

18.      Copies of all documents that would disclose what has happened to the monies received for the sale of the Port St. Lucie Property and where those monies are currently located (see paragraphs 34-37 of the Complaint).


                                        **TAYLOR, DAY, GRIMM & BOYD**

                                        */s/ Kenneth A. Tomchin*
                                        John D. Osgathorpe, Esquire
                                        Florida Bar No. 147620
                                        Kenneth A. Tomchin, Esquire
                                        Florida Bar No. 0724955
                                        50 North Laura Street, Suite 3500
                                        Jacksonville, Florida 32202
                                        Telephone: 904-356-0700
                                        Facsimile: 904-356-3224
                                        jdo@taylordaylaw.com
                                        ktomchin@taylordaylaw.com
                                        amelton@taylordaylaw.com
                                        lad@taylordaylaw.com
                                        hmaxwell@taylordaylaw.com
                                        *Attorneys for Plaintiffs Patrick Muller and*
                                        *Mouna Bouzid*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 20th day of December 2023, I served the following discovery requests via electronic mail upon the following:

| | |
|---|---|
| Steven H. Osber<br>Fla. Bar No. 86088<br>Jason Adamsky<br>Fla. Bar No. 111326<br>CONRAD & SHERER, LLP<br>633 S. Federal Hwy., Suite 800<br>Fort Lauderdale, FL 33316<br>Telephone (954) 462-5500<br>Facsimile (954) 463-9244<br>SOsber@conradsherer.com<br>JAdamsky@conradsherer.com<br>AThomas@conradsherer.com<br>*Counsel for Defendants Johnny Previlus, Yvette Tenord, AAA Plus Financial Group, Inc., Res Investment Inter, Inc., Infinite Res Investment, LLC* | David P. Reiner, II<br>Fla. Bar No. 416400<br>REINER & REINER, P.A.<br>9100 So. Dadeland Boulevard, Suite 901<br>Miami, FL 33156-7815<br>Telephone (305) 670-8282<br>Facsimile (305) 670-8989<br>dpr@reinerslaw.com<br>eservice@reinerslaw.com<br>*Counsel for Luxury Properties Trust dated March 2, 2018* |
| Cody German<br>Fla. Bar No. 58654<br>Bernadette M. Gomez<br>Fla. Bar No. 1031423<br>COLE, SCOTT & KISSANE, P.A.<br>9150 South Dadeland Boulevard, Suite 1400<br>PO Box 569015<br>Miami, FL 33256<br>Telephone (786) 268-6415<br>Facsimile (305) 373-2294<br>cody.german@csklegal.com<br>bernadette.gomez@csklegal.com<br>*Counsel for New Miami Realty Corp.* | |

*/s/ Kenneth A. Tomchin*
Attorney

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 23-cv-22276-BLOOM/Otazo-Reyes

PATRICK MULLER, an individual, and
MOUNA BOUZID, an individual,

      Plaintiffs,

vs.

ITEB ZAIBET a/k/a "Swagg Man", an
individual; LOLITA C. REBULARD, an
individual; LUXURY PROPERTIES, INC., a
Delaware corporation; BEACH PROPERTIES
RENTAL, INC., a Delaware corporation;
LUXURY PROPERTIES TRUST u/a/d March
2, 2018; AAA PLUS FINANCIAL GROUP,
INC., a Florida corporation; YVETTE
TENORD, an individual; JOHNNY
PREVILUS, an individual; RES
INVESTMENT INTER, INC., a Florida
corporation; INFINITE RES INVESTMENT,
LLC., a Nevada limited liability company;
NEW MIAMI REALTY, CORP. a Florida
Corporation; and GUZMAN305 TRUST, a
Florida trust,

      Defendants.

_____/

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**
**TO DEFENDANT, RES INVESTMENT INTER, INC.**

Pursuant to Fed. R. Civ. P. 34, Plaintiffs, PATRICK MULLER and MOUNA BOUZID

("Plaintiffs") requests that Defendant RES INVESTMENT INTER, INC. ("Defendant" or "RES

Investment") produce for inspection and copying the documents referenced below at the offices

of Taylor, Day, Grimm & Boyd, 50 N. Laura Street, Suite 3500, Jacksonville, FL 32202 within

thirty (30) days of service hereof, or at such other time and place as may be agreed upon in

advance by counsel or so ordered by the Court. **Please contact the undersigned in advance of**

**incurring any copy charges if you reasonably believe such charges shall exceed $100.00.**

I.    **DEFINITIONS**

(a)    The words "you", "yours", "yourselves", "Defendant" or "RES Investment" mean Defendant RES INVESTMENT INTER, INC. and any directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on behalf of the Defendant.

(b)    The singular shall include the plural and vice versa; the terms "and" or "or" shall be conjunctive and disjunctive; and the term "including" means "including without limitation".

(c)    "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

(d)    The word "document" shall be defined in its broadest sense and shall mean any writing, recording or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to:  correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, electronic mail, texts, computer printouts, electronic mail printouts or communications, microfilms, video tapes, surveys, property records, property drawings, property descriptions, blueprints, plots, plans, sketches, inspection reports or tape recordings.

(e)    "Agent" shall mean:  any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

(f)    "Person" shall mean any individual, business, corporation, proprietorship, partnership, trust, association or any other entity.

(g)     The words "pertain to" or "pertaining to" mean:  relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

(h)     The terms "third party" or "third parties" refer to individuals or entities that are not a party to this action.

(i)     The term "Action" shall mean the above captioned case.

(j)     The word "identify", when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e., correspondence, memorandum, facsimile etc.);  (2) the general subject matter of the document;  (3) the date of the document;  (4) the author of the document;  (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.  The word "identify", when used in reference to a person, means and includes the full name of the person, and the person's last known address and telephone number.

## II.     INSTRUCTIONS

If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

(1)     the nature of the privilege claimed (including work product);

(2)     if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being evoked;

(3)     the date of the document or oral communication;

(4) if a document: its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, addressee and, if not apparent, the relationship between the author and addressee;

(5) if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(6) the general subject matter of the document or oral communication.

III.  **DOCUMENTS TO BE PRODUCED**

1. Copies of all documents received or sent to Iteb Zaibet, Lolita Rebulard, Luxury Properties, Inc. Luxury Properties Trust (whenever established), Guzman305 Trust or any of their agents, companies, or trusts concerning the matters raised in the Complaint in this matter.

2. Copies of any monies, checks, funds or assets received by RES Investment from Iteb Zaibet, Lolita Rebulard, Luxury Properties, Inc. Luxury Properties Trust (whenever established), Guzman305 Trust or any of their agents, companies, or trusts over the last five years.

3. Copies of all closing documents, correspondence, due diligence, research, and all other documents in the file concerning the property located at 5421 Bayview Drive, Fort Lauderdale, Florida.

4. Copies of any closing documents, correspondence, due diligence, research, and all other documents in the file concerning any other properties you have ever worked on for Iteb Zaibet, Lolita Rebulard, Luxury Properties, Inc. Luxury Properties Trust (whenever established), Guzman305 Trust or any of their agents, companies, or trusts.

5.      Copies of any documents that would show any monies ever received from Iteb Zaibet, Lolita Rebulard, Luxury Properties, Inc. Luxury Properties Trust (whenever established), Guzman305 Trust or any of their agents, companies, or trusts.

6.      A list of any projects, matters, or jobs ever worked on for Iteb Zaibet, Lolita Rebulard, Luxury Properties, Inc. Luxury Properties Trust (whenever established), Guzman305 Trust or any of their agents, companies, or trusts.

7.      Copies of any documents that would disclose monies received from Patrick Muller or any related entities of Patrick Muller (see Exhibit 3 to the Complaint).

8.      Copies of any instructions as to monies received from Patrick Muller or any related entities of Patrick Muller (see Exhibit 3 to the Complaint).

9.      Copies of any documents that disclose what was done with monies received from Patrick Muller or any related entities of Patrick Muller (see Exhibit 3 to the Complaint).

10.      Copies of any documents dealing with the payment of taxes or any other costs or expenses dealing with 888 Biscayne Boulevard, Unit 2501, Miami, Florida 33132 (see paragraph 34 of the Complaint).

11.      Copies of any documents dealing with the purchase or sale of the property located at 1100 Biscayne Blvd, Unit 4401, Miami, Florida 33132 (see paragraph 34 of the Complaint).

12.      Copies of any documents dealing with the purchase or sale of the property located at 888 Biscayne Blvd., Unit 4601, Miami, Florida 33132 (see paragraph 34 of the Complaint).

13.      Copies of any documents dealing with the purchase or sale of the property located at 8356 Calumet Court, Port Saint Lucie, Florida 34986 (see paragraph 34 of the Complaint).

14.      Copies of any documents dealing with purchase or sale of the 2017 Lamborghini Huracan LP 580-2 Convertible (see paragraph 34 of the Complaint).

15.     Copies of all banking records and documents dealing with the purchase and/or sale of all the properties listed in the Complaint.

16.     Copies of all documents concerning the formation of Infinite Res (see paragraph 36 of the Complaint).

17.     Copies of all banking records and documents concerning Infinite Res and the purchase or sale of property in which any monies of Patrick Muller were used to help buy the same.

18.     Copies of all documents that would disclose what has happened to the monies received for the sale of the Port St. Lucie Property and where those monies are currently located (see paragraphs 34-37 of the Complaint).

**TAYLOR, DAY, GRIMM & BOYD**

*/s/ Kenneth A. Tomchin*
John D. Osgathorpe, Esquire
Florida Bar No. 147620
Kenneth A. Tomchin, Esquire
Florida Bar No. 0724955
50 North Laura Street, Suite 3500
Jacksonville, Florida 32202
Telephone:  904-356-0700
Facsimile: 904-356-3224
jdo@taylordaylaw.com
ktomchin@taylordaylaw.com
amelton@taylordaylaw.com
lad@taylordaylaw.com
hmaxwell@taylordaylaw.com
*Attorneys for Plaintiffs Patrick Muller and
Mouna Bouzid*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 20th day of December 2023, I served the following discovery requests via electronic mail upon the following:

| | |
|---|---|
| Steven H. Osber<br>Fla. Bar No. 86088<br>Jason Adamsky<br>Fla. Bar No. 111326<br>CONRAD & SHERER, LLP<br>633 S. Federal Hwy., Suite 800<br>Fort Lauderdale, FL 33316<br>Telephone (954) 462-5500<br>Facsimile (954) 463-9244<br>SOsber@conradsherer.com<br>JAdamsky@conradsherer.com<br>AThomas@conradsherer.com<br>*Counsel for Defendants Johnny Previlus, Yvette Tenord, AAA Plus Financial Group, Inc., Res Investment Inter, Inc., Infinite Res Investment, LLC* | David P. Reiner, II<br>Fla. Bar No. 416400<br>REINER & REINER, P.A.<br>9100 So. Dadeland Boulevard, Suite 901<br>Miami, FL 33156-7815<br>Telephone (305) 670-8282<br>Facsimile (305) 670-8989<br>dpr@reinerslaw.com<br>eservice@reinerslaw.com<br>*Counsel for Luxury Properties Trust dated March 2, 2018* |
| Cody German<br>Fla. Bar No. 58654<br>Bernadette M. Gomez<br>Fla. Bar No. 1031423<br>COLE, SCOTT & KISSANE, P.A.<br>9150 South Dadeland Boulevard, Suite 1400<br>PO Box 569015<br>Miami, FL 33256<br>Telephone (786) 268-6415<br>Facsimile (305) 373-2294<br>cody.german@csklegal.com<br>bernadette.gomez@csklegal.com<br>*Counsel for New Miami Realty Corp.* | |

/s/ Kenneth A. Tomchin
Attorney

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 23-cv-22276-BLOOM/Otazo-Reyes**

PATRICK MULLER, an individual, and
MOUNA BOUZID, an individual,

       Plaintiffs,

vs.

ITEB ZAIBET a/k/a "Swagg Man", an
individual; LOLITA C. REBULARD, an
individual; LUXURY PROPERTIES, INC., a
Delaware corporation; BEACH PROPERTIES
RENTAL, INC., a Delaware corporation;
LUXURY PROPERTIES TRUST u/a/d March
2, 2018; AAA PLUS FINANCIAL GROUP,
INC., a Florida corporation; YVETTE
TENORD, an individual; JOHNNY
PREVILUS, an individual; RES
INVESTMENT INTER, INC., a Florida
corporation; INFINITE RES INVESTMENT,
LLC., a Nevada limited liability company;
NEW MIAMI REALTY, CORP. a Florida
Corporation; and GUZMAN305 TRUST, a
Florida trust,

       Defendants.

_____/

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
TO DEFENDANT, INFINITE RES INVESTMENT, LLC**

       Pursuant to Fed. R. Civ. P. 34, Plaintiffs, PATRICK MULLER and MOUNA BOUZID

("Plaintiffs") requests that Defendant INFINITE RES INVESTMENT, LLC ("Defendant" or

"Infinite RES Investment") produce for inspection and copying the documents referenced below

at the offices of Taylor, Day, Grimm & Boyd, 50 N. Laura Street, Suite 3500, Jacksonville, FL

32202 within thirty (30) days of service hereof, or at such other time and place as may be agreed

upon in advance by counsel or so ordered by the Court. **Please contact the undersigned in**

**advance of incurring any copy charges if you reasonably believe such charges shall exceed
$100.00.**

## I.      DEFINITIONS

(a)      The words "you", "yours", "yourselves", "Defendant" or "Infinite RES
Investment" mean Defendant INFINITE RES INVESTMENT, LLC and any directors, officers,
employees, agents, representatives or other persons acting, or purporting to act, on behalf of the
Defendant.

(b)      The singular shall include the plural and vice versa; the terms "and" or "or" shall
be conjunctive and disjunctive; and the term "including" means "including without limitation".

(c)      "Date" shall mean the exact date, month and year, if ascertainable or, if not, the
best approximation of the date (based upon relationship with other events).

(d)      The word "document" shall be defined in its broadest sense and shall mean any
writing, recording or photograph in your actual or constructive possession, custody, care or
control, which pertain directly or indirectly, in whole or in part, either to any of the subjects
listed below or to any other matter relevant to the issues in this action, or which are themselves
listed below as specific documents, including, but not limited to:  correspondence, memoranda,
notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, electronic mail, texts,
computer printouts, electronic mail printouts or communications, microfilms, video tapes,
surveys, property records, property drawings, property descriptions, blueprints, plots, plans,
sketches, inspection reports or tape recordings.

(e)      "Agent" shall mean:  any agent, employee, officer, director, attorney, independent
contractor or any other person acting at the direction of or on behalf of another.

(f)     "Person" shall mean any individual, business, corporation, proprietorship, partnership, trust, association or any other entity.

(g)     The words "pertain to" or "pertaining to" mean:  relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

(h)     The terms "third party" or "third parties" refer to individuals or entities that are not a party to this action.

(i)     The term "Action" shall mean the above captioned case.

(j)     The word "identify", when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e., correspondence, memorandum, facsimile etc.);  (2) the general subject matter of the document;  (3) the date of the document;  (4) the author of the document;  (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.  The word "identify", when used in reference to a person, means and includes the full name of the person, and the person's last known address and telephone number.

## II.     INSTRUCTIONS

If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

(1)     the nature of the privilege claimed (including work product);

(2)     if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being evoked;

(3)     the date of the document or oral communication;

(4)     if a document:  its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, addressee and, if not apparent, the relationship between the author and addressee;

(5)     if an oral communication:  the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(6)     the general subject matter of the document or oral communication.

## III.    DOCUMENTS TO BE PRODUCED

1.     Copies of all documents received or sent to Iteb Zaibet, Lolita Rebulard, Luxury Properties, Inc. Luxury Properties Trust (whenever established), Guzman305 Trust or any of their agents, companies, or trusts concerning the matters raised in the Complaint in this matter.

2.     Copies of any monies, checks, funds or assets received by Infinite RES Investment from Iteb Zaibet, Lolita Rebulard, Luxury Properties, Inc. Luxury Properties Trust (whenever established), Guzman305 Trust or any of their agents, companies, or trusts over the last five years.

3.     Copies of all closing documents, correspondence, due diligence, research, and all other documents in the file concerning the property located at 5421 Bayview Drive, Fort Lauderdale, Florida.

4.     Copies of any closing documents, correspondence, due diligence, research, and all other documents in the file concerning any other properties you have ever worked on for Iteb Zaibet, Lolita Rebulard, Luxury Properties, Inc. Luxury Properties Trust (whenever established), Guzman305 Trust or any of their agents, companies, or trusts.

5.      Copies of any documents that would show any monies ever received from Iteb Zaibet, Lolita Rebulard, Luxury Properties, Inc. Luxury Properties Trust (whenever established), Guzman305 Trust or any of their agents, companies, or trusts.

6.      A list of any projects, matters, or jobs ever worked on for Iteb Zaibet, Lolita Rebulard, Luxury Properties, Inc. Luxury Properties Trust (whenever established), Guzman305 Trust or any of their agents, companies, or trusts.

7.      Copies of any documents that would disclose monies received from Patrick Muller or any related entities of Patrick Muller (see Exhibit 3 to the Complaint).

8.      Copies of any instructions as to monies received from Patrick Muller or any related entities of Patrick Muller (see Exhibit 3 to the Complaint).

9.      Copies of any documents that disclose what was done with monies received from Patrick Muller or any related entities of Patrick Muller (see Exhibit 3 to the Complaint).

10.     Copies of any documents dealing with the payment of taxes or any other costs or expenses dealing with 888 Biscayne Boulevard, Unit 2501, Miami, Florida 33132 (see paragraph 34 of the Complaint).

11.     Copies of any documents dealing with the purchase or sale of the property located at 1100 Biscayne Blvd, Unit 4401, Miami, Florida 33132 (see paragraph 34 of the Complaint).

12.     Copies of any documents dealing with the purchase or sale of the property located at 888 Biscayne Blvd., Unit 4601, Miami, Florida 33132 (see paragraph 34 of the Complaint).

13.     Copies of any documents dealing with the purchase or sale of the property located at 8356 Calumet Court, Port Saint Lucie, Florida 34986 (see paragraph 34 of the Complaint).

14.     Copies of any documents dealing with purchase or sale of the 2017 Lamborghini Huracan LP 580-2 Convertible (see paragraph 34 of the Complaint).

15.     Copies of all banking records and documents dealing with the purchase and/or sale of all the properties listed in the Complaint.

16.     Copies of all documents concerning the formation of Infinite Res (see paragraph 36 of the Complaint).

17.     Copies of all banking records and documents concerning Infinite Res and the purchase or sale of property in which any monies of Patrick Muller were used to help buy the same.

18.     Copies of all documents that would disclose what has happened to the monies received for the sale of the Port St. Lucie Property and where those monies are currently located (see paragraphs 34-37 of the Complaint).

**TAYLOR, DAY, GRIMM & BOYD**

*/s/ Kenneth A. Tomchin*
John D. Osgathorpe, Esquire
Florida Bar No. 147620
Kenneth A. Tomchin, Esquire
Florida Bar No. 0724955
50 North Laura Street, Suite 3500
Jacksonville, Florida 32202
Telephone:  904-356-0700
Facsimile: 904-356-3224
jdo@taylordaylaw.com
ktomchin@taylordaylaw.com
amelton@taylordaylaw.com
lad@taylordaylaw.com
hmaxwell@taylordaylaw.com
*Attorneys for Plaintiffs Patrick Muller and Mouna Bouzid*

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on the 20th day of December 2023, I served the following

discovery requests via electronic mail upon the following:

| | |
|---|---|
| Steven H. Osber<br>Fla. Bar No. 86088<br>Jason Adamsky<br>Fla. Bar No. 111326<br>CONRAD & SHERER, LLP<br>633 S. Federal Hwy., Suite 800<br>Fort Lauderdale, FL 33316<br>Telephone (954) 462-5500<br>Facsimile (954) 463-9244<br>SOsber@conradsherer.com<br>JAdamsky@conradsherer.com<br>AThomas@conradsherer.com<br>*Counsel for Defendants Johnny Previlus, Yvette Tenord, AAA Plus Financial Group, Inc., Res Investment Inter, Inc., Infinite Res Investment, LLC* | David P. Reiner, II<br>Fla. Bar No. 416400<br>REINER & REINER, P.A.<br>9100 So. Dadeland Boulevard, Suite 901<br>Miami, FL 33156-7815<br>Telephone (305) 670-8282<br>Facsimile (305) 670-8989<br>dpr@reinerslaw.com<br>eservice@reinerslaw.com<br>*Counsel for Luxury Properties Trust dated March 2, 2018* |
| Cody German<br>Fla. Bar No. 58654<br>Bernadette M. Gomez<br>Fla. Bar No. 1031423<br>COLE, SCOTT & KISSANE, P.A.<br>9150 South Dadeland Boulevard, Suite 1400<br>PO Box 569015<br>Miami, FL 33256<br>Telephone (786) 268-6415<br>Facsimile (305) 373-2294<br>cody.german@csklegal.com<br>bernadette.gomez@csklegal.com<br>*Counsel for New Miami Realty Corp.* | |

                                        */s/ Kenneth A. Tomchin*
                                             Attorney