UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22276-BLOOM/Torres

PATRICK MULLER and
MOUNA BOUZID,

    Plaintiffs,

v.

ITEB ZAIBET, *et al.*,

    Defendants.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS**

**THIS CAUSE** is before the Court upon the Magistrate Judge's Report and Recommendation, ECF No. [110], recommending: (1) Defendant New Miami Realty, Corp.'s Motion to Dismiss, ECF No. [29], be granted;[1] (2) Defendants Yvette Tenord and Johnny Previlus' Motion to Dismiss, ECF No. [63], be granted in part and denied in part; and (3) Defendants AAA Plus Financial Group Inc., Res Investment Inter, Inc., and Infinite Res Investment, LLC's Motion to Dismiss, ECF No. [64], be granted in part and denied in part. The parties did not file objections to the Report and Recommendation. The Court has carefully reviewed Defendants' Motions to Dismiss, the Report and Recommendation, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Court adopts the Report and Recommendation in full.

---

[1] Defendant New Miami Realty, Corp. subsequently settled with Plaintiffs Patrick Muller and Mouna Bouzid. *See* ECF No. [112]. The Court accordingly denies Defendant New Miami Realty Corp.'s Motion to Dismiss, ECF No. [29], as moot.

Case No. 23-cv-22276-BLOOM/Torres

## I. BACKGROUND

### A. Complaint

Plaintiffs Patrick Muller and Mouna Bouzid ("Plaintiffs") initiated this action on June 20, 2023. ECF No. [1]. The Complaint generally alleges that Plaintiffs are victims of an international investment and real estate scheme involving Defendants, most notably Defendants Iteb Zaibet and Lolita C. Rebulard ("Principal Defendants"). Plaintiffs allege they were approached by Principal Defendants with an attractive real estate investment opportunity in South Florida. *Id.* ¶¶ 22-25. Principal Defendants allegedly induced Plaintiffs to wire funds intended for investment in a fictitious real estate property located in Fort Lauderdale, Florida. *Id.* ¶¶ 25-30. Plaintiffs subsequently discovered the real estate investment opportunity was a sham. *Id.* ¶ 32. Before Plaintiffs could recover their funds, however, the funds were diverted for unrelated purposes for the benefit of Principal Defendants and their accomplices. *Id*. ¶¶ 34-38.

Plaintiffs' Complaint alleges thirteen claims against eleven Defendants in connection with the investment and real estate scheme. Relevant here, Plaintiffs assert wire fraud (Count I), mail fraud (Count II), civil RICO (Count III), and unjust enrichment (Count IV) claims against Defendants Yvette Tenord ("Tenord") and Johnny Previlus ("Previlus"). Plaintiffs also assert their unjust enrichment claim (Count IV) against Defendants AAA Plus Financial Group Inc. ("AAA Financial"), Res Investment Inter, Inc. ("Res Investment"), and Infinite Res Investment, LLC ("Infinite Res"). Plaintiffs additionally assert an equitable lien claim (Count XIII) against Res Investment regarding a property located in Port St. Lucie, Florida that was allegedly purchased with Plaintiffs' funds.

Case No. 23-cv-22276-BLOOM/Torres

### B. Motions to Dismiss

On August 18, 2023, Tenord and Previlus filed a Motion to Dismiss, ECF No. [63], arguing Counts I – IV must be dismissed for failing to state a claim for relief. Plaintiffs filed a Response in Opposition, ECF No. [96], to which Tenord and Previlus filed a Reply, ECF No. [101]. AAA Financial, Res Investment, and Infinite Res also filed a Motion to Dismiss on August 18, 2023, ECF No. [64], arguing Count IV must be dismissed for failing to state a claim, and Count XIII also must be dismissed because the imposition of an equitable lien is unwarranted. Plaintiffs filed a Response in Opposition, ECF No. [95], to which AAA Financial, Res Investment, and Infinite Res filed a Reply, ECF No. [100].

On November 6, 2023, the Court referred Defendants' Motions to Dismiss to Chief Magistrate Edwin G. Torres for a Report and Recommendation ("R&R"). ECF No. [102].

### C. Report and Recommendation

On January 23, 2024, Chief Magistrate Judge Torres issued his Report and Recommendations, ECF No. [110]. In his analysis, Chief Magistrate Judge Torres concluded that, with the exception of Plaintiffs' unjust enrichment claim, the Complaint fails to state a claim against Defendants. Judge Torres found the wire fraud, mail fraud, and civil RICO allegations against Tenord and Previlus were insufficient under Federal Rule of Civil Procedure 9(b). Judge Torres also found the Complaint failed to allege the necessary nexus between Plaintiffs' funds and a property owned by Res Investment to warrant the imposition of an equitable lien.

#### i. Defendants Tenord and Previlus

Judge Torres began his analysis by noting Tenord and Previlus—a married couple involved in the South Florida real estate market—are allegedly the sole owners, operators, and alter egos of Defendants AAA Financial, Res Investments, and Infinite Res. ECF No. [102] at 9. Plaintiffs

3

allege Tenord and Previlus assisted Principal Defendants in diverting Plaintiffs' funds based on their nexus to and management of AAA Financial, Res Investments, and Infinite Res. *Id.*

### 1.  Wire Fraud and Mail Fraud (Counts I – II)

Judge Torres accurately observed that "[t]o state a cause of action for wire and mail fraud, Plaintiffs must show that defendants Tenord and Previlus (1) intentionally participated in the scheme to defraud them and (2) used the mails or wires in furtherance of that scheme." *Id.* at 10 (citing *Feldman v. Am. Dawn, Inc.*, 849 F.3d 1333, 1343 (11th Cir. 2017)). The R&R correctly noted that allegations of fraud are subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standard, requiring "a party . . . [to] state with particularity the circumstances constituting fraud." *Id.*; Fed. R. Civ. P. 9(b). "This means that to satisfy Rule 9(b) in a civil action involving a scheme to defraud, a plaintiff must identify the time, place, and substance of each allegedly fraudulent act." *Id.* (citing *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997)). Judge Torres pointed out that where, as here, "the alleged fraud involves multiple defendants, Rule 9(b) requires that the plaintiff plead sufficient facts to 'inform each defendant of the nature of [its] alleged participation in the fraud.'" *Id.* (quoting *Brooks*, 116 F.3d at 1381) (internal quotation omitted)).

Judge Torres found the allegations supporting Plaintiffs' wire and mail fraud claims with respect to Tenord and Previlus "suffer[ed] from fatal factual deficiencies." ECF No. [102] at 10. The R&R observed "the Complaint is devoid of a single non-conclusory factual averment from which one could reasonably infer that Tenord and Previlus even knew about Plaintiffs' dealings with the main defendants, let alone intentionally participated in any fraudulent scheme." *Id.* at 10-11. Judge Torres acknowledged "the Complaint repeatedly asserts that "Zaibet, Rebulard, Tenord and Previlus, knowingly devised and participated in a scheme to defraud the Plaintiffs by making

4

representations that they were making investments in real estate on the Plaintiff's behalf when in reality there were using funds for their own personal benefit." *Id.* at 11 (citing ECF No. [1] ¶ 43). However, the R&R explained this conclusory assertion "is completely unsupported as to these Defendants, for not once does the Complaint allude to a single fact evidencing that (i) Tenord or Previlus had a hand in the creation of this scheme; (ii) Tenord or Previlus articulated or communicated to the Plaintiffs a single statement, let alone a material misrepresentation; or (iii) Tenord or Previlus ever directed the Plaintiffs to execute any of the wire transactions into AAA's bank account." *Id.* Judge Torres found the Complaint's non-conclusory allegations supporting Plaintiffs' wire and mail fraud claims were exclusively directed toward Principal Defendants Zaibet and Rebulard.[2] *Id.* (citing ECF No. [1] ¶¶ 22-25, 28-24). Judge Torres accordingly rejected Plaintiffs' attempt to "impute upon Tenord and Previlus the detailed allegations they make against the main defendants" as insufficient under Rule 9(b)'s heightened pleading standard. *Id.* at 12 (citing *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 663 (11th Cir. 2015); *Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1343 (S.D. Fla. 2018); *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1328 (7th Cir. 1994)).

The R&R found that "the Complaint simply fails to provide any factual support to allow this Court to connect the dots in a way that reasonably shows that Tenord's and Previlus' involvement in these four wire transactions was not that of an ordinary real estate agent." *Id.* at 12. The allegations supporting Plaintiffs' mail fraud claim similarly "fail[ed] to proffer a single instance of mail use by either Tenord or Previlus for any purpose, let alone in furtherance of the alleged scheme." *Id.* at 13 n.7. The R&R accordingly recommends dismissal of Counts I and II with respect to Tenord and Previlus.

---

[2] Those allegations also concern Defendant Florida Luxury, a company controlled by Principal Defendant Zaibet. *Id.*

### 2.   Civil RICO (Count III)

The R&R also concludes Count III should be dismissed for failing to properly plead a civil RICO claim premised on wire and mail fraud. Count III alleges civil RICO liability under 18 U.S.C. § 1961 *et seq. See generally* ECF No. [1]. Judge Torres correctly recognized the Complaint "must allege 'that the defendant committed a pattern of . . . predicate acts,' 'that the plaintiff suffered injury to business or property,' and 'that the defendant's racketeering activity proximately caused the injury.'" ECF No. [102] at 13 (citing *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 705 (11th Cir. 2014)). As explained in the R&R, "[i]n order to prove a pattern of racketeering . . . , a plaintiff must show at least two racketeering predicates that are related, and that they amount to or pose a threat of continued criminal activity." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). Judge Torres explained Plaintiffs' civil RICO claim is predicated on Tenord and Previlus' alleged predicate acts of wire and mail fraud and is therefore also subject to Rule 9(b)'s heightened pleading standard. *Id.* (citations omitted).

Judge Torres concluded that the Complaint's failure to sufficiently allege Tenord or Previlus committed the predicate acts of mail or wire fraud is fatal to Plaintiffs' civil RICO claim. *Id.* at 14-15. The R&R also found that, even if Plaintiffs sufficiently alleged those predicate acts, their civil RICO claim nonetheless must be dismissed because they have failed to show "that the alleged acts constitute a pattern of racketeering activity." *Id.* at 15. Judge Torres correctly determined that alleging a pattern of racketeering activity in turn requires alleging the predicate acts in question sufficient to "demonstrate criminal conduct of a continuing nature." *Id.* (quoting *Lawrie v. Ginn Dev. Co., LLC*, 656 F. App'x 464, 467 (11th Cir. 2016)). The R&R determined "the four wire transactions forming the basis of Plaintiffs' RICO claim against Tenord and Previlus, all of which occurred within the span of approximately one month" fail to demonstrate

criminal conduct of a continuing nature. *Id.* (citing ECF No. [1] ¶ 53). Judge Torres pointed out that the Complaint's additional allegations of continued criminal conduct concern the conduct of Principal Defendant Zaibet, and not Tenord and Previlus. *Id.* Judge Torres concluded the Complaint fails to indicate Tenord and Previlus are engaged in continuing criminal activity, and Count III must be dismissed. *Id.* at 15-16 (citations omitted).

### 3. Unjust Enrichment (Count IV)

Judge Torres found Plaintiffs plausibly allege an unjust enrichment claim against Tenord and Previlus. The R&R rejects Tenord's and Previlus' argument that Count IV must be dismissed for seeking relief that overlaps with Counts I – III, and the impropriety of seeking equitable relief despite the availability of viable legal remedies. Judge Torres noted the "overlap" argument was moot in light of his finding that Counts I and II must be dismissed with respect to Tenord and Previlus. *Id.* at 17. Moreover, the R&R explains that Florida law permits an unjust enrichment claim regardless of the availability of additional remedies; "[h]ence, the availability of viable claims at law against other defendants does not dispose of the legal quasi-contractual claim they may have against third parties like" Tenord and Previlus. *Id.* at 18.

Judge Torres correctly stated that "an unjust enrichment claim requires that '(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value.'" *Id.* at 19 (quoting *Pincus v. Speedway, Inc.*, 2015 WL 5820808, at *4 (S.D. Fla. Oct. 6, 2015)). The R&R notes the Complaint contains the following allegations that the Defendants do not dispute: (1) Plaintiffs "issued four money transfers to Tenord's and Previlus' entity, AAA [Financial], in the sum of €1.5 million between December 3, 2021, and January 7, 2022[,] ECF No. [1]; (2) "Tenord

and Previlus were aware that these wires had taken place" and subsequently "diverted these funds from [AAA Financial's] bank account … for their own benefit and that of their corporate entities"; and (3) "Tenord and Previlus are the sole owners, operators, and alter egos of defendant AAA [Financial], as well as the sole managing members and alter egos of defendants Res Investments and Infinite Res." *Id.* at 19-20 (citing ECF No. [1] ¶¶ 12-16, 30-31, 33-36, 59-62; ECF No. [1-4]). Judge Torres concluded those allegations plausibly support an unjust enrichment claim against Tenord and Previlus.[3] *Id.* at 20.

Judge Torres accordingly recommended Tenord's and Previlus's Motion to Dismiss, ECF No. [63], be granted as to Counts I, II, and III, and denied as to Count IV.

### ii. Defendants AAA Financial, Res Investment, and Infinite Res

As noted above, Defendants AAA Financial, Res Investment, and Infinite Res seek dismissal of Plaintiffs' unjust enrichment claim (Count IV). Defendant Res Investment also seeks dismissal of Plaintiffs' equitable lien claim (Count XIII).

#### 1. Unjust Enrichment (Count IV)

Consistent with his analysis of Plaintiffs' unjust enrichment claim regarding Tenord and Previlus—the alleged owners of AAA Financial, Res Investment, and Infinite Res—Judge Torres found Plaintiffs plausibly allege an unjust enrichment claim against AAA Financial, Res Investment, and Infinite Res. *Id.* at 22. Plaintiffs allege they transferred about €1.5 million into AAA Financials' bank account and that those funds were used for the benefit of Tenord and Previlus, as well as their entities Res Investment and Infinite Res. *Id.* The Complaint alleges those funds were used to purchase a property located in Port St. Lucie on behalf of Res Investment, which quickly sold the property at a profit. Moreover, the Complaint alleges Plaintiffs never

---

[3] The R&R accurately observes that because an unjust enrichment claim does not require alleging fraudulent intent, it is not subject to Rule 9(b)'s heightened pleading standard. *Id.* at 20.

received any proceeds from that sale or any "other value or consideration for the benefits retained by these Defendants." *Id.* Judge Torres concluded those allegations plausibly assert an unjust enrichment claim against AAA Financial, Res Investment, and Infinite Res and recommended AAA Financial, Res Investment, and Infinite Res' Motion to Dismiss should be denied with respect to Count IV.

### 2. Equitable Lien (Count XIII)

Judge Torres recommended Plaintiffs' equitable lien claim (Count XIII) should be dismissed with respect to Res Investment. The R&R correctly observes that Florida law governs the imposition of an equitable lien in this context, and requires showing "the funds, [the] payment of which are to be secured by the equitable lien, must be directly traceable to the real property in question." *Id.* at 24 (quoting *In re Johnson*, 336 B.R. 568, 571 (Bankr. S.D. Fla. 2006)). Judge Torres found Plaintiffs' allegations fail to establish the necessary nexus between Res Investment and any specific property. *Id.* The R&R states:

> Although Plaintiffs conclusorily allege that the conveyances by AAA to two different entities (Space Coast Credit Union and South Florida Title Union) were for the purpose of acquiring the Port St. Lucie Property on behalf of Res Investment, [D.E. 1 ¶¶ 34–35], Plaintiffs simply fail to plead any facts connecting these disparate conveyances to either Res Investment or the actual purchase of the Port St. Lucie Property.

*Id.* Judge Torres concluded the Complaint's failure to plausibly allege that Plaintiffs' funds are directly traceable to the Port St. Lucie property is fatal to their equitable lien claim against Res Investment. *Id.* (citations omitted) and recommends Count XIII be dismissed with respect to Res Investment.

## II. LEGAL STANDARD

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings

and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989) (alterations omitted)). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J. R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

The parties declined to file objections to the R&R. The Court accordingly reviews the R&R for clear error. 28 U.S.C. § 636(b)(1); *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *Liberty Am. Ins. Grp., Inc.*, 199 F. Supp. 2d at 1276.

### A. Defendants Tenord and Previlus

The Court agrees that the Complaint fails to sufficiently allege Tenord and Previlus committed wire or mail fraud. As the R&R explains, the Complaint is devoid of allegations that Tenord or Previlus intentionally participated in a scheme to defraud Plaintiffs, let alone used wire transfers or mail to perpetrate such a scheme. Moreover, Plaintiffs cannot simply impute Principal Defendants' conduct to Tenord and Previlus. The Court accordingly adopts Judge Torres's recommendation to dismiss Counts I and II with respect to Tenord and Previlus.

The Court also adopts the R&R's finding that the Complaint's failure to allege Tenord and Previlus participated in a scheme to defraud Plaintiffs is fatal to their civil RICO claim with respect to Tenord and Previlus. As discussed above, the R&R accurately observed that Plaintiffs must allege Tenord and Previlus committed predicate acts in relation to their continued criminal activity, and that Plaintiffs fail to do so here. *See, e.g.*, *Simpson*, 744 F.3d at 705. Further, Judge Torres's determination that four wire transfers within the span of approximately one month fails to constitute continuing criminal conduct is not clearly erroneous. The Court accordingly adopts the R&R's recommendation to dismiss Count III with respect to Tenord and Previlus.

The R&R's finding that Plaintiffs plausibly allege Tenord and Previlus were unjustly enriched by using Plaintiffs' funds for their benefit is not clearly erroneous. Judge Torres correctly analyzed and applied the elements of an unjust enrichment claim under Florida law. *See Pincus*, 2015 WL 5820808, at *4. The Court agrees that the Complaint's allegations regarding Plaintiffs' four wire transfers to AAA Financial, Tenord's and Previlus' awareness of those transfers, and diversion of those funds for their own benefit, and status as the owners, operators, or alter egos of AAA Financial, Res Investment, and Infinite Res are sufficient to state a claim for unjust enrichment against those Defendants. *See* ECF No. [110] at 19-20 (citing ECF No. [1] ¶¶ 12-16, 30-31, 33-36, 59-62; ECF No. [1-4]). The Court accordingly adopts the R&R's recommendation and denies Tenord's and Previlus' Motion to Dismiss, ECF No. [63], with respect to Plaintiffs' unjust enrichment claim.

### B. Defendants AAA Financial, Res Investment, and Infinite Res

The Court also adopts the R&R's recommendation to deny AAA Financial, Res Investment, and Infinite Res' Motion to Dismiss with respect to Plaintiffs' unjust enrichment claim, Count IV. The Complaint's allegations that Plaintiffs transferred about €1.5 million into

11

AAA Financials' bank account, those funds were used by Res Investment and Infinite Res to purchase a property located in Port St. Lucie and sell that property at a profit, and that Plaintiffs never received a portion of the proceeds or any other benefit plausibly alleges a claim for unjust enrichment under Florida law. *See id.* at 22. The R&R's conclusion that Plaintiffs plausibly allege an unjust enrichment claim against AAA Financial, Res Investment, and Infinite Res is thus not clearly erroneous.

Furthermore, the Court agrees Count XIII fails to include allegations warranting the imposition of an equitable lien with respect to Res Investment. The R&R accurately found the Complaint fails to sufficiently allege a nexus between AAA Financials' conveyances to two unrelated entities and Res Investment's acquisition of the Port St. Lucie property. *See id.* at 24. That shortcoming is fatal to Plaintiffs' equitable lien claim under Florida law. *See In re Johnson*, 336 B.R. at 571. Judge Torres did not clearly err in recommending Count XIII be dismissed with respect to Res Investment and the Court adopts this recommendation.

## IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Report and Recommendation, **ECF No. [110]**, is **ADOPTED**;

2. Defendant New Miami Realty, Corp.'s Motion to Dismiss, **ECF No. [29]**, is **DENIED as moot** in light of the parties' settlement;

3. Defendants Johnny Previlus's and Yvette Tenord's Motion to Dismiss, **ECF No. [63]**, is **GRANTED in part and DENIED in part**. Counts I – III are dismissed with respect to Defendants. Count IV shall proceed against Defendants.

4. Defendants AAA Financial Plus Group Inc., Res Investment Inter Inc., and Infinite Res Investment, LLC's Motion to Dismiss, **ECF No. [64]**, is **GRANTED in part and**

**DENIED in part**. Count XIII is dismissed with respect to Defendant Res Investment Inter, Inc. Count IV shall proceed against Defendants.

5. Defendants Johnny Previlus, Yvette Tenord, AAA Financial Plus Group Inc., Res Investment Inter Inc., and Infinite Res Investment, LLC shall file Answers to Plaintiffs' Complaint **on or before March 5, 2024**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 20, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record