UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 2023-cv-22276-BB

PATRICK MULLER, an individual, and MOUNA BOUZID, an individual,

        Plaintiffs,

vs.

ITEB ZAIBET a/k/a "Swagg Man", an individual, LOLITA C. REBULARD, an individual, LUXURY PROPERTIES INC., a Delaware corporation, BEACH PROPERTIES RENTAL, INC., a Delaware corporation, LUXURY PROPERTIES TRUST u/a/d March 2, 2018, AAA PLUS FINANCIAL GROUP INC., a Florida corporation, YVETTE TENORD, an individual, JOHNNY PREVILUS, an individual, RES INVESTMENT INTER, INC., a Florida corporation, INFINITE RES INVESTMENT, LLC, a Nevada limited liability company, NEW MIAMI REALTY, CORP., a Florida corporation, and GUZMAN305 TRUST, a Florida trust,

        Defendants.
_____/

## MOTION FOR SUMMARY JUDGMENT

Defendant, LUXURY PROPERTIES TRUST dated March 2, 2018 ("Luxury Trust"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 56, hereby moves for summary judgment as to Count XIII for Equitable Lien (DE 1, ¶105-107), and states:

### STATEMENT OF MATERIAL FACTS

1.    Defendant Luxury Trust is the sole owner of 888 Biscayne Blvd., Apt. 2501, Miami, FL 33132 ("Apt. 2501"). Defendant Luxury Trust was previously the sole owner of 888 Biscayne Blvd., Apt. 4601, Miami, FL 33132 ("Apt. 4601") and 1100 Biscayne Blvd., Unit 4401,

Miami, FL 33132 ("Unit 4401"). See *Plaintiffs' Motion for Leave*, DE 127, ¶34(e) (noting that Apt. 4601 and Unit 4401 are no longer owned by the Defendants).

2. Plaintiff's Complaint (DE 1) states claims for wire fraud (Count I), mail fraud (Count II), civil RICO (Count III), unjust enrichment (Count IV), fraudulent misrepresentation (Count V), negligent misrepresentation (Count VI), breach of fiduciary duty (Count VII), constructive trust (Count VIII), conspiracy (Count IX), SEC Act violations (Count X), liability of controlling persons (Count XI), Florida Securities and Investor Protection Act violations (XII), equitable lien (Count XIII), and aiding and abetting breach of fiduciary duty (Count XIV). *Complaint*, DE 1.

3. Plaintiffs and Defendant New Miami settled Count XIV, which was asserted solely against Defendant New Miami. *Complaint*, DE 1; *Mediation Report*, DE 112, ¶2.

4. Following this Court's Order Adopting the Magistrate's Report and Recommendation on Motions to Dismiss (DE 113), the only operative claims in this lawsuit are Count IV for unjust enrichment and Count XIII for equitable lien because the rest of the claims are brought solely against Defendants Zaibet and Rebulard. *Complaint*, DE 1.

5. To date, Defendants Zaibet and Rebulard remain unserved.

## STANDARD OF REVIEW

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of [our rules] as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses…." *Celotex*, 477 U.S. at 323-24. The test is whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "If the evidence is merely

2

REINER & REINER, P A
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL  305 670-8282 ⬥ FAX  305 670-8989

colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted)

"[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the…court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 323. There is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." *Celotex*, 477 U.S. at 323. A party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## ARGUMENT

### I.   Luxury Trust's Standing or Capacity

"A 'traditional trust ... generally describes a fiduciary relationship regarding property where the trust cannot sue and be sued as an entity under state law.'" *Alliant Tax Credit 31, Inc. v. Murphy*, 924 F3d 1134, 1143 (11th Cir. 2019); see *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 731 (2d Cir. 2017) (holding that under Florida law, a trust was not a "distinct juridical entit[y]" and thus was "incapable of being haled into court except through [its] trustee[ ]"); *Acheron Portfolio Trust v. Mukamal as Trustee of Mutual Benefits Keep Policy Trust*, 2022 WL 358347 *1 (S.D. Fla. January 19, 2022) (stating same, relying on *Alliant Tax Credit 31* and *Loubier*); see also Bogert, The Law of Trusts & Trustees § 247 (Rev. 2d ed. 2005) (trust has no standing in law as a legally suable entity); see also 76 Am.Jur.2d Trusts, § 656 ("As a general rule, the trustee is the proper person to sue or be sued on behalf of a trust.").

*Owens v. Dyken*, 2023 WL 4002478 *5 (S.D. Ala. June 14, 2023) involved a situation where a trust was sued directly, and other claims were brought against the trustee but not officially

3

REINER & REINER, P A
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL  305 670-8282 ⬥ FAX  305 670-8989

in her official capacity as trustee. The *Owens* decision, which ruled at the motion to dismiss stage, found it more appropriate to substitute the "real party in interest" pursuant to Fed. R. Civ. P. 17(a) rather than dismiss the claims against the trust. *Owens*, 2023 WL 4002478 *7.

In this case, the Plaintiffs specifically objected to Luxury Trust's filing of a Motion to Dissolve Lis Pendens (DE 21) in footnote #2 of Plaintiffs' Response in Opposition (DE 28). Plaintiffs argued both that Luxury Trust "directly is a named party defendant and indispensable party to the underlying litigation" while also arguing that Luxury Trust did not have "standing herein to challenge Plaintiffs' Lis Pendens in the absence of its trustee." DE 28, fn.2. In its Reply, Luxury Trust argued that "Plaintiffs cannot have it both ways" given that Luxury Trust had been sued directly in the Miami-Dade Case and that Plaintiffs have now done so again. DE 37, pg. 1-2. Though objections were raised at that time regarding Luxury Trust's standing or capacity, it was not re-addressed even though Plaintiffs purportedly "reserve[d] the right…to further address the Trust's standing…." DE 28, fn.2. Plaintiffs now seek to amend their Complaint beyond the discovery completion deadline to purportedly correct that issue.

Fed. R. Civ. P. 17(a)(3) provides that "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action…." These objections were raised in June and July of 2023 by Plaintiffs and Luxury Trust, well before the September 22, 2023 deadline to amend pleadings or join parties. Plaintiffs did not avail themselves of the opportunity to amend during the two months following their objection in DE 28. Plaintiffs' newly proposed Amended Complaint does not assert new evidence as the basis for seeking amendment against Luxury Trust, but asserts that said amendment is to correct "procedural" and "technical" issues of which they had knowledge since July 2023. Plaintiffs have had more than a

4

reasonable amount of time substitute the real party in interest (*i.e.*, Defendant Luxury Properties, Inc., in its capacity as trustee for Luxury Trust), but have failed to do so.

Therefore, to the extent that Luxury Trust's standing or capacity may preclude its ability to seek summary judgment herein, then dismissal of Luxury Trust must be granted pursuant to Fed. R. Civ. P. 17(a)(3).

## II.   *Plaintiff's Count XIII for Equitable Lien Fails for Lack of Evidence*

Plaintiffs' Complaint (DE 1) asserts only one count against Luxury Trust for an Equitable Lien. DE 1, ¶105-107.[1] To wit, Plaintiffs alleged they "Plaintiffs possess a right to proceed against the 2501, 4401, 4601, and Port St. Lucie\Properties and/or Lamborghini, since such properties and assets were purchased with the Plaintiffs' funds (due to fraud) – with the knowledge of the Defendants." DE 1, ¶106. Plaintiff's further allege that "[o]ut of a general consideration of a right or justice, this Court should impose an equitable lien on the foregoing properties and assets of the Defendants." DE 1, ¶107.

Here, Plaintiffs' claim for equitable lien against Apt. 2501 simply fails for lack of proof. "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the…court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 323. This issue has already effectively been decided by the Court's discharging of the lis pendens against Apt. 2501.

---

[1] Luxury Trust is also mentioned in Count VIII for constructive trust and in Count XI for liability of controlling persons. The constructive trust requested in Count VIII is to prevent the alleged unjust enrichment of Defendants Zaibet and Rebulard, and the damages requested in Count XI relate to Defendants Zaibet and Rebulard supposed complete control over Luxury Trust. Further, Luxury Trust is not named in the headings or *ad damnum* provisions for those counts. To that extent, Counts VIII and XI are not asserted against Luxury Trust, or cannot be maintained without joining the primary Defendants (Zaibet and Rebulard).

5

REINER & REINER, P A
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL  305 670-8282 ⬥ FAX  305 670-8989

On September 19, 2023, the Magistrate issued a Report & Recommendation finding that "Plaintiffs have not shown that they have a good faith viable claim for the imposition of an equitable lien on the 2501 Property, as alleged in Count XIII of the Verified Complaint" and recommending the discharge of the lis pendens. The Magistrate found that:

- "It is undisputed that the Trust purchased the 2501 Property in 2018, well before Plaintiffs' alleged relationship with the Principal Defendants began in 2020. Therefore, Plaintiffs cannot support their allegation in Count XIII of the Verified Complaint that their funds were used to purchase the 2501 Property."

- "In support of [Plaintiffs'] contention [that funds were used to pay real estate taxes and maintenance costs for Apt. 2501], Plaintiffs submitted a certified translation of an email sent by Rebulard on April 29, 2020, that talks about borrowing money from Plaintiffs to pay some taxes. However, there is no indication that any money was actually paid by Plaintiffs, which renders this proffer too vague to establish the requisite fair nexus between the 2501 Property and the dispute at issue in this case."

*Report & Recommendation*, DE 84, pg. 3-4 (internal citations omitted). Plaintiffs thereafter filed an Objection to that Report & Recommendation (DE 89) to which Luxury Trust responded (DE 91).

On October 27, 2023, the Court entered an Order Adopting the Magistrate's Report & Recommendation (DE 97) after conducting a *de novo* review of the allegations and evidence proffered by the Plaintiffs. The Court's Order found, with respect to Apt. 2501, that:

> Plaintiffs' allegations and proffered evidence fall short of demonstrating a fair nexus between the dispute and the 2501 Property. The evidence in support of Plaintiff's claim against the 2501 Property fails to establish that any unlawfully obtained funds were used to pay property taxes or maintain the 2501 Property. Plaintiffs are unable to establish "apparent legal or equitable ownership" of the 2501 Property. *Chiusolo*, 614 So. 2d at 492. The Court accordingly agrees with Judge Otazo-Reyes's recommendation with regard to the 2501 Property.

*Order Adopting the Magistrate's Report & Recommendation*, DE 97, pg. 13. In reaching that conclusion, the Court reviewed the Plaintiffs' proffered bank statements of Defendant AAA and transactions records of non-party Windmill Title Company Real Estate.

***Since then, Plaintiff has not propounded any discovery upon Luxury Trust nor has it conducted any third-party discovery such as issuing subpoenas***. Plaintiffs' evidence with respect to

Luxury Trust is the same as it was when the lis pendens were discharged by this Court. Evidence which was insufficient to establish a nexus between Apt. 2501 and Plaintiffs' equitable lien claim is clearly insufficient to grant Plaintiffs summary judgment. Plaintiffs must provide evidence "such that a reasonable jury could return a verdict" in their favor. *Anderson*, 477 U.S. at 248.

Plaintiffs have not asserted any proof that Luxury Trust committed any fraud or acted inequitably. Therefore, Luxury Trust should be granted summary judgment with respect to Count XIII for an equitable lien.

### III.  *Equitable Claims Based on Allegations Against Unserved Parties Should not be Granted*

As noted before, the essence of the Plaintiffs' claims in this case is that they were defrauded by Defendants Zaibet and Rebulard who induced Plaintiffs to transfer approximately 1.6 million dollars for a real estate investment in Florida. Plaintiffs allege that, rather than the funds being used for the real estate investment, the funds were instead transferred to the remaining Defendants. However, to that extent, the liability of the remaining Defendants, including Luxury Trust, is premised on the liability of Defendants Zaibet and Rebulard.[2] This conclusion is further bolstered by the Court's dismissal of the fraud claims regarding the remaining Defendants (DE 113).

Here, Plaintiffs are proceeding against the served Defendants with solely equitable claims wherein the "injustice" was allegedly committed by unserved parties. It is clearly inequitable to grant summary judgment in such a case. Count XIII for an equitable lien against Luxury Trust

---

[2] The Court has already made this same ruling with respect to the "Defaulted Defendants" in this case. See DE 67, Order Denying Motion for Default Judgment ("Plaintiffs do not allege that the Defaulted Defendants committed any illegal acts of their own accord. Rather, the liability of the Defaulted Defendants is premised on the liability of Zaibet and Rebulard. There is an obvious possibility of inconsistent liability that would result from granting default judgment against the Defaulted Defendants prior to resolving the liability of Zaibet and Rebulard.").

7

REINER & REINER, P A
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL  305 670-8282 ⬥ FAX  305 670-8989

necessarily relies on allegations of fraud that cannot be proven because Defendants Zaibet and Rebulard are not parties to this action. This is effectively a failure to join indispensable parties.

The Court may grant summary judgment dismissing this case for failing to join indispensable parties; however, such a ruling would not be on the merits. *Davis v. United States*, 2022 WL 748947 (S.D. Fla. February 23, 2022) (magistrate report and recommendation). The plaintiff in *Davis* had previously filed suit against the government but failed to join the U.S. Postal Service which was an indispensable party. In that previous suit, the plaintiff's case was dismissed <u>at the summary judgment stage</u> based upon that failure to join an indispensable party. Then, when the plaintiff refiled suit in *Davis*, the government moved to dismiss based upon res judicata and collateral estoppel. However, the Magistrate in *Davis* held that the plaintiff's subsequent lawsuit was not precluded by res judicata or collateral estoppel because, even when such ruling is contained in a summary judgment order, "[i]t is axiomatic under Florida law that dismissal based on the absence of an indispensable party is not on the merits." See *Davis*, 2022 WL 748947 at *3-5; see also *Davis v. United States*, 2022 WL 742745 (S.D. Fla. March 11, 2022) (adopting the magistrate's report and recommendation). Therefore, dismissal for failing to join Defendants Zaibet and Rebulard is appropriate and is likely the most equitable result.

**WHEREFORE**, Defendant, LUXURY PROPERTIES TRUST dated March 2, 2018, respectfully requests that the Court grant this Motion, finding summary judgment in favor of Luxury Trust as to Count XIII, or otherwise dismissing Luxury Trust or this case, if appropriate, together with any further relief the Court deems just and proper.

REINER & REINER, P A
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL  305 670-8282 ⬥ FAX  305 670-8989

Respectfully submitted,

_____
**DAVID P. REINER, II**; FBN 416400
**REINER & REINER, P.A.**
*Counsel for LUXURY PROPERTIES TRUST
   dated March 2, 2018*
9100 So. Dadeland Boulevard, Suite 901
Miami, Florida  33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
*dpr@reinerslaw.com; eservice@reinerslaw.com*

**CERTIFICATE OF SERVICE**

***I HEREBY CERTIFY** that on **June 7, 2024**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.*

_____
**DAVID P. REINER, II**; FBN 416400

9

REINER & REINER, P A
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL  305 670-8282 ⬥ FAX  305 670-8989