IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 23-cv-22276-JB

PATRICK MULLER, an individual, and
MOUNA BOUZID, an individual,

      Plaintiffs,

vs.

ITEB ZAIBET a/k/a "Swagg Man", an individual; LOLITA C. REBULARD, an individual; LUXURY PROPERTIES, INC., a Delaware corporation; BEACH PROPERTIES RENTAL, INC., a Delaware corporation; LUXURY PROPERTIES TRUST u/a/d March 2, 2018; AAA PLUS FINANCIAL GROUP, INC., a Florida corporation; YVETTE TENORD, an individual; JOHNNY PREVILUS, an individual; RES INVESTMENT INTER, INC., a Florida corporation; INFINITE RES INVESTMENT, LLC., a Nevada limited liability company; NEW MIAMI REALTY, CORP. a Florida Corporation; and GUZMAN305 TRUST, a Florida trust,

      Defendants.
_____/

**PLAINTIFFS PATRICK MULLER AND MOUNA BOUZID'S RESPONSE
IN OPPOSITION TO DEFENDANTS JOHNNY PREVILUS, YVETTE TENORD,
AAA PLUS FINANCIAL GROUP INC., RES INVESTMENT INTER, INC., AND
INFINITE RES INVESTMENT, LLC'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Patrick Muller and Mouna Bouzid (together, the "Plaintiffs") respond to Defendants Johnny Previlus ("Previlus"), Yvette Tenord ("Tenord"), AAA Plus Financial Group, Inc. ("AAA Plus"), Res Investment Inter, Inc. ("Res Investment"), and Infinite Res Investment, LLC's ("Infinite Res") (collectively, "Previlus & Affiliates") Motion for Summary Judgment as follows:

## PRELIMINARY STATEMENT

Previlus & Affiliates seek summary judgment in their favor on Plaintiffs' Count for unjust enrichment solely on the basis that the claim is barred by the unclean hands doctrine. *See* Previlus & Affiliates Motion for Summary Judgment, Dkt 132 (the "Motion for Summary Judgment"). Their Motion for Summary Judgment relies entirely on an unverified complaint filed in a different lawsuit in state court to which Previlus & Affiliates were not a party. Previlus & Affiliates argue that allegations made in that unverified complaint filed in a separate lawsuit to which Previlus & Affiliates were not a party are somehow dispositive "evidence" entitling them to summary judgment in this case. However, such unverified allegations are not sufficient to support a summary judgment effort.

Yet, even *if* an unverified complaint's allegations in a different matter were incorrectly equated to undisputed evidence for purposes of a motion for summary judgment, Previlus & Affiliates' Motion for Summary Judgment would still fail because they do not satisfy either required element of unclean hands.

## LEGAL STANDARD

In deciding summary judgment, the Court examines the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *See Black v. Wigington*, 811 F.3d 1259, 1265 (11th Cir. 2016). "An inference is not 'reasonable', and a dispute is not 'genuine' if it is based on conclusory allegations and speculation." *Id.* The Court is not, therefore, required to accept the non-movant's factual characterizations and legal arguments. *See Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994).

Summary judgment is only appropriate when "the movant shows that there is no genuine dispute as to any material fact" that has been established by record evidence and that it is entitled

to judgment as a matter of law. Fed. R. Civ. P. 56(a). Thus, summary judgment is only proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Additionally, summary judgment based on unclean hands "is not the appropriate vehicle to resolve disputed issues of fact." *Frisbie v. Carolina Cas. Ins. Co.*, 162 So. 3d 1079, 1081 (Fla. 5th DCA 2015) (*quoting Cohen v. Kravit Estate Buyers, Inc.*, 843 So.2d 989, 992 (Fla. 4th DCA 2003) (*citing Dery v. Occhiuzzo & Occhiuzzo Enters., Inc.*, 771 So.2d 1276, 1278–79 (Fla. 4th DCA 2000) (ruling that the issue of unclean hands "requires the resolution of disputed facts"). "Denying access to the Court based on the doctrine of unclean hands is an extreme sanction which ought to be invoked under only the most provocative or contumacious circumstances. It is tantamount to striking a party's pleadings." *Hitt v. Hitt*, 535 So. 2d 631, 634 (Fla. 4th DCA 1988) (*quoting Cain v. Cain*, 436 So.2d 367, 369 (Fla. 4th DCA 1983).

## ARGUMENT

### I.  An Unverified Complaint from a Different Lawsuit is Not Evidence

In asserting that the unclean hands doctrine bars Plaintiffs' claims for unjust enrichment, Previlus & Affiliates' Motion for Summary Judgment wholly relies upon allegations made in an unverified complaint (the "Unverified Complaint") filed by Plaintiffs in Miami-Dade County on June 27, 2022 against Iteb Zaibet, Lolita C. Rebulard, Beach Properties Rental Inc., Luxury Properties Inc., and Luxury Properties Trust dated March 2, 2018 (the "Miami State Court Lawsuit"). *See* Unverified Complaint, attached as Exhibit B to the Motion for Summary Judgment. Previlus & Affiliates are not parties to the Miami State Court Lawsuit. *Id.* Nevertheless, Previlus

& Affiliates cite to the Unverified Complaint filed in the Miami State Court Lawsuit to which they were not a party, as purported evidence supporting summary judgment. *See* Motion for Summary Judgment, p. 4. Previlus & Affiliates argue that allegations in the Miami State Court Lawsuit regarding a fraudulent Bitcoin scheme equate to Plaintiffs having taken "inconsistent" positions which in turn somehow translates to the record evidence showing no disputes of material fact exist in this lawsuit, and that even when inferences are drawn in Plaintiffs' favor, the doctrine of unclean hands warrants summary judgment in favor of Previlus & Affiliates in this lawsuit about a separate fraudulent real estate scheme.

However, "an unverified complaint is not evidence that a court may consider in adjudicating a motion for summary judgment." *Johnson v. Fla. Dep't of Corr.*, 2021 WL 2211345, at *4 n.3 (N.D. Fla. May 11, 2021); *see also Nece v. Quicken Loans, Inc.*, 2018 WL 1326885, at *4 (M.D. Fla. Mar. 15, 2018) ("Also, Nece submits an unverified complaint from another action, but an unverified complaint is not evidence and cannot contribute to the resolution of a motion for summary judgment."); *Harvest Sensations, LLC v. Worldwide Produce & Groceries, Inc.*, 2013 WL 12380651, at *1 (S.D. Fla. Sept. 16, 2013) ("Assertions in an unverified complaint, however, are not evidence for purposes of a motion for summary judgment."); *Holloman v. Jacksonville Hous. Auth.*, 2007 WL 245555, at *2 (11th Cir. Jan. 30, 2007) ("[U]nsworn statements ... should not be 'consider[ed] in determining the propriety of summary judgment.'"); *Mosley v. MeriStar Mgmt. Co.*, 137 F. App'x 248, 252 n. 3 (11th Cir. 2005) ("[T]he complaint was unverified and therefore could not be considered evidence supporting [plaintiff]'s claim" on summary judgment.).

Thus, since Previlus & Affiliates' Motion hinges solely upon allegations made within the Unverified Complaint and the Unverified Complaint is not evidence for purposes of summary judgment, Previlus & Affiliates' summary judgment motion cannot be granted.

**II.     Previlus & Affiliates Fail to Meet the Requirements to Avail Themselves to the Doctrine of Unclean Hands**

Assuming for purposes of the argument that the Unverified Complaint is record evidence for a moment, Previlus & Affiliates' Motion for Summary Judgment still fails because it does not meet the requirements for the doctrine of unclean hands. To successfully assert a defense of unclean hands, a defendant must satisfy two requirements: (1) "the defendant must demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted" and (2) "even if directly related, the plaintiff's wrongdoing does not bar relief unless the defendant can show that it was personally injured by [plaintiff's] conduct." *Calloway v. Partners Nat. Health Plans*, 986 F.2d 446, 450–51 (11th Cir. 1993) (internal citations omitted). Previlus & Affiliates satisfy neither of the requirements.

    *a. Plaintiffs' Purported "Wrongdoing" is Not Related to the Claims Against Previlus & Affiliates*

Previlus & Affiliates' Motion for Summary Judgment attempts to argue that because the Unverified Complaint from the Miami State Court Lawsuit contains allegations directed to others relating to a fraudulent Bitcoin investment scheme, those allegations somehow contradict Plaintiffs' evidence in the current litigation relating to a fraudulent real estate investment scheme which results in unclean hands on Plaintiffs' part in the instant litigation. This argument by Previlus & Affiliates is flawed on several grounds.

A "longstanding rule in equity is that there must be an immediate and necessary relationship between the relief the plaintiff seeks and the conduct giving rise to the 'unclean hands.'" *Coca-Cola Co. v. Howard Johnson Co.*, 386 F. Supp. 330, 337 (N.D. Ga. 1974). On the required connection between a plaintiff's wrongdoing and the asserted claims, the Supreme Court stated:

> But courts of equity do not make the quality of suitors the test. They apply the maxim requiring clean hands only where some unconscionable act of one coming for relief has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation. They do not close their doors because of plaintiff's misconduct, whatever its character, that has no relation to anything involved in the suit, but only for such violations of conscience as in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication. They apply the maxim, not by way of punishment for extraneous transgressions, but upon considerations that make for the advancement of right and justice. They are not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion.

*Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245–46 (1933) (internal citations omitted).

Here, Plaintiffs purported "wrongdoing" is completely unrelated to the instant litigation and the claims asserts against Previus & Affiliates. In fact, the Motion for Summary Judgment concedes that the Unverified Complaint alleges that Plaintiffs "engaged in a number of investment opportunities with Zaibet and Rebulard that turned out to be fraudulent, including the real estate investment that is the subject of the instant action, as well as an investment in Bitcoin." *See* Motion for Summary Judgment, p. 4. However, the current lawsuit and the claims at issue relate solely to the fraudulent real estate investment scheme[1] and have no relation to a separate and distinct fraudulent bitcoin investment scheme as alleged in the Unverified Complaint. While both schemes were led by Defendants Iteb Zaibet and Lolita C. Rebulard, the instant litigation seeks damages related solely to the real estate investment scheme -- a separate transaction.

When examining whether unclean-hands conduct directly relates to the matter in litigation, "courts require the connection between the unclean-hands conduct and the matter in litigation to be **very close**." *Gastaldi v. Sunvest Resort Communities*, 2010 WL 457243, at *9 (S.D. Fla. Feb.

---

[1] Previus & Affiliates Motion concedes that there are no claims in the current litigation relating to any Bitcoin investment: "[n]ot only does the Complaint in this present action fail to include allegations regarding the Bitcoin investments…." *See* Motion for Summary Judgment, p. 7.

3, 2010) (emphasis added). Further, "[i]t is not enough that the unclean-hands conduct is the same kind of conduct as the matter in litigation…[or] involves the same overall transaction…by directly related, 'were talking really directly related.'" *Id.* (internal citations omitted). It must be "the reason for the lawsuit; the unclean-hands conduct must be closely connected to that." *Id.* Here, Plaintiffs' allegations in a separate lawsuit regarding a fraudulent Bitcoin investment unrelated to Previlus & Affiliates is simply not connected to the real estate investment that is the subject of this litigation or to Previlus & Affiliates' unjust enrichment as it relates to the subject real estate investment.

Previlus & Affiliates also assert that "Plaintiffs investment in Bitcoin as part of their transactions with Iteb Zaibet and Lolita Rebulard, were illegal under Tunisian law, and on those grounds alone, Plaintiffs do not come to the table with "clean hands" so as to be able to demand equitable relief…." *See* Motion for Summary Judgment, p. 7. Obviously, whether there was a violation of a Tunisian law is a distinct issue, yet, Plaintiffs' purported violation of another country's laws in a matter and transaction completely unrelated to the dispute before this Court, has no bearing on or relation to Plaintiffs' claims against Previlus & Affiliates and does not result in unclean hands on Plaintiffs' part. *See Coca-Cola Co. v. Howard Johnson Co.*, 386 F. Supp. 330, 337 (N.D. Ga. 1974) ("Merely because a plaintiff has violated the antitrust laws, or any other laws, in some matter completely unrelated to the case before the Court does not result in 'unclean hands' on plaintiff's part. There must be some logical connection between the right plaintiff asserts and the activity constituting unclean hands.").

In sum, Previlus & Affiliates' Motion for Summary Judgment cites no evidence, but instead asserts Plaintiffs have unclean hands in the current lawsuit because:

(a) Plaintiffs previously filed a lawsuit against Zaibet and Rebulard (but not Previlus & Affiliates) relating to both a Bitcoin investment and a real estate investment that is the subject of this litigation;

(b) Plaintiffs subsequently filed a lawsuit against the current Defendants relating to solely the real estate investment;

(c) Plaintiffs have not made a single allegation relating to the Bitcoin investment in the present action; and

(d) Plaintiffs have denied any involvement in investment in Bitcoin.

Even taking the above allegations as true and supported by evidence sufficient for summary judgment, Previlus & Affiliates' Motion for Summary Judgment must still fail as Plaintiffs' purported wrongdoings (which although not clear, appear to be attempting to invest in Bitcoin in violation of Tunisia law and taking inconsistent positions as it relates to investing in Bitcoin) as it relates to Bitcoin investment have no connection with Plaintiffs' claims for unjust enrichment against Previlus & Affiliates which arise from the subject real estate investment.

### b. *Previlus & Affiliates Were Not Injured as a Result of Plaintiffs' Purported Misconduct*

Further, not only does the Motion fail to satisfy the first element of unclean hands (e.g., that the unclean hands must be connected with the matter in litigation) the Motion also fails to satisfy the second element of unclean hands, that Previlus & Affiliates were injured as a result of the alleged misconduct. *See Gastaldi v. Sunvest Resort Communities, LC*, 2010 WL 457243, at *8 (S.D. Fla. Feb. 3, 2010) ("that a party's conduct is disreputable is entirely irrelevant where the party asserting unclean hands is not the target of, and has taken no action in reliance on that conduct, however disdainful of that conduct a court may be…[a] party must prove that he was injured in order for the unclean hands doctrine to apply.") (internal citations omitted).

Although not entirely clear *how* Plaintiffs' purported wrongdoings have injured Previlus & Affiliates, the Motion argues that "[b]y taking efforts to 'wipe the slate clean' of any past references to Bitcoin in the instant lawsuit, Plaintiffs have prejudiced [Previlus & Affiliates] by asserting a position inconsistent to that taken in prior litigation, on a core issue in this case, which itself concerns an issue that is dispositive as to Plaintiff's inequitable conduct." But it is undisputed that Bitcoin is not a core issue in this case – in fact, Bitcoin is not mentioned in the current case. Moreover, it is incomprehensible that purportedly by virtue of not bringing claims against the other Defendants relating to the Bitcoin investment in the instant litigation, Previlus & Affiliates have been injured or prejudiced. Thus, the unclean hands doctrine does not apply as Previlus & Affiliates have not been injured by Plaintiffs' purported wrongdoings.

WHEREFORE, this Court should deny Previlus & Affiliates Motion for Summary Judgment for the reasons stated herein.

**TAYLOR, DAY, GRIMM & BOYD**

*/s/ John D. Osgathorpe*
John D. Osgathorpe, Esquire
Florida Bar No. 147620
Kenneth A. Tomchin, Esquire
Florida Bar No. 0724955
Taylor R. McMahon, Esquire
Florida Bar No. 1030874
50 North Laura Street, Suite 3500
Jacksonville, Florida 32202
Telephone:  904-356-0700
Facsimile: 904-356-3224
jdo@taylordaylaw.com
ktomchin@taylordaylaw.com
tmcmahon@taylordaylaw.com
amelton@taylordaylaw.com
lad@taylordaylaw.com
hmaxwell@taylordaylaw.com
*Attorneys for Plaintiffs Patrick Muller and Mouna Bouzid*

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on the 21st day of June 2024, I electronically filed the foregoing document with the United States District Court for the Southern District of Florida by using the CM/ECF system which will send notification of such filing to all counsel of record registered in the CM/ECF System.

                                                      */s/ John D. Osgathorpe*
                                                      Attorney