UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-cv-22276-JB

PATRICK MULLER and MOUNA
BOUZID,

       Plaintiffs,
v.

ITEB ZAIBET and LOLITA C.
REBULARD, *et al.*,

       Defendants.
_____/

**ORDER ON DEFENDANT LUXURY
PROPERTIES TRUST'S MOTION FOR SUMMARY JUDGMENT**

**THIS CAUSE** came before the Court on Defendant, Luxury Properties Trust's (the "Trust"), Motion for Summary Judgment (the "Motion"), ECF No. [131]. Plaintiffs, Patrick Muller and Mouna Bouzid, filed a response in opposition, and the Trust filed a reply. ECF Nos. [134], [135]. The Court held oral argument on the Motion on July 19, 2024 (the "Oral Argument"). Upon consideration of the Motion, the arguments of the parties, the relevant authorities, and for the reasons articulated on the record at the Oral Argument, which are incorporated herein, the Court ruled that the Motion was **GRANTED IN PART AND DENIED IN PART** as follows:

**I.    FACTUAL BACKGROUND**

This suit arises from allegations of a fraud perpetrated by Iteb Zaibet ("Zaibet") and Lolita C. Rebulard ("Rebulard"), whereby they solicited millions of dollars from Plaintiffs for investment in various real estate projects in Florida. ECF No. [1] at 1–2. Plaintiffs allege that the investment opportunities did not exist, and that Zaibet

1

and Rebulard utilized the funds for their own benefit. *Id.* According to Plaintiffs, Zaibet and Rebulard executed this scheme by instructing Plaintiffs to wire funds into accounts under their control, and upon receipt, Zaibet and Rebulard immediately diverted the money to secondary accounts or used them to acquire assets and pay unrelated debts. *Id.* The Complaint names ten defendants other than Zaibet and Rebulard, all of whom purportedly aided the fraud in some capacity. *Id.*

One such defendant is the Trust, which Plaintiffs describe as "a self-settled trust, created by . . . Zaibet, with . . . Luxury Properties [Inc.], a shell-company created and controlled by Zaibet and/or Rebulard, acting as 'successor trustee' . . . ." *Id.* at ¶ 9. Plaintiffs say the Trust "exist[s] solely for the benefit of . . . Zaibet and Rebulard, and [is] the title record owner of real property located in Miami-Dade County, Florida." *Id.* Notably, Plaintiffs contend that their funds were partially used to pay real estate taxes, maintenance costs, down payments, and closing payments for various properties associated with the Trust. *Id.* at ¶ 34. Plaintiffs have asserted an equitable lien claim against the Trust in an effort to proceed against the properties and assets Defendants allegedly purchased with Plaintiffs' funds. *Id.* at ¶¶ 105–07.

## II.     THE INSTANT MOTION

In the Motion, the Trust argues that: (1) Plaintiffs have improperly sued the Trust rather than its trustee, which is the real party in interest; (2) Plaintiffs' claim for equitable lien fails for lack of proof; and (3) Plaintiffs' equitable lien claim against

the Trust fails because the Trust's alleged liability flows from the liability of Zaibet and Rebulard, who have not been served.[1]  ECF No. [131] at 3–8.

In response, Plaintiffs concede that the Trust's trustee "is the real party in interest." ECF No. [134] at 2.  In fact, Plaintiffs sought leave of Court to amend their complaint "for the purpose of, in part, correcting that technical issue . . . by revising the Trust in the case caption to the Trustee."[2]  *Id.* at 2.  But Plaintiffs say this deficiency does not warrant summary judgment in the Trust's favor, as dismissal for failure to name the real party in interest is not proper "'until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.'" *Id.* at 3 (quoting Fed. R. Civ. P. 17(a)(3)).  As to their equitable lien claim against the Trust, Plaintiffs urge that a genuine issue of material fact precludes entry of summary judgment. *Id.* at 4–5.  Finally, Plaintiffs contend that their failure to effectuate service upon Zaibet and Rebulard does not satisfy the summary judgment standard. *Id.* at 5–6.

In reply, the Trust argues that Plaintiffs have not met the "reasonable time" requirement established in Rule 17(a)(3).  ECF No. [135] at 1–2.  According to the Trust, Plaintiffs have known that they improperly named the Trust since July 15,

---

[1] Zaibet and Rebulard have since been dismissed from this action based on Plaintiffs' failure to timely serve these defendants.  ECF No. [141].

[2] As will be addressed by separate order, the Court denied Plaintiffs' Motion for Leave to File Amended Complaint (the "Motion for Leave to Amend") at the Oral Argument based on multiple grounds, including lack of diligence in seeking leave to amend.  *See* ECF No. [127].  Nevertheless, the Court considers Plaintiffs' proposed amendment for the limited purpose of evaluating the Motion.

3

2023, when, in opposition to the Trust's Motion to Dissolve Lis Pendens, Plaintiffs stated they did not "believe that the Trust is an independent and distinct legal entity that has standing herein . . . in the absence of its trustee." ECF No. [28] at 2 n.2. Cases Plaintiffs cited at that time suggest what both parties now concede: that the Trust's trustee, in its official capacity, is the proper party defendant for claims against the Trust. *Id.* The trustee, in its official capacity, has never been named or served in this case. Notwithstanding their awareness of this issue, Plaintiffs did not file its Motion for Leave to Amend until May 22, 2024. ECF No. [127].

As to Plaintiffs' other arguments, the Trust maintains that there are no genuine issues of material fact regarding the equitable lien claim, which is devoid of evidentiary support. ECF No. [135] at 3. Finally, the Trust submits that summary judgment is proper as Plaintiffs' claim hinges upon "allegations of fraud that cannot be proven because . . . Zaibet and Rebulard remain unserved and absent." *Id.* at 4.

### III.     LEGAL STANDARD

Summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact is one with "'a real basis in the record,'" such that "a reasonable jury could return a verdict for the nonmoving party." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (quoting *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact. *Clark v.*

*Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). To determine whether the movant satisfied this burden, courts view the movant's evidence and all factual inferences arising therefrom in the light most favorable to the non-movant. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001) (quoting *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999)). Once the movant carries its burden, the non-moving party must offer specific evidence showing a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## IV.     ANALYSIS

Plaintiffs' claims against the Trust must be dismissed because Plaintiffs cannot state a claim against the Trust except through its trustee. Federal Rule of Civil Procedure 17(b) provides that "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Fed. R. Civ. P. 17(b)(3). Here, the Trust argues, and Plaintiffs admit, that under Florida law, a trust cannot be sued except through its trustee. ECF Nos. [131] at 3–5; [28] at 2 n.2; [134] at 2–3; *see also, e.g.*, *Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019) (citing *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 731 (2d Cir. 2017), for the proposition that "under Florida law, a trust [is] not a 'distinct juridical entit[y]' and thus [is] 'incapable of being haled into court except through [its] trustee'") (alterations in original). As such, the Trust's trustee is the proper party defendant for claims against the Trust. In response, Plaintiffs only argue that Federal Rule of Civil Procedure 17(a)(3) allows them a reasonable time after objection to substitute the

real party in interest into an action, and that they have filed their Motion for Leave to Amend to correct this error. ECF No. [134] at 2–3.

Plaintiffs' reliance on Rule 17(a)(3) is unavailing. As an initial matter, subsection (a)(3), on its face, only pertains to "prosecut[ion] in the name of the real party in interest," which is not the situation here. Fed. R. Civ. P. 17(a)(3). Indeed, Plaintiffs cite no binding authority to suggest that this provision applies to misidentified defendants.

Even if Rule 17(a)(3) governs this analysis, however, Plaintiffs did not seek leave to substitute the Trustee into this action within a reasonable time. *See* Fed. R. Civ. P. 17(a)(3). In July 2023, Plaintiffs acknowledged the Trust's limited capacity, without its trustee, to sue and be sued. ECF No. [28] at 2 n.2. At that time, the deadline for amendment of the pleadings and joinder of parties had not even been set. ECF No. [40]. Yet nearly a year passed before Plaintiffs sought leave to amend their complaint to substitute the Trust's trustee into this action in place of the Trust itself. ECF No. [127] at 9. Assuming that Rule 17(a)(3) applies, Plaintiffs cannot claim the benefit of this provision given that they did not comply with its requirements. Indeed, as noted herein, Plaintiffs' Motion for Leave to Amend was denied on multiple grounds, including lack of diligence in pursuing the proposed amendment.

Perhaps more importantly, "Rule 17(a)(3) isn't a plenary license to fix 'pleading errors' in all cases for all reasons." *In re Engle Cases*, 767 F.3d 1082, 1113 (11th Cir. 2014) (quoting Fed. R. Civ. P. 17, advisory committee's notes to 1966 amendment) (affirming a district court's refusal to allow substitution of plaintiffs under Rule

6

17(a)(3) in the absence of an understandable mistake). "Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed," but the rule "should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to [bring] su[it] is difficult or when an understandable mistake has been made."[3] Fed. R. Civ. P. 17, advisory committee's notes to 1966 amendment. Plaintiffs do not contend that their failure to name the Trust's trustee was either difficult or a result of an understandable mistake. Such a claim would be meritless, given that they identified the issue with sufficient time to cure it but did not do so.

It bears mentioning that Plaintiffs' proposed amendment still does not appear to properly name the Trust as defendant. Specifically, Plaintiffs altered the Trust's name in the case caption to "Iteb Zaibet, as Trustee of Luxury Properties Trust." ECF No. [127] at 9. However, according to documents Plaintiffs submitted to the Court, as well as Plaintiffs' allegations in the Complaint, Zaibet is not, in fact, trustee of the Trust. *See* ECF Nos. [1] at ¶ 9; [127-3] at 2 (naming the Trust's current acting trustee as "Luxury Properties, Inc."); [128] at 6 ("Luxury Properties, Inc. is the successor trustee for [the] Trust . . . . To that extent, Plaintiff is essentially dropping [the] Trust from this case and adding a new, though entirely fictitious party . . . .").

---

[3] The advisory committee's notes to the 1966 amendment of Federal Rule of Civil Procedure 17 explain that subsection (a)(3) allots a reasonable time for the proper prosecuting party to be ratified or substituted into an action in order to "protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." Fed. R. Civ. P. 17, advisory committee's notes to 1966 amendment.

7

Thus, the proposed substitution is not simply a procedural correction. Instead, it presents a number of potential substantive issues that should not be summarily introduced at this juncture. *See In re Engle Cases*, 767 F.3d at 1109 (explaining that "'when the determination of the right party to bring the action was not difficult and when no excusable mistake had been made, then Rule 17(a)(3) is not applicable and the action should be dismissed'") (quoting Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1555, at 571 (3d ed. 2010)). Because it is undisputed that (1) Plaintiffs cannot, as a matter of law, state a claim against the Trust except through its trustee, and (2) the trustee is not a named defendant in this case, Plaintiffs' equitable lien claim against the Trust cannot proceed as alleged in the Complaint.

Accordingly, the Trust's Motion for Summary Judgment is **GRANTED IN PART**.[4] Specifically, Defendant Luxury Properties Trust is hereby **DISMISSED WITHOUT PREJUDICE**, and the Clerk is directed to **TERMINATE** Luxury Properties Trust from this case.

**DONE AND ORDERED** in Miami, Florida, this 25th day of July, 2024.

_____
JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE

---

[4] The Court does not reach the merits of the remaining arguments articulated in the Motion or the response and reply thereto. Those arguments may be raised at a later time, should Plaintiffs file a separate action against the Trust.