## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-cv-22276-JB

PATRICK MULLER and MOUNA
BOUZID,

        Plaintiffs,
v.

ITEB ZAIBET and LOLITA C.
REBULARD, *et al.*,

        Defendants.
_____/

### ORDER ON PLAINTIFFS PATRICK MULLER AND MOUNA BOUZID'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**THIS CAUSE** came before the Court on Plaintiffs, Patrick Muller and Mouna Bouzid's, Motion for Leave to File Amended Complaint (the "Motion"), ECF No. [127]. Defendants, Johnny Previlus and Yvette Tenord (together, the "Previlus Defendants"), along with Defendants AAA Plus Financial Group, Inc., Res Investment Inter, Inc., and Infinite Res Investment, LLC (the "AAA Defendants," and together with the Previlus Defendants, "Previlus and Affiliates") filed a response in opposition to the Motion.[1] ECF No. [129]. Plaintiff did not file a reply, and the time to do so has passed. Therefore, the Motion is ripe for disposition.

The Court held a hearing on the Motion on July 19, 2024 (the "Hearing"). ECF No. [140]. Upon careful consideration of Plaintiffs' Complaint, ECF No. [1], Plaintiffs'

---

[1] Defendant, Luxury Properties Trust (the "Trust"), also filed a response in opposition to the Motion at ECF No. [128]. However, the Trust has since been dismissed from this case. ECF No. [143]. Thus, its response, as well as any of Plaintiffs' proposed amendments directed at the Trust, are moot and will not be considered herein.

Proposed Amended Complaint, ECF No. [127-2], the parties' written submissions, the record, and the applicable law, and for the reasons articulated below and on the record at the Hearing, it is hereby **ORDERED AND ADJUDGED** that the Motion is **DENIED**.

I.      BACKGROUND

This suit arises from an alleged fraud carried out by Iteb Zaibet ("Zaibet") and Lolita C. Rebulard ("Rebulard"), who reportedly solicited money from Plaintiffs towards real estate investment opportunities that did not, in fact, exist. ECF No. [1] at 2. Plaintiffs submit that the other named Defendants aided the fraud by accepting Plaintiffs' funds into their accounts and using the funds, at the direction of Zaibet and Rebulard, to acquire various assets and pay extraneous debts. *Id.*

Plaintiffs' Complaint asserted multiple causes of action against twelve different defendants (including Zaibet and Rebulard). ECF No. [1] at 14–26. Plaintiffs later settled with Defendant New Miami Realty, Corp., and the Court granted in part and denied in part motions to dismiss filed by the Previlus Defendants, ECF No. [63], and the AAA Defendants, ECF No. [64]. ECF Nos. [110] at 25; [113] at 1 n.1, 12–13. Then, the Court dismissed Zaibet and Rebulard from this action without prejudice due to Plaintiffs' failure to timely serve these defendants. ECF No. [141]. The following claims remain pending: (1) Count IV for Unjust Enrichment against Previlus and Affiliates and GUZMAN305 TRUST;[2] and (2) Count XIII for equitable lien against GUZMAN305 TRUST. ECF No. [1] at 17–18; 25.

---

[2] There is no indication on the docket that Defendant GUZMAN305 TRUST has ever been served or made an appearance in this action.

## II. THE INSTANT MOTION

Plaintiffs now move to amend their Complaint, arguing they should be granted leave to do so eight months past the September 22, 2023 amendment deadline because of "new evidence" produced by Previlus and Affiliates after the deadline. ECF No. [40] at 2; [127] at 4–10. This "new evidence" generally consists of three items. First, a statement by Defendant Previlus, found within a Florida Department of Business and Professional Regulation ("FDBPR") report, which indicates that he "receiv[ed] Plaintiffs['] funds and want[ed] to use those funds to purchase real estate for himself." ECF No. [127] at 5. Plaintiffs say they learned the details of this investigation through Previlus and Affiliates' first production on January 26, 2024. *Id.* at 4–5. This led Plaintiffs to submit a public records request to the FDBPR on February 7, 2024, in response to which they received a copy of the investigative report containing Defendant Previlus' statement. *Id.*

The second piece of "new evidence" is a WhatsApp exchange between Zaibet and Defendant Previlus. These messages purportedly show that on February 5, 2022, six days before some of Plaintiffs' funds were allegedly used to close on Defendant Res Investment Inter, Inc.'s ("Res Investment") acquisition of a property in Port St. Lucie (the "Port St. Lucie Property"), Previlus received a letter from Plaintiffs notifying him "that Plaintiffs had not approved their money being used by Zaibet or Previlus." *Id.* at 8. Plaintiffs claim they received the WhatsApp messages in Notepad format on April 11, 2024, and Previlus and Affiliates did not produce the messages in their native format until May 14, 2024. *Id.* at 5–6.

3

Lastly, Plaintiffs allege that they discovered various bank and closing statements in Previlus and Affiliates' document production that demonstrate Defendants' use of Plaintiffs' funds for the acquisition of certain assets. *Id.* at 6–7. For example, Plaintiffs rely on Res Investment's Space Coast Credit Union bank statements in an effort to trace use of their funds towards the down payment for the Port St. Lucie Property. *Id.* Further, Plaintiffs aver that Previlus and Affiliates' document production contained the closing statements for Res Investment's purchase and subsequent sale of the Port St. Lucie Property, reflecting a profit of $163,598.23. *Id.* It is unclear when this final category of evidence was produced.

Based on this "new evidence," Plaintiffs seek to amend the Complaint to (1) add a claim of conversion against Previlus and Affiliates; (2) add factual allegations to support the proposed new cause of action and the already-alleged claims; (3) make a number of "procedural" amendments. *Id.* at 8–9. These procedural amendments include: (1) removal of Defendants Luxury Properties, Inc. and Beach Properties Rental, Inc., following entry of a Clerk's Default against them; (2) removal of Defendant New Miami Realty, Corp. to reflect its settlement with Plaintiffs; (3) removal of "dismissed causes of action" against the Previlus Defendants (Counts I through III of the Complaint); and (4) removal of "real properties 1100 Biscayne Blvd, Unit 4401, Miami FL 33132, 888 Biscayne Blvd, Unit 4601, Miami FL 33132, and the Port St. Lucie Property from relief sought [under the equitable lien claim] as those properties have been sold and are no longer owned by Defendants." *Id.* at 9–10.

Plaintiffs argue there is good cause for their amendment as the discovery produced by Previlus and Affiliates after the amendment deadline "solidif[ies] Plaintiffs['] previous causes of action, and support[s] new causes of action against the already named Defendants . . . ." *Id.* at 11.  Plaintiffs claim Defendants will suffer no prejudice if the Motion is granted, although they do not expand on this assertion.[3] *Id.*

In opposition, Previlus and Affiliates state that Plaintiffs' proposed new cause of action against them "was unequivocally known to be potentially available to Plaintiffs as far back as four months prior to" the Motion being filed.  ECF No. [129] at 2.  Indeed, in January 2024, Chief Magistrate Judge Edwin G. Torres issued a report and recommendation advising Plaintiffs "that the allegations in the original Complaint could have supported a tortious conversion claim against Tenord and Previlus, if Plaintiffs were to allege that the purpose of diverting those monies was intended to deprive Plaintiffs of monies belonging to them."  *Id.* at 3; *see also* ECF Nos. [110] at 20; [113].  Yet Plaintiffs waited until nearly "three months before trial" to seek to add this new cause of action.  ECF No. [129] at 3.

Previlus and Affiliates argue that in doing so, Plaintiffs "rely on evidence that is duplicative of allegations made in earlier pleadings, and which would not be dispositive in supporting the cause of action in question in the first place."  *Id.*  Specifically, in a separate but related case, Plaintiff Patrick Muller filed an affidavit

---

[3] Pursuant to the Court's Paperless Order Memorializing Hearing at ECF No. [126], Plaintiffs were instructed that any motion for leave to amend the complaint should include "a detailed explanation as to whether the proposed amendment would impact any pending pretrial deadlines."  The Motion includes no such explanation.

5

on February 15, 2022 including many if not all of the allegations needed to assert a conversion claim against Previlus and Affiliates here. *Id.* at 3–4, 8–9. Additionally, through this other case, Plaintiffs received other discovery sufficient to allege the causes of action they now seek to add. *Id.* at 3–4. Indeed, at the Hearing, counsel for Previlus and Affiliates argued that when the instant case was filed, Plaintiffs already had some of the documents produced in Previlus and Affiliates' May 14 production[4] and/or sufficient information to identify what discovery requests and third-party subpoenas they should issue to fill any gaps.

As to Plaintiffs' allegations of untimely-produced documents, Previlus and Affiliates first state that "Plaintiffs waited until *three months after* the deadline to amend pleadings to even serve *any* discovery requests, and when Defendants made proper objections based on the overbreadth and argumentative nature of Plaintiffs' discovery requests, Plaintiffs made no efforts to deal with those objections." *Id.* at 7 (emphasis in original). With respect to the WhatsApp messages, which Plaintiffs say were not produced in native form until May 14, 2024, Previlus and Affiliates maintain that they willingly produced those messages in response to a separate and "informal" request for documents, rather than as a supplement to their original production. *Id.* at 5–6. Finally, with respect to the FDBPR report, Previlus and Affiliates suggest that Plaintiffs unduly delayed by waiting until February 7, 2024 to submit a public records request to the FDBPR. *Id.* at 7–8. In fact, on April 25, 2022, Patrick Muller

---

[4] This includes, for example, financial records from Wells Fargo Bank, obtained in a separate case through third party subpoenas, ECF No. [129] at 4.

himself submitted the FDBPR complaint that led to the investigation, meaning Plaintiffs had all the information they needed, with or without Previlus and Affiliates' document production, to request related records from FDBPR. *Id.* The same is true of the letter Plaintiffs rely on to show Previlus was on notice that neither he nor Zaibet had authority to use Plaintiffs' money as they did. Because Plaintiffs' prior counsel sent the letter, on Plaintiffs' behalf, Plaintiffs cannot claim they only learned this information from the document production in this case. *Id*. at 8.

Finally, Previlus and Affiliates argue that allowing Plaintiffs' proposed amendment would significantly prejudice them and would require reopening discovery regarding the new facts alleged. *Id*. at 9. This would necessarily impact the August 12, 2024 trial date established by the Court's Order Setting Trial. *Id*.; ECF No. [120].

## III.     LEGAL STANDARD

"[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998). A plaintiff seeking leave to amend after the deadline in a scheduling order must show "good cause" under Federal Rule of Civil Procedure 16(b). *See S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009). A district court's denial of a motion for leave to amend a complaint is reviewed for abuse of discretion. *Covenant Christian Ministries, Inc. v. City of Marietta, Ga.*, 654 F.3d 1231, 1239 (11th Cir. 2011).

7

**IV.     ANALYSIS**

Plaintiffs have not demonstrated good cause sufficient to justify their request to amend the Complaint eight months following the amendment deadline. "A lack of diligence in pursuing a claim is sufficient to show a lack of good cause," *Quinn v. Deutsche Bank Nat. Trust Co.*, 625 F. App'x 937, 940 (11th Cir. 2015), as "[d]iligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry." *Roberson v. BancorpSouth Bank, Inc.*, No. 12-0669, 2013 WL 4870839, at *2 (S.D. Ala. Sept. 12, 2013). "A plaintiff lacks diligence when, prior to the scheduling order deadline, he either (1) had full knowledge of the information with which he later sought to amend his complaint, or (2) failed to seek the information he needed to determine whether to amend the complaint." *Donley v. City of Morrow, Ga.*, 601 F. App'x 805, 811 (11th Cir. 2015).

Here, the "new evidence" underlying Plaintiffs' request to amend was either available to them prior to the amendment deadline, not diligently pursued by them before the deadline, or unnecessary to allege the cause of action they seek to add. The Court is not persuaded that Plaintiffs could not have, with reasonable diligence, obtained a copy of the FDBPR report, issued discovery and third-party subpoenas to various financial institutions, and incorporated the necessary allegations from the Muller Affidavit to state a conversion claim against Previlus and Affiliates, all prior to the amendment deadline. According to the Motion, the only category of discovery Previlus and Affiliates produced on May 14, 2024 is the WhatsApp messages in native format. ECF No. [127] at 6. Plaintiffs do not explain why they did not seek leave to

amend their Complaint shortly after receiving the FDBPR report on February 22, 2024, or following Previlus and Affiliates supplemental production on April 11, 2024, even though these items seem to make up the bulk of the new evidence identified in the Motion. *Id.* at 5–8. Thus, Plaintiffs have not shown diligence in pursuing their claims based on discovery they already had or could have reasonably acquired prior to the amendment deadline.

Even with respect to the WhatsApp messages produced May 14, 2024, the Court notes that Plaintiffs did not propound any discovery requests in this case until three months following the deadline to amend, displaying a considerable lack of diligence and foreclosing Plaintiffs' ability to modify their pleadings under a more forgiving standard. ECF No. [129] at 7. Thus, even if Previlus and Affiliates produced all documents within thirty days of Plaintiffs' discovery request, the amendment deadline would already have been long expired.

As to the significance of the WhatsApp messages, the sole piece of evidence Plaintiffs highlight from the May 14, 2024 production is an exchange showing that Defendant Previlus received a letter from Plaintiffs' prior counsel notifying Previlus that neither he nor Zaibet were authorized to use Plaintiffs' funds. ECF No. [127] at 8. But Plaintiffs did not need the WhatsApp production to allege that the letter put Defendant Previlus on notice. They have known of the letter since it was sent because their counsel at the time was the one who sent it. ECF No. [129] at 8. In other words, any amendment based on this information could have been timely made.

Finally, Plaintiffs' claim that their proposed amendment would not prejudice Defendants is equally unavailing. In the unlikely event that no prejudice would ensue from allowing Plaintiffs' to amend their Complaint as proposed so close to trial, Plaintiffs' failure to exercise reasonable diligence before the deadline precludes amendment of the Complaint at this stage. *See J.P.M. v. Palm Beach Cty. Sch. Bd.*, No. 10-80473-CIV, 2012 WL 13085329, at *2 (S.D. Fla. Mar. 5, 2012) ("[E]ven if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made."); *see also Rogers v. Hartford Life and Acc. Ins. Co.*, No. 12-0019, 2012 WL 2395194, at *1 n.3 (S.D. Ala. June 22, 2012) ("[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril . . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.") (alterations in original; internal quotation marks and citation omitted).

Thus, the Court is left with no basis to allow amendment of the Complaint at this juncture, whether for the purpose of adding new claims and factual allegations or making procedural corrections. For these reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion, ECF No. [127], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 31st day of July, 2024.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**