UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-cv-22276-JB

PATRICK MULLER and MOUNA BOUZID,

       Plaintiffs,

v.

ITEB ZAIBET and LOLITA C. REBULARD, *et al.*,

       Defendants.
_____/

### ORDER ON DEFENDANTS JOHNNY PREVILUS, YVETTE TENORD, AAA PLUS FINANCIAL GROUP INC., RES INVESTMENT INTER, INC., AND INFINITE RES INVESTMENT, LLC'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** came before the Court on Defendants, Johnny Previlus, Yvette Tenord, AAA Plus Financial Group Inc., Res Investment Inter, Inc., and Infinite Res Investment, LLC's (collectively, "Previlus and Affiliates") Motion for Summary Judgment (the "Motion"), ECF No. [132]. Plaintiffs, Patrick Muller and Mouna Bouzid, filed a response in opposition, and Previlus and Affiliates filed a reply. ECF Nos. [133], [136]. The Court held oral argument on the Motion on July 19, 2024 (the "Oral Argument"). Upon careful review of the Motion, the arguments of the parties, the relevant authorities, and for the reasons stated on the record at the Oral Argument, which are incorporated herein, the Court ruled that the Motion was **DENIED**.

1

I.   **FACTUAL BACKGROUND**

Plaintiffs filed the instant suit against Previlus and Affiliates for unjust enrichment. *See* ECF No. [1] at 17–18. The claim arises from allegations that Previlus and Affiliates aided Iteb Zaibet ("Zaibet") and Lolita C. Rebulard ("Rebulard") in misappropriating Plaintiffs' funds, which funds were sent to Zaibet and Rebulard for purposes of participating in a real estate investment opportunity that turned out to be a sham. *Id*. at 2. According to Plaintiffs, Previlus and Affiliates assisted by accepting Plaintiffs' money and using the funds, at the direction of Zaibet and Rebulard, to acquire various assets and pay extraneous debts. *Id*.

Plaintiffs allege that they conferred a benefit by transferring funds to Zaibet and Rebulard (ostensibly through Previlus and Affiliates' accounts) for purposes of what they thought was a real estate investment. *Id*. at 17–18. According to Plaintiffs, Previlus and Affiliates knowingly accepted that benefit by "distribut[ing] and us[ing] [Plaintiffs' funds] . . . for unlawful purposes to the detriment of Plaintiffs," including for Previlus and Affiliates' "personal use and exclusive benefit." *Id*. It would be inequitable, Plaintiffs say, to allow Previlus and Affiliates to retain the benefits conferred on them. *Id*. In response to Plaintiffs' Complaint, Previlus and Affiliates raised the affirmative defense of unclean hands. ECF Nos. [114] at 20; [115] at 20; [116] at 20; [117] at 20; [118] at 20.

II.   **THE INSTANT MOTION**

Previlus and Affiliates move for summary judgment on Plaintiffs' unjust enrichment claim, arguing it is barred by the doctrine of unclean hands. ECF No. [132] at 6. Specifically, Previlus and Affiliates assert that Plaintiffs' hands are

unclean because they intended to invest in Bitcoin as part of the transactions giving rise to case, an illegal investment under the laws Plaintiffs' home country, Tunisia. *Id.* at 7–8. According to the Motion, Plaintiffs engaged in multiple "interwoven transactions" with Zaibet and Rebulard, which "integrally included a scheme by which they intended to invest in Bitcoin." *Id.* at 6–7. This is purportedly evidenced by a separate case filed by Plaintiffs in Miami-Dade County Court (the "Dade County Case") against Zaibet, Rebulard, and other defendants (but not Previlus and Affiliates). *Id.* at 7. The complaint in that case references "different investment opportunities" presented by Zaibet and Rebulard that turned out to be fraudulent, including the real estate investment scheme at issue here, an investment in Bitcoin, and "an industrial project in the field of textiles." ECF No. [132-2] at 3, 5–7. Previlus and Affiliates emphasize that in this case, Plaintiffs have omitted reference to, and denied involvement in, the Bitcoin transaction, therefore taking positions inconsistent with their stated positions in past cases. ECF No. [132] at 7–8.

In response, Plaintiffs argue the Complaint in the Dade County Case upon which Previlus and Affiliates rely was unverified and does not constitute evidence for purposes of a motion for summary judgment. ECF No. [133] at 4. As to the merits of the Motion, Plaintiffs say Previlus and Affiliates have not met either element of the unclean hands defense because (1) the alleged wrongdoing involving Bitcoin is unrelated to the unjust enrichment claim pending here, and (2) Previlus and Affiliates were not injured as a result of such purported misconduct. *Id.* at 5–9.

3

Previlus and Affiliates reply by arguing that the omission of specific allegations involving Bitcoin in this case is not dispositive of the relationship between the Bitcoin transaction and the claims asserted here. ECF No. [136] at 2. Indeed, they maintain that the nexus between the Bitcoin transaction and real estate transaction "could not possibly be . . . closer" because both transactions arose from a "series of investments" between Plaintiffs and Zaibet and Rebulard. *Id.* at 2. Previlus and Affiliates add that they have, in fact, suffered harm from Plaintiffs' "[i]llegal [a]ctivities" because Plaintiffs have filed two separate suits against them, and "in defending such duplicative actions, Previlus and [Affiliates] . . . have been required to pay their reasonable costs and attorneys' fees for counsel in *both* sets of litigation against them." *Id.* at 3 (emphasis in original). This, "coupled with Plaintiffs' evolving theories as to the relevance of the Bitcoin investment as a part of these lawsuits," has injured Previlus and Affiliates. *Id.* Finally, Previlus and Affiliates reiterate that Plaintiffs are bound by their allegations in the Dade County Case and should not be permitted to take contradictory positions. *Id.* at 3–4. Previlus and Affiliates counter Plaintiffs' claim that these allegations were unverified, as Plaintiffs included them in an Amended Verified Complaint filed in the Dade County Case. *Id.* at 4.

### III.      LEGAL STANDARD

Summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact is one with "'a real basis in the record,'" such that "a reasonable jury could return a verdict for

the nonmoving party." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (quoting *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). To determine whether the movant satisfied this burden, courts view the movant's evidence and all factual inferences arising therefrom in the light most favorable to the non-movant. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001) (quoting *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999)). Once the movant carries its burden, the non-moving party must offer specific evidence showing a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## IV.     ANALYSIS

Previlus and Affiliates' Motion for Summary Judgment fails because there is a genuine dispute of material fact as to the defense of unclean hands.

> For a defendant to successfully avail itself of the doctrine of unclean hands, it must satisfy two requirements. First, the defendant must demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted. . . . Second, even if directly related, the plaintiff's wrongdoing does not bar relief unless the defendant can show that it was personally injured by her conduct.

*Calloway v. Partners Nat. Health Plans*, 986 F.2d 446, 450–51 (11th Cir. 1993) (internal citations omitted). Here, Previlus and Affiliates argue that "[t]here could not possibly be a closer nexus between the wrongful, illegal activity of Plaintiffs [involving Bitcoin] and the claims in this action" because the real estate transaction at issue here and the Bitcoin transaction described in the Dade County Case are two

5

parts of a series of interconnected investments between Plaintiffs and Zaibet and Rebulard. ECF No. [136] at 2. Plaintiffs, on the other hand, maintain that the two were "separate transaction[s]," and that the Bitcoin portion does not form the basis of their claim in this case. ECF No. [133] at 6. As to the second element, Previlus and Affiliates insist they were injured by Plaintiffs' alleged wrongdoing because they have had to defend against multiple related lawsuits filed by Plaintiffs and adapt to Plaintiffs' "evolving theories as to the relevance of the Bitcoin investment . . . ." ECF No. [136] at 3. By contrast, Plaintiffs argue Previlus and Affiliates were not injured by Plaintiffs' purportedly illegal conduct involving Bitcoin. ECF No. [133] at 8–9. Each party's stance has a real basis in the record. Indeed, a reasonable jury could find that the Bitcoin transaction is unrelated to the claims in this case, and that Previlus and Affiliates were not injured by Plaintiffs' allegedly unlawful activities, such that the unclean hands doctrine is unavailable.

The record before the Court thus reflects material facts in dispute regarding at least one of the required elements of the unclean hands defense. Therefore, Previlus and Affiliates have not shown they are entitled to judgment as a matter of law as set forth in the Motion. Accordingly, for the foregoing reasons, and those articulated on the record at the Oral Argument, Previlus and Affiliates' Motion for Summary Judgment is hereby **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 5th day of August, 2024.

_____
JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE