# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 23-cv-22276-JB

PATRICK MULLER, an individual, and
MOUNA BOUZID, an individual,

    Plaintiffs,

vs.

ITEB ZAIBET a/k/a "Swagg Man", an individual; LOLITA C. REBULARD, an individual; LUXURY PROPERTIES, INC., a Delaware corporation; BEACH PROPERTIES RENTAL, INC., a Delaware corporation; LUXURY PROPERTIES TRUST u/a/d March 2, 2018; AAA PLUS FINANCIAL GROUP, INC., a Florida corporation; YVETTE TENORD, an individual; JOHNNY PREVILUS, an individual; RES INVESTMENT INTER, INC., a Florida corporation; INFINITE RES INVESTMENT, LLC., a Nevada limited liability company; NEW MIAMI REALTY, CORP. a Florida Corporation; and GUZMAN305 TRUST, a Florida trust,

    Defendants.

_____/

### PLAINTIFFS PATRICK MULLER AND MOUNA BOUZID'S EMERGENCY MOTION TO USE DEPOSITION TRANSCRIPTS AT TRIAL, TAKE TRIAL DEPOSITIONS BEFORE TRIAL OR TESTIFY REMOTELY AT TRIAL

Plaintiffs Patrick Muller and Mouna Bouzid (together, the "Plaintiffs") move this Court for an Order (a) allowing the use of Plaintiffs' April 12, 2024 Depositions at Trial; (b) compelling trial depositions of Plaintiffs take place prior to Trial; or (c) allowing Plaintiffs to testify remotely at trial, and in support states:

1. This action is set for a two-day bench trial, to begin at 9:00AM on Monday August 19, 2024 (Dkt. 155).

2. Plaintiffs are Tunisian residents who were scheduled to arrive in Miami, Florida on Saturday August 17, 2024 to attend and testify at the Monday August 19, 2024 Trial.

3. Unfortunately, on the day of this filing, Wednesday August 14, 2024, Plaintiff Patrick Muller's Electronic System for Travel Authorization ("ESTA") authorization to enter into the United States was cancelled and Plaintiff Mouna Bouzid's ESTA application to enter into the United States was denied. A copy of Patrick Muller's authorization cancellation and Mouna Bouzid's application denial are attached hereto as Exhibits A and B, respectively.

4. Since Plaintiffs have been denied authorization to enter into the United States for the upcoming Trial by U.S. Customs and Border Protection, Plaintiffs are unavailable to testify in-person at Trial.

5. Given Plaintiffs unavailability to testify in-person at Trial, Counsel for Plaintiffs proposed the following to Counsel for Defendants by telephone and again via email in lieu of Plaintiffs' in-person testimony:

    a. The use of Plaintiffs' April 12, 2024 Deposition transcripts at Trial;[1]

    b. To take Plaintiffs' trial depositions via Zoom prior to Trial; or

    c. For Plaintiffs to testify remotely at Trial.

6. Counsel for Defendants opposed all three propositions. A copy of Counsels' email exchange is attached hereto as Exhibit C.

---

[1] While Plaintiffs acknowledge the deadline to designate deposition testimony to be used at trial has passed, at the time of the deadline, Plaintiffs were available for and intended to testify at trial in-person. It was not until the day of this filing, August 14, 2024, that Plaintiffs became unavailable for trial, due to circumstances outside of their control.

7. Plaintiffs file the instant emergency motion seeking an order: (a) allowing the use of Plaintiffs' April 12, 2024 Depositions at Trial;[2] (b) compelling trial depositions of Plaintiffs take place prior to Trial; or (c) allowing Plaintiffs to testify remotely at trial.

8. In the alternative to the relief requested in Paragraph 7, Plaintiffs request that the Trial be continued to a later date to allow for additional time for Plaintiffs trial depositions to be taken.

WHEREFORE, Plaintiffs Patrick Muller and Mouna Bouzid move this Court for an Order (a) allowing the use of Plaintiffs' April 12, 2024 Depositions at Trial; (b) compelling trial depositions of Plaintiffs take place prior to Trial; or (c) allowing Plaintiffs to testify remotely at trial. In the alternative, Plaintiffs move this Court for an Order continuing the August 19, 2024 Trial to a later date.

**EMERGENCY MOTION CERTIFICATE PURSUANT TO LOCAL RULE 7.1(d)(1)**

After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

**CERTIFICATE OF GOOD FAITH
CONFERENCE PURSUANT TO LOCAL RULE 7.1(a)(3)**

Plaintiffs' Counsel has conferred with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and those parties object to the relief sought by this Motion.

---

[2] If the Court's preference is for Plaintiffs' April 12, 2024 Deposition Transcripts to be used at Trial, Plaintiffs will provide Defendants with designated page and line numbers within two hours of the order being entered.

                          **TAYLOR, DAY, GRIMM & BOYD**

                          */s/ Kenneth A. Tomchin*
John D. Osgathorpe
Florida Bar No. 147620
Kenneth A. Tomchin
Florida Bar No. 0724955
Taylor R. McMahon
Florida Bar No. 1030874
50 North Laura Street, Suite 3500
Jacksonville, Florida 32202
Telephone:  904-356-0700
Facsimile: 904-356-3224
jdo@taylordaylaw.com
ktomchin@taylordaylaw.com
tmcmahon@taylordaylaw.com
amelton@taylordaylaw.com
lad@taylordaylaw.com
hmaxwell@taylordaylaw.com
*Attorneys for Plaintiffs Patrick Muller and Mouna Bouzid*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 14th day of August, 2024, I electronically filed the foregoing document with the United States District Court for the Southern District of Florida by using the CM/ECF system which will send notification of such filing to all counsel of record registered in the CM/ECF System.

                          */s/ Kenneth A. Tomchin*
                          Attorney