# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 23-cv-22276-JB

PATRICK MULLER, an individual, and
MOUNA BOUZID, an individual,

    Plaintiffs,

vs.

ITEB ZAIBET a/k/a "Swagg Man", an individual; LOLITA C. REBULARD, an individual; LUXURY PROPERTIES, INC., a Delaware corporation; BEACH PROPERTIES RENTAL, INC., a Delaware corporation; LUXURY PROPERTIES TRUST u/a/d March 2, 2018; AAA PLUS FINANCIAL GROUP, INC., a Florida corporation; YVETTE TENORD, an individual; JOHNNY PREVILUS, an individual; RES INVESTMENT INTER, INC., a Florida corporation; INFINITE RES INVESTMENT, LLC., a Nevada limited liability company; NEW MIAMI REALTY, CORP. a Florida Corporation; and GUZMAN305 TRUST, a Florida trust,

    Defendants.

_____/

## PLAINTIFF MOUNA BOUZID'S MOTION TO TESTIFY REMOTELY
## AT TRIAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 43(a)

Plaintiff Mouna Bouzid ("Ms. Bouzid"), pursuant to Rule 43(a) of the Federal Rules of Civil Procedures, moves this Court to allow her to testify remotely at trial and in support, states as follows:

1. This action was previously set for a two-day bench trial, to begin at 9:00AM on Monday, August 19, 2024 (Dkt. 155).

2. Patrick Muller and Mouna Bouzid (together, "Plaintiffs") are Tunisian residents who were scheduled to arrive in Miami, Florida on Saturday August 17, 2024 to attend and testify

at the Monday August 19, 2024 Trial. *See* Plaintiffs' Air France Flight Reservation, attached hereto as Exhibit 1.

3. In preparation for the August 19, 2024 Trial, Ms. Bouzid's Electronic System for Travel Authorization ("ESTA") application to enter into the United States was submitted on her behalf on August 13, 2024 by Hajar Tehhaf, Assistant to attorney Wassim Benzarti, Plaintiffs' personal counsel based in Morocco. *See* Declaration of Hajar Tehhaf, attached hereto as Exhibit 2.

4. Unfortunately, on August 13, 2024, Ms. Bouzid's ESTA application was denied. *See* Ms. Bouzid's Travel Denial, attached to the Declaration of Hajar Tehhaf as Exhibit A.

5. The next day, on August 14, 2024, Ms. Tehhaf re-submitted Ms. Bouzid's ESTA application, which was again denied the same day. *See* Declaration of Hajar Tehhaf.

6. Mrs. Bouzid is currently not authorized to enter into the United States. *Id.*

7. In connection with unrelated travel, Patrick Muller was previously authorized to enter into the United States, which authorization was to expire on November 29, 2024 (3 months after the August 19, 2024 Trial). *Id.*

8. However, on August 14, 2024, Mr. Muller's prior authorization reflected, for the first time, that Mr. Muller's authorization had been cancelled. *Id.*

9. Later that day, Mr. Muller's ESTA application was re-submitted and was subsequently approved. *Id*

10. Thus, Mr. Muller is currently authorized to enter into the United States.[1] *Id.*

---

[1] While Mr. Muller's ESTA Application has been re-approved for a two-year period, the first paragraph of the Authorization Approval provides that the travel authorization "does not guarantee admission to the United States; a Customs and Border Protection (CBP) officer at a port of entry will have the final determination." *Id.*

11. Since Mrs. Bouzid has now been denied authorization to enter into the United States twice by U.S. Customs and Border Protection, it is impossible for Mrs. Bouzid to testify in-person at trial.

## **ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 43(a), a court may permit remote testimony "[f]or good cause in compelling circumstances and with appropriate safeguards." The Advisory Committee Notes on the 1996 Amended to Rule 43 note that "good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." Further, "remote testimony cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." *Id.* The Federal Rules of Civil Procedure afford the Court with discretion in determining whether to permit remote testimony. *Casequin v. Cat 5 Contracting, Inc.*, 2:18-CV-588-JES-MRM, 2022 WL 1203207, at *1 (M.D. Fla. Apr. 22, 2022).

Courts applying Rule 43(a) have established several circumstances justifying remote testimony, including the inability to obtain a visa to enter the United States. *See Flores v. Alvarado*, 3:17-CV-514-RJC-DSC, 2018 WL 1697314, at *1–2 (W.D.N.C. Apr. 6, 2018) (granting Petitioner's request for testimony to be conducted remotely where Petitioner was located in El Salvador and unable to obtain a visa permitting entry into the United States reasoning good cause was shown); *El-Hadad v. United Arab Emirates*, 496 F.3d 658, 668–69 (D.C. Cir. 2007) (affirming district court's decision to allow Plaintiff's testimony from Egypt by video conference where Plaintiff had pursued and repeatedly been denied a visa to the United States); *Matovski v. Matovski*, 06 CIV. 4259 (PKC), 2007 WL 1575253, at *3 (S.D.N.Y. May 31, 2007) (holding the Petitioner's "inability to obtain a visa, his limited financial resources and his physical distance (22 hours by

air travel) to satisfy the standard of 'for good cause shown in compelling circumstances…'" in the context of an ICARA case); *Alcala v. Hernandez*, 4:14-CV-04176-RBH, 2015 WL 1893291, at *2 (D.S.C. Apr. 27, 2015) ("the Court finds Petitioner and Mr. Monterosas' inability to obtain a visa and their financial inability to travel satisfies the 'good cause in compelling circumstances' to permit their testimonies by Skype or telephone under Rule 43."). It naturally follows that when permitting witnesses to testify remotely from a foreign country, Courts are still able to swear those witnesses in and those witnesses' testimony is under oath. *See El-Hadad v. United Arab Emirates*, 496 F.3d 658, 668–69 (D.C. Cir. 2007) (rejecting argument that witnesses' remote testimony from Egypt was "effectively unsworn" reasoning "Rule 43 permits video testimony" and that the Sixth Amendment's Confrontation Clause does not apply the same in the civil context as it does in the criminal context).

The advisory committee's notes provide that the following appropriate safeguards can be put in place for remote testimony under Rule 43(a):

(1) Accurate identification of the witness;

(2) Protection against influence from persons present with the witness; and

(3) Accurate transmission.

The Advisory Committee Notes on the 1996 Amended to Rule 43. While there is minimal case law available on these appropriate safeguards, some examples of procedures used to satisfy Rule 43 include:

(a) Requiring that a notary identify the witness and swear that witness in remotely. *Mission Capital Works, Inc. v. SC Rests., Inc.*, No. C–07–1807, 2008 WL 5100313, at *1 n. 12 (W.D. Wash. Dec. 3, 2008);

(b) Ensuring that the witness is alone in the room and has been provided with the documentary evidence in advance. *Scott Timber, Inc. v. United States*, 93 Fed. Cl. 498, 501 (Fed. Cl. 2010);

(c) Requiring the movant to pay all costs associated with the remote testimony and requiring that it be tested with the Court's IT personnel prior to the trial which it is used. *Monserrate v. K. K. Mach. Co.*, No. 10–3732, 2013 WL 1412194, at *4 (E.D.N.Y. Apr.8, 2013); and

(d) Requiring the petitioner to be properly identified and testify from a private room, free of outside counsel, and requiring petitioner's counsel to troubleshoot his video-conferencing connection with the courthouse staff prior to this testimony. *Alcala,* at *3 (D.S.C. Apr. 27, 2015).

Here, this is not a case where it is simply inconvenient for Mrs. Bouzid to travel to the United States to attend trial. Instead, Mrs. Bouzid's ESTA application has been denied twice and Mrs. Bouzid is not authorized to enter into the United States, making it *impossible* for Mrs. Bouzid to attend trial, in-person, in Miami, Florida. *See Monserrate*, at *1 (E.D.N.Y. Apr. 8, 2013) (holding "Plaintiffs have shown that it is more than merely inconvenient for Monserrate to testify in open court" where Monserrate was unable to obtain a visa and instead "Monserrate's inability to lawfully enter the United States constitutes good cause in a compelling circumstance."). Mrs. Bouzid should be permitted to testify remotely as the appropriate safeguards will be put in place. Mrs. Bouzid will present from a private office for her testimony where she can be properly identified and testify without others in the room. Mrs. Bouzid is also willing to employ other appropriate safeguards required by the Court. Additionally, the undersigned counsel is prepared to work with the court to ensure that the logistics of the remote testimony do not distract from these proceedings.

## **CONCLUSION**

For the foregoing reasons, Mrs. Bouzid requests that the Court authorize her to testify remotely at trial in this matter.

**TAYLOR, DAY, GRIMM & BOYD**

*/s/Kenneth A. Tomchin*
John D. Osgathorpe
Florida Bar No. 147620
Kenneth A. Tomchin
Florida Bar No. 0724955
Taylor R. McMahon
Florida Bar No. 1030874
50 North Laura Street, Suite 3500
Jacksonville, Florida 32202
Telephone: 904-356-0700
Facsimile: 904-356-3224
jdo@taylordaylaw.com
ktomchin@taylordaylaw.com
tmcmahon@taylordaylaw.com
amelton@taylordaylaw.com
lad@taylordaylaw.com
hmaxwell@taylordaylaw.com
*Attorneys for Plaintiffs Patrick Muller and Mouna Bouzid*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 3rd day of September, 2024, I electronically filed the foregoing document with the United States District Court for the Southern District of Florida by using the CM/ECF system which will send notification of such filing to all counsel of record registered in the CM/ECF System.

*/s/ Kenneth A. Tomchin*
Attorney
