IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO: 23-cv-22276-JB**

PATRICK MULLER, an individual, and
MOUNA BOUZID, an individual,

    Plaintiffs,

vs.

ITEB ZAIBET a/k/a "Swagg Man", an individual; LOLITA C. REBULARD, an individual; LUXURY PROPERTIES, INC., a Delaware corporation; BEACH PROPERTIES RENTAL, INC., a Delaware corporation; LUXURY PROPERTIES TRUST u/a/d March 2, 2018; AAA PLUS FINANCIAL GROUP, INC., a Florida corporation; YVETTE TENORD, an individual; JOHNNY PREVILUS, an individual; RES INVESTMENT INTER, INC., a Florida corporation; INFINITE RES INVESTMENT, LLC., a Nevada limited liability company; NEW MIAMI REALTY, CORP. a Florida Corporation; and GUZMAN305 TRUST, a Florida trust,

    Defendants.
_____/

**PLAINTIFF MOUNA BOUZID'S REPLY TO DEFENDANTS' RESPONSE
IN OPPOSITION TO MOUNA BOUZID'S MOTION TO TESTIFY REMOTELY
AT TRIAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 43(a)**

Plaintiff Mouna Bouzid ("Ms. Bouzid"), files this Reply to Defendants', Johnny Previlus, Yvette Tenord, AAA Plus Financial Group, Inc., Res Investment Inter, Inc., and Infinite Res Investment, Response in Opposition to Ms. Bouzid's Motion to Testify at Trial Pursuant to Federal Rule of Civil Procedure 43(a) ("Defendants' Response") and states as follows:

1.     On September 4, 2024, Ms. Bouzid filed a Motion to Testify Remotely at Trial Pursuant to Federal Rule of Civil Procedure 43(a) ("Plaintiff's Motion to Testify Remotely") due

to Ms. Bouzid's inability to enter into the United States to attend trial in this action in person as a result of her Electronic System for Travel Authorization ("ESTA") being denied.

2. In preparation for the August 19, 2024 Trial, Ms. Bouzid's ESTA application to enter into the United States was submitted on August 13, 2024. *See* Plaintiff's Motion to Testify Remotely, ¶ 3.

3. That same day, on August 13, 2024, Ms. Bouzid's ESTA application was denied. *Id.* at 4.

4. Ms. Bouzid's ESTA application was re-submitted the following day, on August 14, 2024, and was again denied *that same day*. *Id.* at ¶ 5.

5. Defendants' Response argues that Plaintiff's Motion to Testify Remotely is deficient as it does not give "*any* explanation for Bouzid's delay in ensuring travel arrangements for trial…." *See* Defendants' Response, p. 4.

6. However, the timeline surrounding Ms. Bouzid's application submittals and denials show that Ms. Bouzid's ESTA application was submitted in sufficient time prior to the Trial.

7. Defendants are attempting to misdirect the Court by arguing that Ms. Bouzid should have submitted her ESTA application earlier.

8. Yet, Ms. Bouzid is not awaiting a determination on her ESTA application due to the timing of her application being submitted.

9. Instead, the evidence shows that each time Ms. Bouzid's ESTA application was submitted, Ms. Bouzid received a determination within 24 hours.

10. Even *if* Ms. Bouzid's ESTA application was submitted earlier, the fact would remain: Ms. Bouzid is not authorized to enter into the United States.

11. Thus, Mrs. Bouzid's ESTA application was submitted in sufficient time to receive a determination before Trial and Ms. Bouzid did in fact have sufficient time to (a) submit her application (b) receive a determination (c) re-submit her application and (d) receive a second determination six days in advance of Trial.

12. Additionally, Defendants' Response asserts that Plaintiff's Motion to Testify Remotely fails to "give any details as to why Bouzid is not permitted to enter the country."

13. U.S. Customs and Border Protection's does not and has not provided a reason for Mrs. Bouzid's denial.

14. Mrs. Bouzid's ESTA application was submitted the week before Trial because Mrs. Bouzid had no reason to believe her ESTA application would be denied.

15. Mrs. Bouzid's ESTA application denial, and thus her unavailability for in-person testimony, was not reasonably foreseeable.

16. Even one month after the denial of Mrs. Bouzid's ESTA application, Mrs. Bouzid is still not authorized to enter into the United States.

17. Mrs. Bouzid should be permitted to testify remotely at trial as it is impossible for Mrs. Bouzid to attend trial, in person, and such impossibility was not foreseeable.

WHEREFORE, Mrs. Bouzid requests the Court authorize her to testify remotely at trial in this matter.

                                **TAYLOR, DAY, GRIMM & BOYD**

                                */s/Kenneth A. Tomchin*
John D. Osgathorpe
Florida Bar No. 147620
Kenneth A. Tomchin
Florida Bar No. 0724955
Taylor R. McMahon
Florida Bar No. 1030874
50 North Laura Street, Suite 3500
Jacksonville, Florida 32202
Telephone: 904-356-0700
Facsimile: 904-356-3224
jdo@taylordaylaw.com
ktomchin@taylordaylaw.com
tmcmahon@taylordaylaw.com
amelton@taylordaylaw.com
lad@taylordaylaw.com
hmaxwell@taylordaylaw.com
*Attorneys for Plaintiffs Patrick Muller and Mouna Bouzid*

## **CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that on the 16th day of September, 2024, I electronically filed the foregoing document with the United States District Court for the Southern District of Florida by using the CM/ECF system which will send notification of such filing to all counsel of record registered in the CM/ECF System.

                                            */s/ Kenneth A. Tomchin*
                                            Attorney