UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

PATRICK MULLER, an individual, and MOUNA BOUZID, an individual,

    *Plaintiffs,*

v.

ITEB ZAIBET a/k/a "Swagg Man", an individual, LOLITA C. REBULARD, an individual, LUXURY PROPERTIES INC., a Delaware corporation, BEACH PROPERTIES RENTAL, INC., a Delaware corporation, LUXURY PROPERTIES TRUST u/a/d March 2, 2018, AAA PLUS FINANCIAL GROUP INC., a Florida corporation, YVETTE TENORD, an individual, JOHNNY PREVILUS, an individual, RES INVESTMENT INTER, INC., a Florida corporation, INFINITE RES INVESTMENT, LLC, a Nevada limited Liability company, NEW MIAMI REALTY, CORP., a Florida corporation, and GUZMAN305 TRUST, a Florida trust,

    *Defendants*.
_____/

CASE NO: 1:23-cv-22276-BB

## NOTICE OF ATTORNEY'S CHARGING LIEN

David H. Haft, Esq., and the law firm of Lewis Brisbois Bisgaard & Smith, LLP (collectively, the "Firm"), by and through undersigned counsel, hereby gives notice of the imposition of a charging lien against the fee, if any, received by Plaintiffs, PATRICK MULLER and MOUNA BOUZID (collectively, the "Plaintiffs"), and state as follows:

1.    The Firm agreed to represent the Plaintiffs on an hourly fee basis in connection with the above styled cause.

2.    As of the date of this notice, the Firm has incurred fees of $33,059.69 for legal services rendered to Plaintiffs, which sums remain unpaid to date.

3. As of the date of this notice, the Plaintiffs have refused to pay the Firm for the foregoing legal fees.

4. "The charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit." *Naftzger v. Elam*, 41 So. 3d 944, 946 (Fla. 2d DCA 2010) (internal quotation omitted).

5. "A summary proceeding in the original action represents the preferred method of enforcing an attorney's charging lien in Florida." *Santini v. Cleveland Clinic*, 65 So. 3d 22, 35 (Fla. 4th DCA 2011) (quotation omitted).

6. Therefore, "notice of the charging lien must be filed, or the lien pursued in the action before entry of a final judgment or dismissal of the case." *Naftzger*, 41 So. 3d at 946.

7. "So long as the notice of lien is filed before the case goes to final judgment or is dismissed, '[t]he lien is chargeable against any person who, at the time notice of intent to claim a lien s given, holds monies or property which become proceeds of a judgment to be entered in the future.'" *Gordon C. Brydger, P.A. v. Wolfe*, 847 So. 2d 1074, 1076 (Fla. 4th DCA). The undersigned agreed to represent the Plaintiff on an hourly fee basis in this action.

8. Finally, this notice is also intended to inform defense counsel of the charging lien. If an opposing party who has notice of a charging lien settles with the party charged with the lien and the party charged subsequently fails to pay, the lien may be enforceable against the opposing party as well. *See Gaebe, Murphy, Mullen & Antonelli v. Bradt*, 704 So. 2d 618, 619 (Fla. 4th DCA 1997).

**WHEREFORE**, the Firm provides notice to all parties and their counsel that they are imposing a charging lien against the fee, if any, received by the Plaintiffs for $33,059.69 or the

quantum meruit value of the Firm's services rendered and any additional or alternative relief the Court deems just and proper.

>Respectfully submitted,
>
>**LEWIS BRISBOIS BISGAARD & SMITH LLP**
>*Prior Counsel for Plaintiff*
>110 Southeast Sixth Street, Suite 2600
>Fort Lauderdale, Florida 33301
>Telephone: (954) 728-1280
>Facsimile: (954) 678-4090
>E-Service: ftlemaildesig@lewisbrisbois.com
>
>By: *s/David H. Haft*
>    David H. Haft, Esq.
>    Florida Bar No.: 68992
>    david.haft@lewisbrisbois.com
>    aviva.pasternak@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September, 2024, a true and correct copy of the foregoing was filed via the CM/ECF system, which will serve a true and correct copy of the same to all attorneys of record.

>*s/David H. Haft*
>David H. Haft